# UNITED STATES DISTRICT COURT of COLUMBIA

## CIVIL Division

Plaintiff

**LUKE EDWARDS,**

**ALABAMA – MISSISSIPPI FARM, INC., et.al**

**V.**

**STATE OF ALABAMA,**

**STATE OF MISSISSIPPI,**

**IRA DRAYTON PRUITT, et.al**

Luke Edwards

314 Edwards Drive

Eutaw, Alabama 35462

Phone: 205-609-8659

Case: 1:22–cv–00398 JURY DEMAND
Assigned To : Walton, Reggie B.
Assign. Date : 2/11/2022
Description: Pro Se Gen. Civ. (F-DECK)

### WHISTLEBLOWER PROTECTIONS ACT

### COMPLAINT FOR VIOLATION OF CIVIL RIGHTS 42 U.S.C. Section 1983 and

### Title 50 U.S.C. Section 3033(k)(5)(A)

This Civil Rights complaint is of **"urgent concern"**, because the complaint is inflammatory evidence of White Supremacy operating in the Judicial Branch of government. The Defendants are operating **"Under the Color of Law"**, in both Alabama, Mississippi, and other states. Former Gov. George Wallace's legal advisor is the mastermind of this (RICO) by "enabling" this "Continuing Criminal Enterprise" to succeed. They have conspired in concert, stealing hundreds of millions dollars from the Plaintiff's, and continue to do so. This is the blue print for systemic racism. The Congress should be advised, as the Defendants operate as if they are above the law.

**PRESIDENT JOE BIDEN –** "**Systemic racism is the greatest crises of our time** … it's time to root out systemic racism in this country. One of the core values and beliefs that should bring us together as Americans is standing against hate and racism, even as we acknowledge that systemic racism and **white supremacy are ugly poisons that have long plagued the United States." - 2021**

The following evidence exposes the system utilized under the protection of the judicial system that operates against the Plaintiff's. The invisible mechanics of Jim Crow, altered to operate parallel to the Constitution and Rules of criminal procedure. Therefore, Treason against the Constitution are right before your eyes. Systemic racism is **"turning a blind eye to this truth"**.



RECEIVED
Mail Room

FEB 11 2022

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

(1)

The Plaintiffs declare, this (RICO) is spearheaded by DEFENDANT, (Attorney IRA DRAYTON PRUITT, Jr.), hereinafter referred to as Defendant PRUITT. Defendant PRUITTS thirst to systematically take land from black farmers has been successful, because in his role there is no evidence connecting him to the crime. But the majority of the money goes to Defendant PRUITT, and his silent partner Defendant SPENCER.  Both law firms were established over 100 years ago, and they conspire between each other dividing the spoils between Alabama and Mississippi.

The investigation clearly reveals, their schemes first step target a black with something they want, and create a problem to get them into court.  The judge doesn't make a decision in favor of the Plaintiff or defendant, but Defendant PRUITT.    In most cases farmers cannot afford lawyers and court cost, so they lose their assets.    This (RICO) is so well connected, they work their scheme in concert between multi-jurisdictions, in all Court. In this case, the money goes through the Bankruptcy Trustees, and right back to Defendant PRUITT and Defendant SPENCER who represents WATKINS & EAGER.

**NOTE: (2021) -** The bankruptcy court sold a property for 1.3 million dollars, and offered the (3) judgment recipients $20, 000.00 each.   If they received $1.3 million dollars, why would they settle for $20 thousand each?   The Defendants two law firms are both over 100 years old, headed by Defendant PRUITT in Alabama, and   Defendant SPENCER, attorney in Mississippi.

The Plaintiffs can show, the Defendants are judges, lawyers, ((2) disbarred), trustees and ex-convicts. The black Defendants identified in this case are used to go into the black community to cause their target to come into court.  Making money for the lawyers, the court system, and the judges.  The Cabal is interwoven with the banking system, the legal system, and the waste management system.  This is the economic foundation of corruption in Alabama and Mississippi.

The Plaintiff declares, in the name of Justice, the Plaintiff requests immediate sanctions pursuant to **RULE 11**, on all the Defendants assets, and family assets that link to each Defendant. The Plaintiff's respectfully request a (independent) labyrinthine investigation to protect the Plaintiff's and witnesses.  As more will come forward.

The Plaintiff declares, **system**atic, **systemic**, and white supremacy are all the same system.  The titles identify the "type of execution" of the offences.   The planning and structure of this scheme can only be defined as a **"hate crime".**  This special relationship between Defendant PRUITT and SPENCER, allows them not to appear in the cases, but receive the vast majority of the money.  Therefore, utilizing power that makes those in oppose to their supreme authority to be removed, such as Defendant JOHNSON.  This is why this case is filed under an urgent concern.  Defendant JOHNSON opposed white domination, and soon thereafter died.

(2)

**PLAINTIFF(S)**

**LUKE EDWARD**

314 Edwards Drive,   Eutaw Alabama 35462

Sumter County


**ALABAMA – MISSISSIPPI FARM, INC.**

314 Edwards Drive, Eutaw Alabama  35462

Sumter County


**HERITAGE REAL ESTATE INVESTMENT, INC.**

**4607 8th St.**

**Meridian Mississippi,   39307-5827**


(See Attachments)

(3)

## DEFENDANTS

**State employees are being charged in person, and in their legal capacity**

**STATE OF ALABAMA**

600 DEXTER Avenue

Montgomery, Alabama, 36130

Telephone: (334)-242-7100

**STATE OF MISSISSIPPI**

SILLERS Building,  19th  Floor

Jackson,   Mississippi  39201

Telephone: (601) -359 -3150

**IRA DRAYTON PRUITT, Jr.  (Attorney)**

21470   U.S. Hwy.  11

Livingston, Alabama  35470

(205) 652-5301

**EDDIE HARDAWAY, Jr. (Judge)**

112 Hwy 28 W

Livingston, Alabama 35470

**MARGO BRYAN (Clerk)**

P.O. Box   1061

Livingston, Al  35470

(4)

**MICHAEL KING**

502 East Fisher Street,

Salisbury, NC  28144


**NEIL P. OLACK (Judge)**

US Courthouse 501 East Court Street, Suite,   #2

Jackson, Mississippi  39201

(205) 652-9627


**JAMIE A.  WILSON (Judge)**

US Court House 501 east Court street, Suite #2

Jackson, Mississippi 39201

(601) 608-4600


**JIM F. SPENCER, Jr.  MSB #7736 (Attorney)**

Watkins & Eager PLLC

Post Office Box 650

Jackson, Mississippi  39201

601-965-1900

Email:


**L. SCOTT COOGER   (Judge)**

U.S. Courthouse and Federal Building

2005 University Boulevard

 Tuscaloosa, Alabama 34501

(5)

**EILEEN N. SHAFFER,   (Trustee):  MSB # 1687**

P.O. BOX 1177

JACKSON, MISS.  39215-1177

601- 969 – 3006

ESHAFFER@ESHAFFER-LAW.COM


**STEPHEN SMITH   (Trustee)**

1052 Highland Colony Pkwy, Suite 100

Ridgeland, MS  39157

(601) 605-0722

trustee@hrkcpa.com


**ROBERT E. HAUBERG, JR. (Attorney)**

MS Bar   #8958

P.O. 14167

JACKSON, MISSISSIPPI,   39211


**Represented by Attorney:**

WILLIAM HARRISON

124 Knollwood   Blvd.

Montgomery Alabama, 36117


 **BRUCE JOHNSON**

439 West North Side Drive

Apt 105

Jackson, M 39206-4620

(6)

## Basis for Jurisdiction

The Plaintiff is filing this complaint under **Title 42 U.S.C. Section 1983**, **BIVENS v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).** The Territorial Jurisdiction **664, Article I., Clause 17 Section 8 of the Constitution**. This is a "Continuing Criminal Enterprise", operating under the Color of Law throughout numerous states and jurisdictions. The Defendants have conspired in concert, and are presently depriving the Plaintiff(s) of life, liberty, and land on the same basis as white citizen's, in violation of our Constitutional Rights.

## Statement of Claim

The Plaintiffs are victims of fraud, embezzlement, theft, and a host of other violations of my Constitutional Rights. Three of the Defendants have previously been convicted of Fraud, Embezzlement, and two of them disbarred attorneys. These DEFENDANTS initially conspired in concert to steal land from the Plaintiff. After several failed attempts in Alabama, Mississippi, and South Carolina, DEFENDANT PRUITT recruited DEFENDANT HARDAWAY. They conspired in concert to by-pass pre-trial, and grant (3) convicted DEFENDANTS, $6.599, 648.00 million dollar judgment against the Plaintiff. Later, increasing the judgment to over $12 twelve million dollars.

The Plaintiffs can show, a letter addressed to Defendant Pruitt from Defendant King set up the fraud scheme, and the content reveals the co-DEFENDANTS are "anxious".  They seek to create either a Plaintiff, or Defendant.  The judges take over from there.  When jurisdiction is challenged, they dismiss the case.  Violation of the Plaintiffs First Amendment Rights to have access to an un-bias court has caused the Plaintiff's to lose hundreds of millions of dollars.

The letter from Defendant KING to Defendant PRUITT clearly explains that a conversation was conducted prior to the letter being drafted.  The agreement was to create either a "plaintiff's or defendants".  **(Exhibit A)**

The Plaintiffs contends, there was never an agreement, therefore, there can be no disagreement. Confirming why there is NO evidence.  Defendant HARDAWAY took on a leadership role when making his decision to grant judgment in favor of (3) three ex-con Defendants "**ore tenus**".  **(Exhibit B)**

The list of people who have been entangled with Defendants PRUITT, HARDAWAY and SPENCER are listed in the following.  There are several Affidavits on top of the list that reflect Defendant HARDAWAY and Defendant PRUITT have committed this scheme before, qualifying this as a continuing criminal enterprise, and (RICO).  **(Exhibit C)**

(7)

The Plaintiff has lost millions of dollars in land, businesses, livestock, and other assets. Hundreds of millions of dollars in loss of income. This force of evil deteriorates our mental and physical health due to an extended period of stress, and thus pain.

The DEFENDANTS "Continuing Criminal Enterprise", **consisting of what they "did not do".** There must be "**prima facie**" evidence somewhere that warrants a $12 million dollar judgment. Our claim is, if Due-Process of Law was executed, there never would have been a court case, just like there is nothing on the court dockets related to anything.

### PLAINTIFF(S)

My name is Luke Edwards. I was born January 6, 1926 and I am presiding Bishop of Apostolic Association and pastor of our local church here in Eutaw, Alabama. In my over 95 years in southern Alabama and Mississippi, I have seen lynching on court house steps, all the way up to this modern day lynching inside the court. I am filing this complaint for and on behalf of our present congregation, community and all the other scared people who have been victimized by this judicial web of evil. It was Birmingham that blows up black church in 1963, now they are taking them by extrajudicial methods.

The Plaintiff's over the past nearly sixty years, we have worked together, pooling our resources to acquire farm land, farm equipment and cattle. The row crops and cattle have become the foundation of our livelihood and the communities. Using this example we teach each generation to be self-sufficient. Because of our success, we were attacked by the defendants. We owned free and clear over 4,000 acres of land, and estimated over 9,000 head of cattle. I only have a fourth grade education, but God called me to do His work at a young age and I have endeavored to stay within the will of God. I don't claim to know the law, but I do know right from wrong. What is happening to me and hundreds of others over the decades is wrong, and it has to stop now!

Our ministry reaches millions of Christians and many other religious group nation-wide black and white. We have always been on the righteous side of the law, even while we are being attacked by the enemy of God. Today, we call on the Spirit of David, the spirit of Truth, Justice!

We have built our own community. Owning property in both Mississippi and Alabama, we are one of the largest black owned farmers in southern Alabama and growing until we were attacked by the Defendants. We have always been a target of this Cabal since we purchased the "Holy Land". They envy and hate the fact that a black church has prospered.

We come to this Court of Honor to enforce the laws guaranteed by the United States Constitution as our civil rights, human rights, and constitutional rights have been and are

continuing to be violated.  Due to this fact, the Plaintiff(s) have suffered Hundreds of millions of dollars in damages and injury, and continues to do so.

(8)

## DEFENDANTS

**Defendant HARRISON** came to Plaintiffs church homeless.  At the time we didn't know he had just been convicted of embezzlement. See...

**United States District Court for the Western District of Louisiana**   USDC  No. 01-CU-1164

William Harris was "convicted of embezzlement of $307, 711.50."  **(Exhibit D)**

Defendant HARRISON stole private information from the church.  He fraudulently duplicate the stolen information and switched content. He created a fraudulent company, and manufactured a fraudulent company QUIT CLAIMS Deeds.   On April 5th, 2006, Defendant Harrison attempted to execute the sale of property owned by the Plaintiff to his co-defendants. **(Exhibit D1)**

On June 6th, 2006, the fraudulent "QUIT CLAIMS" deed to the state of Mississippi Chancery Court and it was dismissed on its face with prejudice.   **(Exhibit D2)**

Defendant HARRISON conspired in concert with co-Defendants on August 23rd, 2007 registered the similar company with the Secretary of State in Jackson Mississippi,    P. O. Box 136, Jackson Mississippi, 39205-0136. **(Exhibit D3)**

1) Defendant HARRISON manufactured fraudulent documents;
2) Defendant HARRISON  executed fraudulent documents using a company seal;
3) Defendant HARRISON used the seal of a government agency in commission of a felony;
4) Defendant HARRISON conspired in concert to defraud, embezzle and steal property;
5) Defendant HARRISON received stolen, laundered money from sale of the property;
6) Defendant HARRISON has participated in a continuing criminal enterprise, (RICO) and **sanctions** should apply to secure the stolen assets pursuant to **RULE 11.**
7) Defendant HARRISON received stolen assets in violation of law to assist in this *conspiracy*.

Defendant HARRISON was the first Defendant that we met.  We treated him as family unaware of his sinister intentions.  His ability to steal documents from the church was unexpected and unknown to us, and has stolen our property.

**DEFENDANT JOHNSON** was our attorney between 1990 and 1992. He moved away, and returned in 2004.  We were not aware that he had been disbarred for committing Fraud, Embezzlement, and theft of funds. See... **(Exhibit E)**

**MISSISSIPPI STATE BAR  v.  BRUCE L. JOHNSON        95-B-798**

On December 8, 1995, Defendant JOHNSON was disbarred and convicted of the following:

(9)

**Violation of Rule 8.4 (a, c, & d)** "which provides that it is professional misconduct for a lawyer to violate or attempt to violate the rules of professional misconduct, engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation, or engage in conduct that is prejudicial to the administration of justice."

Defendant JOHNSON was revealed in this conspiracy with the intent to defraud the Plaintiff in concert with Defendant HARRISON and KING. On August 23, 2007, Defendant JOHNSON fraudulently signed his name as manager on a Notarized legal document on December 1, 2005. Defendant JOHNSON illegally registered the company ALABAMA-MISSISSIPPI FARMS, LLC, in Jackson Mississippi.

It was revealed on June 16th, 2006, over a year before the company was registered by Defendant JOHNSON. The (RICO) has already created the Quit Claim Deed in the name revealed ALABAMA-MISSISSIPPI, FARMS LLC. **(Exhibit D2)**

The third event occurred when it was revealed that on April 5th, 2011, the Circuit Court of Newton Mississippi dismissed the case with prejudice. Case: No. 10-CV-230

Defendant JOHNSON premeditatedly filed a fraudulent application for judgment against the Plaintiff with no evidence. The scene of the crime was staged in The Circuit Court of Greene County, Alabama. Case # CV-2010-32   **(Exhibit F)**

The DEFENDANT JOHNSON should be **sanctioned** immediately to secure the assets stolen from the Plaintiff in this case pursuant to **RULE 11.**

**DEFENDANT KING** came to our church convention, and decided to stay.  We assisted him to move to Eutaw, Alabama, as he brought his wife and five children.  We had no idea he was a disbarred lawyer.  Violation of **RULE 8.4(a, c, & d)**

Evidence reveals Defendant King misrepresented himself as "in-house counsel" and sent a letter to Defendant PRUITT making reference to "Plaintiffs or Defendants".  This letter reveals some premeditated illegal intentions for Defendant KING to bring "Plaintiff's or Defendants" to Defendant PRUITT.  Our name was mentioned as a target of this (RICO).

It appears that the conversation made reference to in the letter the day before assured Defendant KING that the clients would be taken care of either Plaintiffs or Defendants.  Being disbarred, and claiming to be in-house counsel, is also fraud. **(EXHIBIT G)**

Defendant KING co-conspired with coconspirators to defraud the Plaintiff out of their land. **RULE 11,** Sanctions should be applied immediately to secure the assets stolen in this case.

(10)

**DEFENDANT  HARDAWAY**

### Violation of Civil Rights Began

Defendant HARDAWAY was coerced to participate in the conspiracy by Defendant PRUITT. Defendants HARDAWAY and Defendant PRUITT are friends and neighbors, and have a long history.  After several failed attempts to steal land from the Plaintiff's, Defendant PRUITT recruited Defendant HARDAWAY to move the (RICO)'s scheme forward. Defendant HARDAWAY became a leader when he knowingly signed a $6,599,648.00 million dollar judgment in violation of the Plaintiffs First Amendment, and 14th Amendment Rights.

The facts which support a cause of action are apparent or should be apparent to a person with reasonable prudent regard for his rights. **Mullinax v.  McElhenney**, 817 F. 2d 711 (11th Cir. 1987) **Ashcroft v. Randel,** 391 F. Supp. 2d 1214, 1219 (N.D. Ga. 2005)  Story Noting: That the Federal Discovery Rule governing the accrual of a federal civil rights action provides that "a claim occurs when the injured party knew or should have known both, (1) that he has suffered the injury that forms the basis of this complaint and (2) who inflicted that injury".  Defendant HARDAWAY inflicted the injury.

Defendant HARDAWAY stated on the record, that the (3) felony Defendants KING, Defendant JOHNSON and HARRISON "were credible, and offered testimony to the court **ore tenus**".

There was a scheduled pre-trial hearing, but after Defendant HARDAWAY received a visit from Defendant PRUITT, the clerk never called the case in open court.  The Plaintiffs attorney and other witnesses were there, as the record reflects, there are no transcripts.  Violation of the Plaintiff's First Amendment Rights, Access to the Court.  **(Exhibit H)**

Defendant HARDAWAY violated his oath to office to intentionally commit fraud.

Defendant HARDAWAY knowingly conspired with coconspirators to provide safe passage.

Defendant HARDAWAY Aid and Abet Defendant PRUITT in a violation of Due Process of law.

Defendant HARDAWAY knowingly and premeditatedly created a fraudulent Order.

Defendant HARDAWAY conspired in concert forming a continuing criminal enterprise, Under the Color of Law.

The jurisdiction to file a lawsuit was never established.  In fact, the previous court this (RICO) approached dismissed it immediately with prejudice.  Therefore, this was a pre-meditated scheme to commit FRAUD UPON THE COURT and economically cripple the Plaintiff.

In the interest of Justice, pursuant to **Rule 11**, the Defendants HARDAWAY assets should be **sanctioned** until this matter is concluded.

(11)

**Defendant PRUITT**

Defendant PRUITT's nefarious approach to the African American community in Southern Alabama is an extension of the sinister ideologies of White Supremacy revealed by the late Governor George Wallace.   Secretly enforcing Jim Crow law to move forward a sinister agenda obviously using Defendant HARDAWAY, Defendant KING, Defendant HARRISON and Defendant JOHNSON.   The Plaintiff contends, considering the Defendants connections to the Banking system, immediate sanctions should apply pursuant to **RULE 11** on his personal, business, and family.

**Defendant PRUITT Resume:**

Chairman:  Regions Bank in Sumter County;

President of Gulf Coast Energy

Owner of Toxic Waste management facility,

American Bar Association,

Tennessee Bar Association,

Alabama Bar Association,

The Plaintiff can show, Defendant PRUITT uses black people as a buffer to attack other people. Defendant PRUITT is the only person in this (RICO) who can reach into the District Court in both Alabama and Mississippi.

Defendant PRUITT also worked for the Plaintiffs in the past. Defendant PRUITT tried to take land from the Plaintiff through taxes, and for a $600,000.00 discount. The Plaintiff knew that this lawyer was out to take advantage of the Plaintiff and severed tied. **(EXHIBIT I)**

Defendant PRUITT lied to the Alabama Bar Association when he stated, he did not represent the (3) Defendants. Defendant PRUITT and Defendant SPENCER are the only two Defendants who can increase a $6.559 million dollar judgment to over $12 million dollars with no judicial proceedings.   Defendants PRUITT and SPENCER can be the ring leader.

Defendant PRUITT is a second generation lawyer who has mastered the legal systems by utilization of a "power" fraudulent commission to steal property. His power has never been challenged, and he should be sanctioned immediately, charged in person, and is a legal representative of the state of Alabama.  And prosecuted to the fullest extent of the law.

(12)

**Defendant COOGER** is the Chief Judge of the Alabama District Court, Birmingham and provided comfort to the (RICO) by denying the Plaintiff EDWARDS to have an evidentiary hearing as required by Due-Process of Law.  The Plaintiff was received by resistance and hostility by the clerk when filing the **Whistle Blower Complaint** with the district court. The Plaintiff was made to wait in the lobby for two hours and told… "you cannot file a Whistle Blower Report". Defendant COOGER denied the Plaintiff his First Amendment Rights, Due-Process of Law, Aiding & Abetting a continuing criminal Enterprise, thus volunteering to participate in a (RICO) operating "Under the Color of Law".  Therefore, Defendant COOGER should be charged for his role as an insured agent of the court, as well as operating in extra judicial activity in an "uninsured criminal arena." Sanction should apply pursuant to **RULE 11. (Exhibit J)**

**DEFENDANT SMITH** is the Trustee for the Bankruptcy Court.  His role as a middleman is to disburse the funds from the Plaintiff, to Defendant SPENCER and Defendant PRUITT. Defendant Smith should be charged with money laundering, Aiding and abetting, (RICO), conspiring in concert. The Trustee and Defendant OLACK conspired in concert to commit Fraud to increase the judgment, and thus, should be charged in his insured capacity of a Trustee, and uninsured operative in a (RICO).  It was under his Trustee advisory that a $6,599 million dollar judgment was secretly increased to over $12 million.   Defendant SMITH should be sanctioned for his role as distributor of stolen assets to the Defendant PRUITT, pursuant to **RULE 11.  (EXHIBIT K)**

**DEFENDANT SHAFFER** is instrumental for servicing the (RICO) as attorney, Trustee, and whatever else she can do to assist in suppression and expediting the sale of land to liquidate, for the Defendants PRUITT and SPENCER.  Defendant SHAFFER is guilty of Aiding and Abetting. As of January 11, 2022, Defendant SHAFFER is trying to sell the property as fast as she can. Although her role is a follower, she should be held responsible for filing fraudulent documents to the court, while conspiring to suppress and conceal the Whistle Blower Report.  Therefore, Defendant SHAFFER should be sanctioned as pursuant to **RULE 11.**

**DEFENDANT OLACK** was instrumental in the (RICO) by Aid and Abetting the (RICO) suppress and conceal a "Whistle Blowers Complaint", in violation of the Plaintiffs First Amendment Rights, and Due Process of Law. His role was extended to increasing the judgment to over $12 million dollars.  Defendant OLACK terrorized the (95 year old) Plaintiff EDWARDS, ordering Plaintiff EDWARDS to travel to court in a different state at the height of the pandemic.

(13)

Defendant OLACK should be charged in his insured capacity as a judicial officer, and in person for conspiring with a (RICO), operating "Under the Color of Law."

Defendant OLACK increased the judgment to over $12 million dollars on behalf of the (RICO). Defendant OLACK grants funds to his co-conspirator's to further the (RICO) scheme.  Immediate sanctions should apply as Defendant OLACK increased the judgment by over $7 million dollars.

DEFENDANT OLACK granted thousands of dollars to Defendant SPENCER from WATKINS & EAGER in concert with Defendant SMITH.  Defendant OLACK should be sanctioned as required under **RULE 11. (EXHIBIT L)**


**DEFENDANT WILSON** joined the (RICO) and Defendant WILSON immediately threatens the Plaintiff during the pandemic on October 20, 2021.  Her delivery began… "YOU ARE HEREBY ORDERED TO APPEAR in person on November 15, 2021… to show cause why sanctions or other relief should not be imposed against you".  This was the exact same scare tactic that didn't work with Defendant OLACK.  Defendant WILSON was issued a Motion of Recusal for her threats and should be financially sanctioned in her capacity of a Judge, and in her person for extra-judicial activities.

Considering this fact, she should be charged with Aiding and Abetting, conspiring with the Trustee, terroristic threats, in furtherance of a continuing criminal enterprise operating "Under the Color of Law".  She was aware of the Whistle Blower Complaint, and the Rule 60 (d) (3), thus also committed fraud upon the Court.  Her only motive was to terrorize the Plaintiff into not exposing the (RICO) in the Whistle Blower Report.  Defendant WILSON should be charged in her insured capacity of judicial officer of the court, and in her person for extra-judicial activity for moving forward a continuing criminal enterprise.  Financial sanction should also apply for her role in the (RICO) pursuant to **RULE 11. (Exhibit M)**


**DEFENDANT SPENCER** is the partner in crime with Defendant PRUITT.  His law firm has been published in the past as "PRUITT & WATKINS".  Defendant SPENCER is guilty of receiving and laundering stolen funds on a continuing bases for and on behalf of the (RICO). Therefore, Defendant SPENCER should be sanctioned financially as well as WATKINS & EAGER, PLLC, for his willing participation in this (RICO) pursuant to **RULE 11.  (See Exhibit N)**

(14)

**DEFENDANT HAUBERG, JR.**, represented the Plaintiff's stating that they would file a (RICO) complaint and requested $20,000.00, twenty thousand dollars to retain.  Once it was found that Defendant PRUITT is behind the scheme, they never filed the complaint, and disappeared. And did not file the law suit.  After this exposure, local lawyers will not take the case.

**DEFENDANT KING** (daughter of Defendant Michael KING) was the notary from South Carolina who notarized the fraudulent QUIT CLAIMS deed that the Defendant HARRISON manufactured on June 16th, 2006.  Her role as co-conspirator qualifies her as being in the conspiracy beginning in 2006 with Defendant HARRISON.

**DEFENDANT STATE OF ALABAMA** is one of the frontiers for racial hatred towards black citizens. With a long list of movies and documentaries, history reveals, the state of ALABAMA is obviously a racist state, and their judicial position on this subject matter is the core reason white supremacy has survived this long.  The State of Alabama has Aid and Abet this (RICO) for over 100 years lynching, oppression, murder black people, taking land, and in violation of the Constitution. The State of Alabama should be held accountable for the continuing efforts demonstrated by their state employees.  The Defendant STATE of ALABAMA has conspired in concert with the Defendant STATE of MISSISSIPPI to provide cover for state employees in this (RICO).

**DEFENDANT STATE OF MISSISSIPPI** is one of the frontiers for racial hatred towards black citizens.  With a long list of movies and documentaries, history reveals, the State of MISSISSIPPI is a blatant racist state, and their position on this subject matter is the core reason white supremacy has survived this long.  The STATE of MISSISSIPPI has Aid and Abet this (RICO) for over 100 years of lynching, oppression, murdering black people, taking land, and abuse the Constitution and should be held accountable for the actions demonstrated by state employees. The Defendant STATE OF MISSISSIPPI has conspired in concert with the DEFENDANT STATE of ALABAMA to provide cover for state employees in this (RICO).

The Defendants STATE of ALABAMA, and the Defendant State of MISSISSIPPI should be prosecuted by the full measure of law prescribed to curb racial discrimination and the state employees that participated in this (RICO).  Defendant, State of ALABAMA and State of MISSISSIPPI should also be held responsible for harboring a (RICO) in violation of law, committing Treason against the United States Constitution.

(15)

## INJURIES

**The initial act against the Plaintiffs was the fraudulent judgment.  Everything else after the judgment is an extension of this initial fraudulent act.  Therefore, nothing in the content of this judgment is with merit, and by law should be immediately overturned.**

The continuing injuries suffered by the Plaintiff(s) today is as follows.  To date, the Plaintiff has lost:

| | Assets | Value of the assets | X 12   years loss |
|---|---|---|---|
| 1) | (3) motels | $3 million in total annual revenue; | $36,000,000.00 |
| | Land value | $3 million dollars collectively; | $  3,000,000.00 |
| 2) | Truck Stop | $1,820,000 dollars annum; | $64,000,000.00 |
| | Land Value | | $   500,000.00 |
| 3) | Cuba Shop | $550,000 dollars annum; | $16,000,000.00 |
| | Land Value | | $   500,000.00 |
| 4) | Pizza Kitchen | $60,000.00 dollars annum; | $ 2,160,000.00 |
| | Land Value | | $   500,000.00 |
| 5) | South Fork Deli | $60,000.00 dollars annum; | $ 2,160,000.00 |
| | Land Value | | $   500,000.00 |
| 6) | 325 Acres of land | $2 million dollars annum; | $ 24,000.000.00 |
| | Land Value | | $     675,000.00 |
| 7) | 562  Acres | $1.3 million per year annum;; | $ 10,300,000.00 |
| | Land | | Value $  1,686,000.00 |
| 8) | 190      Acres | $700,000.00   per   annum $   8,400,000.00 | |
| | Land Value | | $     570,000.00 |
| 9) | 160 acres of land | $60,000.00 per annum; | $     720,000.00 |

(16)

| | |
|---|---|
| 10) STATE OF ALABAMA | $5,000,000,000.00 |
| 11) STATE OF MISSISSIPPI | $5,000,000,000.00 |
| 12) ATTORNEY THEFT of FUNDS | $       20,000.00 |
| 13) LEGAL FEES | $      250,00.00 |

The land value and the gross income has been calculated based upon the price that the Plaintiff's lost based upon gross products lost between 2010 and today.  The amounts have been multiplied by 12, to cover our injuries which physically began in 2010 although evidence reveals the conspiracy began as far back as 2005.

The punitive damages have been calculated based upon the standard times (3) value of total damages.

The punitive damages should be calculated at a onetime penalty against the STATE of ALABAMA and MISSISSIPPI for their uncivilized position, and sponsor of racial hatred towards black citizens. President Joseph Biden truly intends to stop systematic, systemic, and hate crimes in ALABAMA and MISSISSIPPI.   This is not a political platform, but a civil rights platform.

The Plaintiff claims mental and physical injuries have mounted due to the attacks, and extended business opportunities have been thwarted due the continual pressures of defending ourselves.

The Plaintiff has paid over 250,000 in legal fees, and continues to do so for consultation.

(17)

## RELIEF

The Plaintiffs want all the land stolen back, and compensation for loss of income continuing up until this day.  Therefore, if it were not for extrajudicial activities and fraud, the Plaintiffs would have continued to thrive and successfully grow and acquire more farm land, cattle, other live stock, and row crops.  The evidence clearly reveals that the STATE OF ALABAMA and the STATE OF MISSISSIPPI have conspired in concert for over 100 years to oppress and eliminate anyone in opposition to this staff of white supremacy, and should be held accountable, rewarding the Plaintiff's the aforementioned penalty, plus any other judgments that will come forward after it is realized that this United States Constitution and Federal Rules of Criminal procedure will not be compromised.

If the United States of America is truly a great nation to all of its citizen's, enforce the Federal Laws of Civil and Criminal procedures in the face of the nations, and the nation will heal itself.

1) The Plaintiffs pray for relief from this Honorable Court to call an evidentiary hearing to first and foremost prove jurisdiction of the Defendants to file a law suit.
2) The Plaintiff prays for relief of financial sanctions against the Defendants to prevent them from hiding the funds and assets, and using stolen funds in their legal defense.
3) The Plaintiff prays for relief by issuing sanctions on all properties, and properties sold by the Defendants, as the buyers are guilty of receiving stolen property.
4) The Plaintiff seeks financial relief from loss income for twelve years:
5) The Plaintiff's prays for a labyrinthine investigation;
6) The Plaintiff's prays for financial relief in the total sum of lost income.
7) The Plaintiff's pray for punitive damages against each defendant:
8) The Plaintiff's pray for security against retribution from the Defendants;
9) The Plaintiff's would like to testify and provide evidence before a jury of our peers.

In conclusion, the Plaintiff prays that the United States District Attorney, or The United States Attorney's office represent this case.  Witnesses are willing to come forward if they are protected.  The Plaintiffs are actually living here in southern Alabama, and knows the evil first hand.  To eradicate this nefarious evil at the root, will shake up the tree.  In that, many citizens of the United States can live free from this form of attack.  Thus, live in a society where all humanity can live in peace and free from tyranny, creating economic stability for everyone.

Respectfully submitted on this _____ day of January.

By: _____        _____

LUKE   EDWARDS                                              Notary

(18)

**(Attachment)**

**AFFIDAVITS**

Booker Grantham, 301 Edwards Drive, Eutaw, Alabama, 35462   Sumter County

Fannie Grantham, 301 Edwards Drive, Eutaw Alabama, 35462 – Sumter County

Martin Walker, 303 Edwards Drive Eutaw,   Alabama , 35462 – Sumter County – martinl225511@gmail.com

Sherry Walker, 303 Edwards Drive,   Eutaw, Alabama  35462 – Sumter County – sherrywalker2211@yahoo.com

Mea Jackson, 310 Edwards Drive, Eutaw, Alabama 35462 – Sumter County

Clifton Dawson  305 Edwards Drive, Eutaw, Alabama 35462 – Sumter County –

Everett Dawson  305 Edwards, Drive, Eutaw, Alabama  35462 – Sumter County

Leo Sheffield, Sr.  307 Edwards Drive, Eutaw, Alabama  35462 – Sumter County -

Dorethea Sheffield 307 Edwards Drive, Eutaw Alabama 35462 – Sumter County

Leo Sheffield, Jr. 307 Edwards Drive, Eutaw Alabama 35462 – Sumter County

Martin Crawford 309 Edwards Drive, Eutaw, Alabama  35462 – Sumter County-

Barry Walker 313 Edwards Drive, Eutaw Alabama 35462 – Sumter County-

Sandra Walker 313 Edwards Drive, Eutaw Alabama, 35462 – Sumter County –

Barry Walker, Jr. 313 Edwards Drive, Eutaw, Alabama, 35462 – Sumter County-

Syd Lee Walker 315 Edwards Drive, Eutaw, Alabama 35462 – Sumter County-

Linda Wilson 315 Edwards Drive, Eutaw, Alabama 35462- Sumter County-

Paulett Carson 315 Edwards Drive, Eutaw, Alabama 35462 – Sumter County

Dian Wilborn 317 Edwards Drive, Eutaw, Alabama 35462 – Sumter County –

(19)

Shirley Collins 317 Edwards Drive, Eutaw Alabama 35462 – Sumter County –

Kenneth Walker 319 Edwards, Drive, Eutaw Alabama 35462 – Sumter County –

Dian Walker 319 Edwards Drive, Eutaw, Alabama  35462 – Sumter County-

Kaitlyn Walker 319 Edwards Drive, Eutaw Alabama, 35462 – Sumter County –

Terry Foy 321 Edwards Drive, Eutaw Alabama, 35462

Edward Griffin 321 Edwards Drive, Eutaw Alabama  35462 – Sumter County –

Mildred Davis 302 Edwards Drive, Eutaw Alabama 35462 – Sumter County –

Patricia Hoggart  304 Edwards Drive, Eutaw Alabama  35462 – Sumter County

Aola Carlisle 310 Edwards Drive, Eutaw Alabama  35462 – Sumter County-

Sandra Williams 310 Edwards Drive, Eutaw Alabama 35462 – Sumter County-

Michell Mobly 310 Edwards Drive, Eutaw, Alabama 35462 – Sumter County –

Ethel Jackson  310 Edwards Drive, Eutaw, Alabama 35462 – Sumter County –

Alanzo Wilborn 312 Edwrds Drive, Eutaw Alabama 35462 – Sumter County –

Luvenia Edwards 314 Edwards Drive, Eutaw Alabama 35462 – Sumter County-

Stephanie Jackson 316 Edwards Drive, Eutaw Alabama 35462 – Sumter County-

Melvin Korner 318 Edwards Drive, Eutaw Alabama 35462 – Sumter County –

Tony Bethea 322 Edwards Drive, Eutaw Alabama 35462 –

Konstance Bethea 322 Edwards Drive, Eutaw Alabama 35462 –

Earl Darden  33500 Hwy  17 North  Emelle Alabama  35459 Sumter County-

Betty Darden  33500 Hwy 17 North  Emelle Alabama  35459

Geraldine Wilson  401 Boligee street  35462  Greene, County –Sumter Alabama

Dorthy Palmer  1103 Kornegay Drive, Meridan, Mississippi  39307 - Lauderdale County

## Contact Information

Bishop Luke Edwards, Phone number (205-609-8659)

(21)

# Certificate of Service

Attorney General Karl Racine
400 6th Street NW
Washington DC 20001
2027273400

US District Court
333 Constitution Ave NW
Washington DC 20001

Department of Justice
Asst. Attorney General Kristen Clarke
950 Pennsylvania Avenue
Washington DC  20530-0001
202-514-3847

Kristen Clarke
Lawyers Committee for Civil Rights
1500 k street  N.W.  Suite 900
Washington DC,  20005
202-662-8600

—————————————+—————————————

**STATE OF ALABAMA**
600 DEXTER Avenue
Montgomery, Alabama, 36130
Telephone: (334)-242-7100

**STATE OF MISSISSIPPI**
SILLERS state office Building,
550 high street 19th Floor
Jackson, Mississippi  39201
Telephone: (601) -359 -3150

**IRA DRAYTON PRUITT, Jr.  (Attorney)**
21470   U.S. Hwy.  11
Livingston, Alabama   35470
(205) 652-5301

**EDDIE HARDAWAY, Jr. (Judge)**
112 Hwy 28 W
Livingston, Alabama 35470

**MARGO BRYAN (Clerk)**
P.O. Box   1061
Livingston, Al  35470

**MICHAEL KING**
502 East Fisher Street,
Salisbury, NC  28144

**NEIL P. OLACK (Judge)**
US Courthouse 501 East Court Street, Suite,  #2
Jackson, Mississippi  39201
(205) 652-9627

**JAMIE A. WILSON (Judge)**
US Court House 501 east Court street, Suite #2
Jackson, Mississippi 39201
(601) 608-4600

**JIM F. SPENCER, Jr.  MSB #7736 (Attorney)**
Watkins & Eager PLLC
Post Office Box 650
Jackson, Mississippi  39201
601-965-1900
Email: jspencer@watkineager.com

**L. SCOTT COOGER (Judge)**
U.S. Courthouse and Federal Building
2005 University Boulevard
Tuscaloosa, Alabama 34501

**EILEEN N. SHAFFER**, **(Trustee):  MSB # 1687**
P.O. BOX 1177
JACKSON, MISS.  39215-1177
601- 969 – 3006
ESHAFFER@ESHAFFER-LAW.COM

**STEPHEN SMITH   (Trustee)**
1052 Highland Colony Pkwy, Suite 100
Ridgeland, MS  39157
(601) 605-0722
trustee@hrkcpa.com

**ROBERT E. HAUBERG, JR. (Attorney)**
MS Bar  #8958
P.O. 14167
JACKSON, MISSISSIPPI,   39211

**Represented by Attorney:**
WILLIAM HARRISON
124 Knollwood   Blvd.
Montgomery Alabama, 36117


**BRUCE JOHNSON**
439 West North Side Drive
Apt 105
Jackson, M 39206-4620





2013-10-07 11:45          REACH          >>

# KING & STOCKTON, PLLC

### Attorneys at Law

**MICHAEL LEE KING**          704.514.2176          **D. LaFOREST STOCKTON**

### IN-HOUSE COUNSEL MEMORANDUM

October 13, 2004

To: Mr. Drayton Pruitt, Esquire
     Outside Counsel For the Apostolic Corporations Group

From: Mr. Michael Lee King, Esquire
      In-House Counsel For the Apostolic Corporations Group

Re: Initial Greetings

Dear Mr. Pruitt:

Greetings! It was a pleasure conversing with you on today. As I informed you I am in-house counsel for the group of corporations that involves the Heritage Mart and other properties. As in-house counsel I will advise my clients in-house on various matters coming before the Boards. Those matters that must be prosecuted and/or defended before government agencies or the State and Federal Courts, we will farm all of those matters out to outside attorneys, such as yourself. Once these matters are assigned to outside counsel, then I will remain in touch with outside counsel to assist with whatever information will be required to defend or prosecute the matter at hand.

With this understanding, please be advised that I am available to you, should you need, or have trouble acquiring information. There are several cases that you and I discussed this morning that does concern me, such as the David Cleveland case; the Botched Real Estate closing where the Attorney failed to disclose a serious conflict of interest problem; the Charles Tripp case; and the Tuscaloosa Scales case.

When we talked, you said that you thought the Tuscaloosa Scales case had been settled by Rose Walker. I have checked on that matter and it appears that the case that was settled was the Tuscaloosa Sign case, but the Tuscaloosa Scales case remains open. Please check your file on this matter.

Please be advised that I have been in touch with additional Alabama counsel regarding these matters and if you should find that your case load is too much at this time to move these cases along expeditiously, then we will assign some of the work to other counsel. Please let me know, because we are anxious to complete all of these matters quickly. Also, please fax to my office a copy of all correspondence involving my clients or their corporations, regardless of the nature or content of the correspondence. This will in turn expedite the process.

Thank you

Sincerely,

MICHAEL LEE KING
ATTORNEY AT LAW

RECEIVED
Mail Room

FEB 11 2022

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

Cc: Apostolic Corporations Group

*Physical Address: 202 North Long Street, East Spencer, NC 28039*

Exhibit B

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA — IN OPEN COURT

FILED
AUG 2 5 2011
ETTA B. EDWARDS
Circuit and District Court Clerk
Greene County, Alabama

BRUCE L. JOHNSON, MICHAEL     )(
L. KING, and WILLIAM HARRISON, )(
(PRO SE)                       )(
                               )(
        PLAINTIFFS,            )(
                               )(
V.                             )(          CASE NO.:CV-2010-32
                               )(
LUKE EDWARDS, ALABAMA          )(
MISSISSIPPI FARM, INC., HERITAGE )(
REAL ESTATE INVESTMENT,        )(
CORPORATION, and APOSTOLIC     )(
ADVANCEMENT ASSOCIATION,       )(
                               )(
        DEFENDANT.             )(

### DEFAULT JUDGMENT

On this day came the Plaintiffs and show unto the Court that on July 11, 2011 they filed Applications, together with Affidavits for Default Judgment with the Circuit Court of Greene County, Alabama. On July 12, 2011 the Applications and Affidavits were e-filed with the Circuit Court. Plaintiffs avers that more than 30 days have elapsed and none of the Defendants have responded and on this day came the Plaintiffs and offered testimony *ore tenus* and the Court having considered the relevant, competent, and material evidence, the Affidavits and the Applications for Clerk's Default Judgment is of the opinion that a Judgment for the Plaintiffs and against each of the Defendants should be entered.

It is Therefore Considered, Ordered, Adjudged and Decreed by the Court that the Plaintiffs have and recover of the Defendants the sum of $6,599,648.00, interest and their cost of court for which let execution issue.

STATE OF ALABAMA
COUNTY OF GREENE   I, the undersigned Etta B. Edwards
Clerk of the Circuit - District Court and done in Greene, Alabama on this the 25th day of August 2011.
hereby certify that the above and foregoing is a true and correct
copy of the original document on file in my office.

_____                          _____
Clerk                                            Circuit Court Judge
_____
Deputy Clerk

Exhibit C

There was no Trustee.  Willis McGee, my brother, was the Executor of the Will.

I believe Hardaway and Pruitt were working together.  Our lawyers out of Birmingham said that they had never seen such in all their careers.

I do not think it was my Mama's Will.  Signature was never verified by a Forensic Specialist.  One of Willis' friends  wrote the Will.

Prior to my Mama's death, she would give Willis, my brother, pieces of old family land. She would always divide it 50/50.  She had given us approximately 900 acres in Sumter County 50/50.  She came to me and asked me to agree to sale the acreage because my brother was trying to save his marriage and needed the money to build a house.  Mama encouraged me even though I did not want to sale.  At that point, she told me not to worry that I would be getting my share of the other land when she died.

My Mama was an alcoholic but in her later years she lived on pain pills and sleeping pills.  She did not go to the doctor often but Willis would not let us take her.  He wanted to be the one in control of her medical appointments.  At one time she got medication through Cecil Durrett @ Eutaw Drug.  She did not go to the doctor often to get prescriptions.  For years she would say she didn't have to because Willis would get whatever she wanted from Cecil Durrett.  Willis would brag that he didn't have to go to the doctor because he'd just call Cecil and get what he wanted.  We discussed with Willis about how Mama appeared to be confused and over medicated.  He would say she's fine.  He did things behind her back frequently.  He helped her with selling timber every year.  Bids were always taken to get the most out of the timber until Willis decided that Chip Beeker, another one his friends, would be the only one that would cut the timber.  My Mama needed a new roof.  She said she didn't have any money.  I told her a lot of timber had been cut.  She said NO!  After checking they were cutting timber and giving her a small amount and then Chip Beeker would put the other money in accounts for Willis.  We purchased some of her groceries but Willis wanted to go buy her large purchases.  He would use her credit card to buy the groceries for his family.

Willis would not answer his phone during her last weeks.  My Mama would say she couldn't find him.  At that time, Alston, Willis' teenage son, lived with him. He said his dad would see it was her and would not answer.  Alston shared with

us his dad and our Mama had an argument and she had told him if he didn't straighten up, he would be sorry.

When my Mama passed away Willis acted like he didn't know what was in the Will. Willis and I went to the bank to look in the Safe Deposit box to find Mama's Will. The bank records showed Willis was the only one that had been going in the Safe Deposit box. When he opened the box and I was amazed at how close to the top it was. I remember reading the Will over Willis' shoulder. I could not believe what I read. Over the next month or so I discussed the Will with Willis and it was obvious that he had no intentions of doing what Mama had done our whole life, every thing was split 50/50. Any property and other things of value were always divided equally.

My Mama was a strong Southern lady. I believe if for some reason she was going to write me out of the Will, even though she always said it would be divided like everything else had been, she would have left my share to Kristen. Kristen, my daughter, was her first and only granddaughter. She loved her dearly. There is NO way she would have left her out.  The Will was written by one of Willis' friends. It said in the Will that I was still married to my first wife and we had been divorced for years. The Will was not notarized. One of Willis' friends was listed as the witness but he testified he did not see her sign it. The Will that was presented was not my Mama's style. She did not do things in the style the Will presented was written. It was not her manner. She didn't beat around the bush. Paid attention to every detail. She crossed every T and dotted every I.

When we finally made it to court the first major issue was how evidence would be allowed.  We originally had five areas that we wanted to introduce evidence. This was litigated for most of the day and Hardaway said he would render a decision. It was over 100 days before Hardaway made his decision.  Hardaway ruled in our favor and all of our evidence was in.

Later in the litigation process another hearing was held over basically the same counts.  It was a short hearing and within a few hours Hardaway decided only 2 counts of evidence would be allowed.  To the best of my knowledge no new evidence was presented.  What changed to cause such a reversal?

The actual trial lasted a week. We got to the end with nothing left but closing arguments and jury decision.  All of a sudden Willis' team started making all kinds of motions.  The Jury was sent out and the trial was over.  I was not allowed a trial where a Jury of my peers were allowed to make a running.

It seems odd to me that Hardaway said we didn't meet our burden of proof.  He first said we had enough evidence in 5/5 counts after more than 100 days and then with no new evidence change it to 2/5 with a couple of hours.

Thank you!
John (Jack) & Jan M<sup>c</sup>Gee

SumterAL - 2019 - BASIC PARCEL SUMMARY - 115 Records                                                                    Print · Back · Map

| Row | Info | Parcel | Name | STR | Parcel Add | Owner Add | Dist | Land | Imp | TI-N |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | 60 02 05 21 0 | PRUITT, OTIS & C/O REED LAND, LLC | --- | -- 3699 | INDUSTRIAL PKWY | 1 | $75,500 | $5,500 | |
| 2 | | 60 02 05 21 0 | PRUITT, KENNETH R. | --- | --1000 | GREENDALE DRIVE | 1 | $0 | $8,200 | |
| 3 | | 60 02 07 26 0 | PRUITT, DEWEY A. PRUITT, ROBBIE M. | | 4611 | WOODLAND FOREST DR | 1 | $13,200 | $0 | |
| 4 | | 60 02 07 36 0 | PRUITT, LISA | --- | --- | 5065 SALEM RD | 35 | $10,000 | $52,000 | |
| 5 | | 60 02 08 28 0 | STANSEL BEN HEIR PROPERTY C/O OCIE | | | 7004 S HOYNE AVE | 1 | $51,100 | $0 | |
| 6 | | 60 05 01 12 0 | PRUITT, DAISY ET AL ESTATE OF DEWEY LITTLE | --- | --- | P. O. BOX 91 | 1 | $36,000 | $0 | |
| 7 | | 60 05 01 12 0 | PRUITT, DEWEY A. PRUITT, ROBBIE M. | 01--19 | 4611 WOODLAND FORREST DRIVE | | 1 | $20,800 | $0 | |
| 8 | | 60 05 01 12 0 | PRUITT, JOHN GREG | | 6540 COURT K | | 1 | $26,000 | $165,600 | |
| 9 | | 60 05 01 12 0 | PRUITT, DAISY | 3285 CLAUDE JACKSON RD. | PO BOX 91 | | 1 | $26,300 | $18,400 | |
| 10 | | 60 05 01 12 0 | PRUITT, DAISY ET AL ESTATE OF DEWEY LITTLE | --- | --- | P. O. BOX 91 | 1 | $14,000 | $0 | |
| 11 | | 60 05 01 12 0 | PRUITT, DAISY | --- | --- | P. O. BOX 91 | 1 | $11,700 | $16,100 | |
| 12 | | 60 08 01 11 2 | PRUITT, AARON & BERTHA L. TRUS | --- | 222 Chestnut S | P. O BOX 86 | 6 | $5,000 | $111,600 | |
| 13 | | 60 08 01 11 2 | PRUITT, AARON & BERTHA L. TRUS | | | P.O BOX 86 | 6 | $9,600 | $0 | |
| 14 | | 60 17 03 06 0 | PRUITT, IRA D., IV | | --- | 575 SUMTER | 74 | $10,000 | $0 | |
| 15 | | 60 18 01 11 0 | PRUITT, IRA D. JR ET UX PRUITT, ZINA N. | | 21470 US 11 N | PO BOX 1037 | 1 | $91,000 | $383,200 | |
| 16 | | 60 18 01 11 0 | PRUITT, IRA D. JR ET UX PRUITT, ZINA N. | | --- | PO BOX 1037 | 1 | $40,000 | $0 | |

| 19 | 60 18 01 11 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA N. | — | — | 21462 US HWY 11 | 1 | $27,000 | $0 | |
| 20 | 60 18 02 10 0 | PRUITT, IRA D. JR ET UX PRUITT, ZINA N. | — | — | PO BOX 1037 | 1 | $22,000 | $0 | |
| 21 | 60 18 02 10 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA N. | — | — | 21462 US HWY 11 | 1 | $2,500 | $0 | |
| 22 | 60 18 02 10 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA N. | — | — | 21462 US HWY 11 | 1 | $5,000 | $16,200 | |
| 23 | 60 18 02 10 0 | PRUITT, IRA D. JR ET UX PRUITT, ZINA N. | — | — | PO BOX 1037 | 2 | $27,500 | $0 | |
| 24 | 60 18 02 10 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA N. | — | — | PO BOX 1037 | 1 | $26,100 | $0 | |
| 25 | 60 18 03 08 0 | PRUITT, LYNN R. | | — | P. O. BOX 11 | 2 | $268,900 | $0 | |
| 26 | 60 18 04 17 0 | PRUITT, I. DRAYTON JR. PRUITT, ZINA N. | — | — | PO BOX 1037 | 2 | $59,700 | $0 | |
| 27 | 60 18 04 20 0 | SPRUIELL, CLEMIT WAYNE | — | — | 100 DARRYL ST | 2 | $13,000 | $173,700 | |
| 28 | 60 18 05 15 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA N. | — | — | 21462 US HWY 11 | 1 | $98,200 | $0 | |
| 29 | 60 18 05 15 0 | PRUITT, IRA D. IV | | — | 575 SUMTER 74 | 1 | $173,000 | $0 | |
| 30 | 60 18 05 15 0 | PRUITT, MURRAY MILLA | 1440 N WASHINGTON ST | POST OFFICE BOX 127 | 1 | $217,000 | $248,900 | |
| 31 | 60 18 05 16 0 | PRUITT, I. DRAYTON JR. PRUITT, ZINA N. | — | — | PO BOX 1037 | 2 | $28,000 | $0 | |
| 32 | 60 18 05 16 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA N. | — | — | 21462 US HWY 11, | 2 | $15,300 | $0 | |
| 33 | 80 18 05 16 0 | PRUITT, I. DRAYTON JR. PRUITT, ZINA N. | — | — | PO BOX 1037 | 2 | $50,000 | $0 | |
| 34 | 60 18 05 16 0 | PRUITT, I. DRAYTON JR. PRUITT, ZINA N. | — | — | PO BOX 1037 | 2 | $38,500 | $0 | |
| 35 | 60 18 05 16 0 | PRUITT, I. DRAYTON JR. ET UX PRUITT, ZIN | — | — | POST OFFICE BOX 1037 | 2 | $2,300 | $0 | |

| 35 | 60 18 05 16 0 | PRUITT, I. DRAYTON JR. ET UX PRUITT, ZIN | --- | POST | OFFICE BOX | 037 | 2 | $2,300 | $0 |
| 36 | 60 18 05 16 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA N. | --- | --- | P O BOX 1037 | | 2 | $2,060 | $0 |
| 37 | 60 18 05 16 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA N. | --- | --- | P O BOX 1037 | | 2 | $2,080 | $0 |
| 38 | 60 18 05 16 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA N. | --- | --- | P O BOX 1037 | | 2 | $4,110 | $0 |
| 39 | 60 18 05 16 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA N. | --- | --- | P O BOX 1037 | | 2 | $1,970 | $0 |
| 40 | 60 18 05 16 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA N. | --- | --- | P O BOX 1037 | | 2 | $1,800 | $0 |
| 41 | 60 18 05 16 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA N. | --- | --- | P O BOX 1037 | | 2 | $1,210 | $0 |
| 42 | 60 18 05 16 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA N. | --- | --- | P O BOX 1037 | | 2 | $910 | $0 |
| 43 | 60 18 05 16 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA N. | --- | --- | P O BOX 1037 | | 2 | $990 | $0 |
| 44 | 60 18 05 16 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA N. | --- | --- | P O BOX 1037 | | 2 | $1,600 | $0 |
| 45 | 60 18 05 16 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA N. | --- | --- | P O BOX 1037 | | 2 | $1,730 | $0 |
| 46 | 60 18 05 16 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA N. | --- | --- | P O BOX 1037 | | 2 | $1,730 | $0 |
| 47 | 60 18 05 16 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA N. | --- | --- | P O BOX 1037 | | 2 | $1,650 | $0 |
| 48 | 60 18 05 16 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA N. | --- | --- | P O BOX 1037 | | 2 | $1,230 | $0 |
| 49 | 60 18 05 16 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA N. | --- | --- | P O BOX 1037 | | 2 | $1,500 | $0 |
| 50 | 60 18 05 16 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA N. | --- | --- | P O BOX 1037 | | 2 | $1,680 | $0 |
| 51 | 60 18 05 16 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA N. | --- | --- | P O BOX 1037 | | 2 | $1,680 | $0 |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 51 | | 60 18 05 16 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA N. | --- | --- | P O BOX 1037 | 2 | $1,680 | $0 |
| 52 | | 60 18 05 16 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA N. | --- | --- | P O BOX 1037 | 2 | $1,680 | $0 |
| 53 | | 60 18 05 16 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA N. | --- | --- | P O BOX 1037 | 2 | $1,740 | $0 |
| 54 | | 60 18 05 22 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA N. | --- | --- | 21462 US HWY 11, | 1 | $114,000 | $0 |
| 55 | | 60 18 05 22 1 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA N. | --- | --- | 21462 US HWY 11 | 2 | $125,000 | $1,600 |
| 56 | | 60 18 05 22 1 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA N. | --- | --- | 21462 US HWY 11 | 2 | $33,200 | $0 |
| 57 | | 60 18 05 22 1 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA N. | --- | --- | 21462 US HWY 11 | 2 | $130,000 | $0 |
| 58 | | 60 18 05 22 3 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA N. | --- | --- | 21462 US HWY 11 | 1 | $42,660 | $0 |
| 59 | | 60 18 05 22 4 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA N. | --- | --- | 21462 US HWY 11 | 2 | $61,500 | $0 |
| 60 | | 60 18 06 13 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA N. | --- | --- | 21462 US HWY 11 | 1 | $4,750 | $0 |
| 61 | | 60 18 06 13 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA N. | --- | --- | 21462 US HWY 11 | 1 | $9,520 | $0 |
| 62 | | 60 18 06 13 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA N. | --- | --- | 21462 US HWY 11 | 1 | $3,720 | $0 |
| 63 | | 60 18 06 14 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA N. | --- | --- | 21462 US HWY 11 | 1 | $83,300 | $0 |
| 64 | | 60 18 06 14 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA N. | --- | --- | 21462 US HWY 11 | 1 | $139,000 | $0 |
| 65 | | 60 18 06 14 0 | PRUITT, IRA D. JR. ET UX PAUL MD, MARLO | --- | --- | 21462 US HWY 11 | 1 | $32,000 | $0 |
| 66 | | 60 18 06 14 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA N. | --- | --- | 21462 US HWY 11 | 1 | $26,250 | $0 |
| 67 | | 60 18 06 14 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA N. | --- | --- | 21462 US HWY 11 | 1 | $103,000 | $0 |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 67 | | 60 18 06 14 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA N. | --- | --- | 21462 US HWY 11 | 1 | $103,000 | $0 |
| 68 | | 60 18 06 14 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA N. | --- | --- | 21462 US HWY 11 | 1 | $113,000 | $0 |
| 69 | | 60 18 06 14 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA N. | --- | --- | 21462 US HWY 11 | 1 | $51,700 | $0 |
| 70 | | 60 18 06 23 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA N. | --- | --- | 21462 US HWY 11 | 1 | $117,500 | $1,200 |
| 71 | | 60 18 06 23 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA N. | --- | --- | 21462 US HWY 11 | 1 | $140,000 | $0 |
| 72 | | 60 18 06 23 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA N. | 02--21 | --- | PO BOX 1037 | --- | $0 | $0 |
| 73 | | 60 18 06 23 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA N. | --- | --- | 21462 US HWY 11 | 1 | $2,000 | $0 |
| 74 | | 60 18 07 25 0 | PRUITT, IRA D. ET UX PRUITT, ZINA N. | --- | --- | PO BOX 1037 | 1 | $40,800 | $0 |
| 75 | | 60 18 07 26 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA N. | --- | --- | PO BOX 1037 | 1 | $313,000 | $0 |
| 76 | | 60 18 08 27 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA N. | --- | --- | PO BOX 1037 | 1 | $22,700 | $4,700 |
| 77 | | 60 18 08 33 1 | PRUITT, IRA D. JR ET UX PRUITT, ZINA N. | --- | ---POST OFFICE BOX 1037 | | 2 | $16,360 | $96,400 |
| 78 | | 60 18 08 33 1 | PRUITT, IRA D. JR ET UX PRUITT, ZINA N. | --- | ---POST OFFICE BOX 1037 | | 2 | $10,080 | $83,100 |
| 79 | | 60 18 08 34 1 | PRUITT, LYNN R. | | 1116 NORTH STREE D. BOX 11 | | 2 | $19,500 | $207,700 |
| 80 | | 60 18 08 34 1 | PRUITT, LYNN R. | --- | --- | P. O. BOX 11 | 2 | $15,400 | $0 |
| 81 | | 60 18 08 34 4 | PRUITT, LYNN R. | --- | --- | P. O. BOX 11 | 2 | $36,400 | $0 |
| 82 | | 60 19 01 02 0 | PRUITT, IRA D. IV ET UX PRUITT, KITTY CAM | --- | --- | 575 SUMTER 74 | 1 | $82,900 | $0 |
| 83 | | 60 19 01 02 0 | PRUITT, IRA D. ET UX PRUITT, KITTY CAMP | --- | --- | 575 SUMTER 74 | 1 | $122,600 | $139,200 |

| 85 | 60 19 02 03 0 | PRUITT, IRA D. IV ET UX PRUITT, KITTY CA| --- | --- | 575 SUMTER | 74 | 1 | $138,400 | $0 | $ |
| 86 | 60 19 02 03 0 | PRUITT, I. DRAYTON IV | --- | --- | 575 SUMTER | 74 | 1 | $30,000 | $0 | |
| 87 | 60 19 02 10 0 | PRUITT, IRA D. IV ET UX PRUITT, KITTY CA| --- | --- | 575 SUMTER | 74 | 1 | $8,500 | $0 | |
| 88 | 60 20 06 13 0 | PRUDE, JAMES ET AL | 77 PAYNE VAUGHAN LAKES BLVD APT 133 | | | | 1 | $7,500 | $42,100 | |
| 89 | 60 20 06 24 0 | PRUDE, JAMES ET AL | --- | 2600 VAUGHAN LAKES BLVD APT 133 | | | 1 | $15,200 | $0 | |
| 90 | 60 21 08 34 0 | PRUITT, DARRYL | --- | --- | 449 SUNBELT DRIVE | | 1 | $20,000 | $0 | |
| 91 | 60 22 08 28 2 | PRUITT, PEARL ET. AL. | --- | --- | P. O. BOX 303 | | 3 | $2,250 | $0 | |
| 92 | 60 22 08 28 2 | PRUITT, PEARL ET. AL. | --- | --- | P. O. BOX 303 | | 3 | $2,250 | $29,500 | |
| 93 | 60 23 02 04 2 | CUSTOM SHEETING CORPORATION C/O P | --- | --- | PO BOX 1037 | | 2 | $8,300 | $206,900 | $ |
| 94 | 60 23 03 05 0 | PRUITT, IRA D. JR ET UX PRUITT, ZINA N. | --- | ---POST OFFICE BOX 1037 | | | 2 | $6,000 | $0 | |
| 95 | 60 23 03 05 0 | PRUITT, IRA D. JR ET UX PRUITT, ZINA N. | --- | ---POST OFFICE BOX 1037 | | | 2 | $6,000 | $0 | |
| 96 | 60 23 03 05 0 | PRUITT, IRA D. JR ET UX PRUITT, ZINA N. | --- | ---POST OFFICE BOX 1037 | | | 2 | $6,000 | --- | $0 |
| 97 | 60 23 03 05 0 | PRUITT, IRA D. JR ET UX PRUITT, ZINA N. | --- | ---POST OFFICE BOX 1037 | | | 2 | $6,000 | $0 | |
| 98 | 60 23 03 05 0 | PRUITT, IRA D. JR ET UX PRUITT, ZINA N. | --- | ---POST OFFICE BOX 1037 | | | 2 | $6,000 | $0 | |
| 99 | 60 23 03 05 0 | PRUITT, IRA D. JR ET UX PRUITT, ZINA N. | --- | ---POST OFFICE BOX 1037 | | | 2 | $6,000 | $0 | |
| 100 | 60 23 03 05 0 | PRUITT, IRA D. JR ET UX PRUITT, ZINA N. | --- | ---POST OFFICE BOX 1037 | | | 2 | $6,000 | $0 | |
| 101 | 60 23 03 05 0 | PRUITT, IRA D. JR ET UX PRUITT, ZINA N. | --- | ---POST OFFICE BOX 1037 | | | 2 | $6,000 | $0 | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 99 | | 60 23 03 05 0 | PRUITT, IRA D. JR ET UX PRUITT, ZINA N. | --- | ---POST | OFFICE BOX | 037 | 2 | $6,000 | $0 |
| 100 | | 60 23 03 05 0 | PRUITT, IRA D. JR ET UX PRUITT, ZINA N. | --- | ---POST | OFFICE BOX | 037 | 2 | $6,000 | $0 |
| 101 | | 60 23 03 05 0 | PRUITT, IRA D. JR ET UX PRUITT, ZINA N. | --- | ---POST | OFFICE BOX | 037 | 2 | $6,000 | $0 |
| 102 | | 60 23 03 05 0 | PRUITT, IRA D. JR ET UX PRUITT, ZINA N. | --- | ---POST | OFFICE BOX | 037 | 2 | $6,000 | $0 |
| 103 | | 60 23 03 05 0 | PRUITT, IRA D. JR ET UX PRUITT, ZINA N. | --- | ---POST | OFFICE BOX | 037 | 2 | $6,000 | $0 |
| 104 | | 60 24 05 16 4 | PRUITT, EDWARD REVOCABLE TRUST | --- | 28122 WHISPERWOOD | DRIVE | | 1 | $4,180 | $0 |
| 105 | | 60 24 05 16 4 | PRUITT, EDWARD REVOCABLE TRUST | | 28122 WHISPERWOOD | DRIVE | | 1 | $2,730 | $0 |
| 106 | | 60 24 05 16 4 | PRUITT, EDWARD REVOCABLE TRUST | | 28122 WHISPERWOOD | DRIVE | | 1 | $2,730 | $0 |
| 107 | | 60 24 05 16 4 | PRUITT, EDWARD REVOCABLE TRUST | | 28122 WHISPERWOOD | DRIVE | | 1 | $3,080 | $0 |
| 108 | | 60 24 05 16 4 | PRUITT, EDWARD REVOCABLE TRUST | | 28122 WHISPERWOOD | DRIVE | | 1 | $3,000 | $0 |
| 109 | | 60 24 05 16 4 | PRUITT, EDWARD REVOCABLE TRUST | | 28122 WHISPERWOOD | DRIVE | | 1 | $4,180 | $0 |
| 110 | | 60 29 04 18 0 | PRUETT, DAVID F. C/O: FRANK RUMLEY | Frank Rumley 601-483-43 | 521 WALKER | ROAD | | 1 | $22,800 | $0 | $ |
| 111 | | 60 30 06 13 0 | PRUETT, DAVID F. C/O FRANK RUMLEY | Frank Rumley 601-483-43 | 521 WALKER | ROAD | | 1 | $54,000 | $0 | $ |
| 112 | | 60 30 07 35 0 | PRUITT, IRA D., IV | --- | --- | 575 SUMTER | 74 | 1 | $41,600 | $0 | $ |
| 113 | | 60 32 09 32 0 | PRUETT FAMILY INVESTMENTS, LLL | | 1201-FRONT | AVENUE UNIT | 421 | 1 | $167,000 | $0 | $1 |
| 114 | | 60 33 01 02 0 | PRUITT, IRA D., IV | --- | --- | 575 SUMTER | 74 | 1 | $160,000 | $0 | $1 |
| 115 | | 60 90 00 00 0 | MANLEY, RICHARD S. C/O: ALYCE SPRUELL | --- | 15088 SUNSET DRIVE | | | 1 | $2,500 | $0 | |


EXHIBIT D

United States Court of Appeals
Fifth Circuit

# F I L E D

September 9, 2003

Charles R. Fulbruge III
Clerk

## IN THE UNITED STATES COURT OF APPEALS

### FOR THE FIFTH CIRCUIT

---

No. 02-31093

---

UNITED STATES SMALL BUSINESS ADMINISTRATION,
as receiver, on behalf of SCDF INVESTMENT CORPORATION

Plaintiff-Appellee,

versus

MARVIN BEAULIEU; Et. Al.,

Defendants,

WILLIAM HARRISON,
SYLVIA MOUTON

Defendants – Appellants.

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 01-CU-1164

---

Before HIGGINBOTHAM, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Sylvia Mouton and William Harrison (the "Appellants") appeal from the district court's granting of the Small Business Administration's ("SBA") motion for summary judgment finding the Appellants jointly and severally liable[1] to SBA for $307,711.50.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] While the district court held the Appellants jointly and severally liable, it is not clear whether such liability could be found independent of a breach of fiduciary duty, which would put the



2013-10-07 11:45 REACH >>



**STATE OF MISSISSIPPI**
**COUNTY OF NEWTON**

MED    308    147
Recorded in Shan Book and Page
06/19/2006 11:45:25 AM
Henry T. Mayon Jr
Chancery Clerk
Newton County, MS

## QUITCLAIM DEED

The Grantor, William Harrison, Conveys and Quitclaims all of his rights, title and interest, if any, to Alabama-Mississippi Farm, LLC

For the sum of One Dollar ($1.00) the receipt of which is hereby acknowledged, all interest, title and rights, if any, in the following described real estate situated in the county of Newton, State of Mississippi, to wit:

The SW-1/4 of NW-1/4 of Section 3, Township 6 North, Range 12 East; the SE-1/4; the S-1/2 of the NE-1/4; a 30 yard strip of land off of and across the South side of the NE-1/4 of the NE-1/4; all that part of the SE-1/4 of the NW-1/4 lying and being East of Mississippi Highway No. 503, as same now runs; All that part of the NE-1/4 of the SW-1/4 lying and being East of Mississippi Highway No. 503, as same now runs; and all that part of the SE-1/4 of the SW-1/4 lying and being East of Mississippi Highway No. 503, as the same now runs, all in Section 4, Township 6 North, Range 12 East. LESS AND EXCEPT, that parcel of land described as follows: Begin at a point in the center of an unopened public road running in an easterly and westerly direction, where said point intersects the east right-of-way line of Mississippi Highway No. 503, said point being on the South line of the SW-1/4 of SE-1/4 of Section 4, Township 6 North, Range 12 East, from said point of beginning, run thence in a Northerly direction along the said East right-of-way line of Mississippi Highway No. 503 a distance of 153 feet, thence run East 204 feet, thence run South 200 feet, more or less, to the South line of said SW-1/4 of SE-1/4; thence run West 204 feet, more or less, to said point of beginning. Said property being in the SW-1/4 of SE-1/4 and SE-1/4 of SW-1/4 of said Section 4, Township 6 North, Range 12 East. Said property containing 321-1/2 acres, Newton County, Mississippi.

This Quitclaim Deed is subject to all Easements of record and they are hereby incorporated herein by reference.

This, the ___16th___ day of June, 2006.

_____(SEAL)
WILLIAM HARRISON

STATE OF North Carolina, Rowan COUNTY.
I, a Notary Public of this County and State aforesaid, certify that WILLIAM HARRISON Grantor, personally appeared before me this day and acknowledged the Execution of the foregoing instrument. Witness my hand and official stamp or seal, this ___16___ day of June, 2006.

My Commission expires: ___10-20-2007___

_____
Notary Public

*Exhibit D2*

IN THE CIRCUIT COURT OF NEWTON COUNTY, MISSISSIPPI

ALABAMA-MISSISSIPPI FARMS, INC., ET. AL.

V                                                      *10-cv-230 NEWTON*

BRUCE JOHNSON, ET. AL.

### JUDGMENT ~~WITH~~ DISMISSAL
### WITH PREJUDICE

This action came on before the Court on this date having been set on this day on

the Court's own motion, and the below named defendants failed to appear;

It is therefore ordered and adjudged that the claims of the following defendants as

set out in the defendants' counterclaim are dismissed, *with prejudice.* to-wit:

*MICHAEL KING & BRUCE JOHNSON*

So ordered this ____ day of _____, 2011.

_____
CIRCUIT COURT JUDGE

SUBMITTED BY
LESLIE GATES
ATTORNEY FOR PLAINTIFFS
MISSISSIPPI BAR # 4770
103 SHIELDS BUILDING
906 20TH AVENUE
MERIDIAN, MISSISSIPPI 39301
601-693-5967

FILED

IN THE CHANCERY COURT OF LAUDERDALE COUNTY, MISSISSIPPI

IN THE CIRCUIT COURT OF NEWTON COUNTY, MISSISSIPPI

ALABAMA-MISSISSIPPI FARMS, INC., ET. AL.

V

1C-CV-230-NW

BRUCE JOHNSON, ET. AL.

## JUDGMENT

This action came on before the Court on this date having been set on this day on

the Court's own motion, and the below named defendants failed to appear;

It is therefore ordered and adjudged that the plaintiff Alabama-Mississippi Farm,

Inc., are hereby granted judgment against the below named defendants

MICHAEL KING & BRUCE JOHNSON

on the claims of slander of title and conspiracy to slander title. The claim against
William Harrison is dismissed.
The plaintiffs are granted Ten Dollars ($10.00) nominal damages.

So ordered this _5_ day of ____April____, 2011.

_____
CIRCUIT COURT JUDGE

SUBMITTED BY
LESLIE GATES
ATTORNEY FOR PLAINTIFFS
MISSISSIPPI BAR # 4770
103 SHIELDS BUILDING
906 20TH AVENUE
MERIDIAN, MISSISSIPPI 39301
601-693-5967

FILED

9:45



Exhibit
D2



**STATE OF MISSISSIPPI**
**COUNTY OF NEWTON**

### QUITCLAIM DEED

The Grantor, William Harrison, Conveys and Quitclaims all of his rights, title and interest, if any, to Alabama-Mississippi Farms, LLC

For the sum of One Dollar ($1.00) the receipt of which is hereby acknowledged, all interest, title and rights, if any, in the following described real estate situated in the county of Newton, State of Mississippi, to wit:

The SW-1/4 of NW-1/4 of Section 3, Township 6 North, Range 12 East; the SE-1/4; the S-1/2 of the NE—1/4; a 35 yard strip of land off of and across the South side of the NE-1/4 of the NE-1/4; all that part of the SE-1/4 of the NW-1/4 lying and being East of Mississippi Highway No. 503, as same now runs; All that part of the NE-1/4 of the SW-1/4 lying and being East of Mississippi Highway No. 503, as same now runs; and all that part of the SE-1/4 of the SW-1/4 lying and being East of Mississippi Highway No. 503, as the same now runs, all in Section 4, Township 6 North, Range 12 East. LESS AND EXCEPT, that parcel of land described as follows: Begin at a point in the center of an unpaved public road running in a [easterly and westerly direction where said point is on] the east right-of-way line of Mississippi Highway No. 503, said point being on the South line of the SW-1/4 of NE-1/4 of Section 4, Township 6 North, Range 12 East; from said point of beginning run thence in a Northerly direction along the said East right-of-way line of Mississippi Highway No. 503 a distance of 153 feet, thence run East 284 feet, thence run South 220 feet, thence or less, to the South line of said SW-1/4 of NE-1/4, thence run West 284 feet, more or less, to said point of beginning. Said property being in the SW-1/4 of NE-1/4 and SE-1/4 of SW-1/4 of said Section 4, Township 6 North, Range 12 East. Said property containing 324-1/2 acres, Newton County, Mississippi.

This Quitclaim Deed is subject to all Easements of record and they are hereby incorporated herein by reference.

This, the 16th day of June, 2006.

_____ (SEAL)
WILLIAM HARRISON

STATE OF North Carolina, Rowan COUNTY.
I, a Notary Public of the County and State aforesaid, certify that WILLIAM HARRISON Grantor, personally appeared before me this day and acknowledged the Execution of the foregoing instrument. Witness my hand and official stamp or seal, this 16th day of June, 2006.

My Commission expires: 10-20-2007     _____
                                        Notary Public

Business ID: 889422
Date Filed: 08/23/2007 01:13 PM
Eric Clark
Secretary of State

F0101 - Page 1 of 2

**OFFICE OF THE MISSISSIPPI SECRETARY OF STATE**
P.O. BOX 136, JACKSON, MS 39205-0136   (601) 359-1333
Certificate of Amendment

Exhibit
D 3

836151 AUG 23 07

The undersigned corporation, pursuant to Senate Bill No. 2395, Chapter 402, Laws of 1994, hereby executes the following Certificate of Amendment and sets forth:

1. Name of the Limited Liability Company

ALABAMA- MISSISSIPPI FARMS, LLC

2. The future effective date is
(Complete if applicable)          8/23/07

3. The amendment to the certificate is as follows

ADD RESOLUTION — ATTACHED

By:    Signature

Bruce L. Johnson

Printed Name    BRUCE L. JOHNSON          Title    MANAGER

Street and Mailing Address

Physical
Address      163 MAYERVILL, APT # 9

P.O. Box      62

City, State, ZIP5, ZIP4    MAYERVILLE        MS    3911    3

Rev. 01/96

Business ID: 889422
Date Filed: 09/29/2009 08:00 AM
C. Delbert Hosemann, Jr.
Secretary of State

**F0101 – Page 1 of 2**

## OFFICE OF THE MISSISSIPPI SECRETARY OF STATE
### P.O. BOX 136, JACKSON, MS 39205-0136   (601) 359-1333
### Certificate of Amendment



The undersigned corporation, pursuant to Senate Bill No. 2395, Chapter 402, Laws of 1994, hereby executes the following Certificate of Amendment and sets forth:

**1. Name of the Limited Liability Company**

ALABAMA – MISSISSIPPI FARMS, LLC

**2. The future effective date is** (Complete if applicable)    N/A

**3. The amendment to the certificate is as follows**

NOTICE OF DISSASSOCIATION OF MEMBERS OF THE REACH GROUP FOR VIOLATION OF MISS. CODE ANNO. 79-29-801 (3)(a), (v), AND (e) i.e., FILING A VOLUNTARY BANKRUPTCY PETITION, FILING A PETITION IN SUMPTER COUNTY ALABAMA TO REORGANIZE FINANCIAL AFFAIRS, FILING A FALSE DEED IN MACON COUNTY ALABAMA.

By:   Signature    (Please keep writing within blocks)

Printed Name   BRUCE L. JOHNSON    Title   MANAGER

Street and Mailing Address

Physical Address   163 RIDELY STREET

P.O. Box   1862

City, State, ZIP5, ZIP4   MAYERSVILLE   MS   3911   3

Rev. 01/96

88367 SEP 10 09

*Exhibit E*

IN THE SUPREME COURT OF MISSISSIPPI
(BEFORE A COMPLAINT TRIBUNAL)

THE MISSISSIPPI BAR                          COMPLAINANT

VS.                                          CAUSE NO. 95-B-798

BRUCE L. JOHNSON                             RESPONDENT

BEFORE A COMPLAINT TRIBUNAL CONSISTING OF:

JUDGE JERRY O. TERRY, PRESIDING JUDGE
HONORABLE PAUL M. FRANKE, JR.
HONORABLE JOHN W. LEE, JR.

## OPINION AND JUDGMENT

THIS MATTER CAME ON FOR HEARING before this Tribunal on December 8, 1995 for the entry of a Default Judgment against Respondent, Bruce L. Johnson (Mr. Johnson), and for the imposition of discipline. The Tribunal granted the Motion for Default Judgment presented by Complainant, The Mississippi Bar (the Bar), against Mr. Johnson and now presents its Opinion and Judgment in this cause.

The Bar was represented by the Honorable J. David Wynne, Assistant General Counsel, and the Honorable Michael B. Martz, General Counsel. Mr. Johnson did not appear at the hearing, although he was given sufficient notice thereof.

## FINDINGS OF FACT

1.   The Formal Complaint in this cause was filed on August 4, 1995. On the date the Bar's Formal Complaint was filed an attested copy of same, a Summons, a Notice and an Acknowledgment of Receipt of Summons and Formal Complaint pursuant to Rule 4(c)(3) of the Mississippi Rules of

EXHIBIT
6

ELECTRONICALLY FILED
8/12/2014 7:44 AM
60-CV-2014-900026.00
CIRCUIT COURT OF
SUMTER COUNTY, ALABAMA
DEVON A. JAMES, CLERK

Exhibit F

## IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

BRUCE L. JOHNSON, MICHAEL       )(
L. KING, and WILLIAM HARRISON,  )(
(PRO SE)                        )(
                                )(
    PLAINTIFFS,             )(
                                )(
V.                              )(    CASE NO.:CV-2010-32
                                )(
LUKE EDWARD, ET AL,             )(
                                )(
    DEFENDANT.              )(

FILED CIRCUIT AND DISTRICT COURT
GREENE COUNTY, ALABAMA

JUL 1 1 2011

ETTA B. EDWARDS
CIRCUIT COURT CLERK

### APPLICATION TO THE CIRCUIT CLERK FOR AN ENTRY OF DEFAULT AND SUPPORTING AFFIDAVIT

    The Circuit Clerk is requested to enter a Default Judgment against the Defendant, Luke Edwards in the above entitled action for failure to plead, answer or otherwise defend the Complaint filed in this cause.

Bruce L. Johnson (Pro Se)

I. Drayton Pruitt, Jr.,
Attorney for Plaintiff

OF COUNSEL:

Pruitt & Pruitt, P.A.
312 South Washington Street
Post Office Box 1037
Livingston, Alabama 35470
P: (205) 652-9627
F: (205) 652-9620
E: dppandp@bellsouth.net







# KING & STOCKTON, PLLC

### Attorneys at Law

| | | |
|---|---|---|
| MICHAEL LEE KING | 704.616-2176 | D. LaFOREST STOCKTON |

## IN-HOUSE COUNSEL MEMORANDUM

October 13, 2004

To: Mr. Drayton Pruitt, Esquire
Outside Counsel For the Apostolic Corporations Group

From: Mr. Michael Lee King, Esquire
In-House Counsel For the Apostolic Corporations Group

Re: Initial Greetings

Dear Mr. Pruitt:

Greetings! It was a pleasure conversing with you on today. As I informed you I am in-house counsel for the group of corporations that involves the Heritage Mart and other properties. As in-house counsel I will advise my clients in-house on various matters coming before the Boards. Those matters that must be prosecuted and/or defended before government agencies or the State and Federal Courts, we will farm all of those matters out to outside attorneys, such as yourself. Once these matters are assigned to outside counsel, then I will remain in touch with outside counsel to assist with whatever information will be required to defend or prosecute the matter at hand.

With this understanding, please be advised that I am available to you, should you need, or have trouble acquiring information. There are several cases that you and I discussed this morning that does concern me, such as the David Cleveland case: the Botched Real Estate closing where the Attorney failed to disclose a serious conflict of interest problem; the Charles Tripp case; and the Tuscaloosa Scales case.

When we talked, you said that you thought the Tuscaloosa Scales case had been settled by Rose Walker. I have checked on that matter and it appears that the case that was settled was the Tuscaloosa Sign case, but the Tuscaloosa Scales case remains open. Please check your file on this matter.

Please be advised that I have been in touch with additional Alabama counsel regarding these matters and if you should find that your case load is too much at this time to move these cases along expeditiously, then we will assign some of the work to other counsel. Please let me know, because we are anxious to complete all of these matters quickly. Also, please fax to my office a copy of all correspondence involving my clients or their corporations, regardless of the nature or content of the correspondence. This will in turn expedite the process.

Thank you

Sincerely,

MICHAEL LEE KING
ATTORNEY AT LAW

Cc: Apostolic Corporations Group

*Physical Address: 203 North Long Street, East Spencer, NC 28039*

NORTH CAROLINA

WAKE COUNTY

BEFORE THE
DISCIPLINARY HEARING COMMISSION
OF
THE NORTH CAROLINA STATE BAR
04 DHC 52

The North Carolina State Bar,
                    Plaintiff

v.                                          *Order of Discipline*

Michael L. King, Attorney and
Dumont Stockton, Attorney
                    Defendants

King
Disbarred

This matter was heard on August 24 and 25, 2005, before a Hearing Committee of the Disciplinary Hearing Commission composed of the Chair, W. Steven Allen, Sr., and members Charles M. Davis, and Marguerite P. Watts, pursuant to North Carolina Administrative Code, Title 27, Chapter 1, Subchapter B, § .0114(h). The Plaintiff was represented by David R. Johnson and Jennifer Porter. Defendant Michael King was present and was represented by Fred Williams. Defendant Dumont Stockton was present and represented himself. Based upon the record, the evidence introduced at the hearing, the Hearing Committee, by clear, cogent, and convincing evidence, hereby makes the following:

### Findings of Fact

1. The Plaintiff, the North Carolina State Bar, is a body duly organized under the laws of North Carolina and is the proper party to bring this proceeding under the authority granted it in Chapter 84 of the General Statutes of North Carolina, and the rules and regulations of the North Carolina State Bar promulgated thereunder.

2. The Defendant, Michael L. King (King), was admitted to the North Carolina State Bar on 23 August 1986, and is, and was at all times referred to herein, an attorney at law licensed to practice in North Carolina, subject to the rules, regulations and Rules of Professional Conduct of the North Carolina State Bar and the laws of the State of North Carolina.

- 1 -

0095

Exhibit H

STATE OF ILLINOIS    )
                     )
COUNTY OF WILL       )

## AFFIDAVIT OF BILLY TORAIN

I, Billy Torain being duly sworn, deposes and says as follows:

1.      That I am over the age of 18, am a resident of the State of Illinois and have personal knowledge of the facts set forth herein, and of called as a witness, could testify competently thereto.

2.      That I was contacted on or around September 18, 2013 by Mr. Stacey Ellis to see if I could provide some research assistance with the Greene County Circuit Court (CV-2010-0032) appeal (hereinafter "the Litigation") to the Alabama Supreme Court in the matter of Luke Edwards *et al.* v. Bruce L. Johnson, *et al.* No. 1129569.

3.      That I was invited to assist in legal issues affecting the defendants Luke Edwards, Alabama-Mississippi Farms, Inc., Apostolic Advancement Association and Heritage Real Estate Investment Corp. (hereinafter "the Community.")

4.      That I attended a 45-minute meeting in the Livingston law office of Attorney William C. Brewer, III with Mr. Brewer, Mrs. Fannie Grantham (a Community member) and Mr. Stacey Ellis on October 4, 2013.

5.      That the purpose of the October 4, 2013 meeting was to gather background information for Greene County Circuit Court case number CV-2010-0032 from Attorney Brewer.

6.      That during the October 4, 2013 meeting Attorney Brewer stated he could use any assistance available in helping with the Litigation.

7.      That during the October 4, 2013 meeting I asked questions regarding CV-2010-0032.

8.      That during the October 4, 2013 meeting Attorney Brewer stated that he was present at the hearing scheduled for August 25, 2011 to contest *in personam* jurisdiction for defendant Luke Edwards based on lack of service, that the case was not called during the hearing and that he approached the bench at the end of the morning call advising the Hon. Judge Eddie Hardaway that he was present for case CV-2010-32.

9.      That during the October 4, 2013 meeting Attorney Brewer said that upon approaching the bench on August 25, 2011, Judge Hardaway stated "Billy, I saw Pruitt earlier in the hallway, he handed me the default order and I signed it."

10.     That "Pruitt" *supra*, refers to Attorney Ira D. Pruitt.

11.     That I worked with Attorney Brewer throughout October 2013 exchanging calls and e-mails creating several documents related to the Litigation.

2

12.    That Exhibit A attached to this affidavit is a true and correct copy of an e-mail, dated October 13, 2013 10:48 PM that I drafted and sent to Attorney Brewer following up on our October 4, 2010 meeting as well as providing documentation for review and approval by Attorney Brewer.

13.    That Exhibit B attached to this affidavit is a true and correct copy of a legal memorandum I drafted and sent to Attorney Brewer on October 13, 2013.

14.    That Exhibit C attached to this affidavit is a true and correct copy of the final version of the Petition for Rehearing e-mailed to Attorney Brewer on November 1, 2013, with the expectation by the Community that this document would be submitted on their behalf.

15.    That Attorney Brewer utilized "Section I" of Exhibit C in his final submission to the Alabama State Supreme Court in the Petition for Rehearing for No. 1129569.

_____
Billy Torain

Sworn and subscribed before me this __16th__ day of November 2013

(SEAL)

_____
Notary Public

My Commission Expires: ___9/28/15___



3

Exhibit I

**PRUITT & PRUITT, P.A.**

ATTORNEYS AT LAW

312 SOUTH WASHINGTON STREET
(FORMERLY 105 WASHINGTON STREET)
P. O. BOX 1037
LIVINGSTON, ALABAMA 35470

IRA D. PRUITT (1904-1964)
IRA D. PRUITT, JR.*

* ALSO LICENSED IN TENNESSEE

TELEPHONE (205) 652-9627
TELECOPIER (205) 652-9620
E-MAIL: dppandp@bellsouth.net

August 23, 2004

Ms. Eleanor R. Walker
Heritage Real Estate & Investment
P. O. Box 1409
Eutaw, AL 35462

In Re:  Edgar Lavert Hopkins, State Appraiser
State of Alabama Department of Revenue
Marengo Count Appraisal of Heritage Shopping Center

Dear Ms. Walker:

I have talked with the State of Alabama. I find that when you appeared before the Board of Equalization of Marengo County during the Spring of 2004, you were given a $600,000.00 down adjustment from the appraised value which they had. You were given ten days within which to appeal the decision to the Circuit Court of Marengo County. You have made no appeal. Therefore, you lost your opportunity to question the amount of the appraisal for the year 2004. The next available Board of Equalization meeting will be in the Spring of 2005.

I have requested them to notify me when that Board of Equalization meeting will be held.

Sincerely,

I. Drayton Pruitt, Jr.

IDP/clb

**PRUITT & PRUITT, P.A.**

ATTORNEYS AT LAW

312 SOUTH WASHINGTON STREET
(FORMERLY 108 WASHINGTON STREET)
P. O. BOX 1037
LIVINGSTON, ALABAMA 35470

IRA D. PRUITT (1904-1984)
IRA D. PRUITT, JR.*

* ALSO LICENSED IN TENNESSEE

TELEPHONE (205) 652-9637
TELECOPIER (205) 652-9626
E-MAIL: dppandp@bellsouth.net

February 10, 2004

Mr. Wayne Dooley
DOOLEY, INC.
425 Hwy. 98 West
Apalachiocola, FL 32320

    In Re:  Leases

Dear Mr. Dooley:

    I enclose an original of the Lease between Dooley, Inc., and Heritage Real Estate Investments, Inc. I have filled in the date January 1, 2004 where appropriate and the address of Heritage, but I have not filled in the monthly fee for cleaning, lighting, repairing, and painting parking areas. This should be agreed upon and a letter attached between Heritage and you. I have forwarded the Short Form Lease to the Probate Judge of Marengo County for recording.

    With kind regards I am,

                                    Sincerely,

                                    I. Drayton Pruitt, Jr.

IDPjr./tt

Enclosure

cc:    Mr. Martin Crawford
       Heritage Real Estate Investments, Inc.
       Post Office Box 149
       Eutaw, AL 35462

       Ms. Zora Myers, CPA, PC
       985 Martin Luther King Jr., Drive NW
       Atlanta, GA 30314

PRUITT & PRUITT, P.A.
ATTORNEYS AT LAW
P.O. BOX 1037
LIVINGSTON, AL  35470
(205) 652-9627

HERITAGE
Mr. Martin Crawford
Post Office Box 149
Eutaw AL  35462

Page: 1
09/23/04
Account No: 898-000M
Statement No:    1

Combined with Apostolic and Reach

Fees

|  | | Rate | Hours | |
|---|---|---|---|---|
| **07/13/04** | | | | |
| IDP | Cleveland Oil v. Heritage | | | |
| | Letter to Woody Dinning. | 200.00 | 0.50 | 100.00 |
| IDP | Tuscaloosa Scales v. Apostolic | | | |
| | Preparation of Answers and | | | |
| | Counterclaim regarding Tuscaloosa | | | |
| | Scales v. Apostolic. | 200.00 | 2.50 | 500.00 |
| **07/15/04** | | | | |
| IDP | Cleveland v. Heritage | | | |
| | Conference with Martin and letter | | | |
| | from Woody. | 200.00 | 1.00 | 200.00 |
| **07/29/04** | | | | |
| IDP | Tripp v. Heritage | | | |
| | Motion to set aside default | | | |
| | judgment and conference. | 200.00 | 1.50 | 300.00 |
| IDP | Lamar Companies v. Wester Inn | | | |
| | Motion to Dismiss and letter. | 200.00 | 1.00 | 200.00 |
| **08/17/04** | | | | |
| IDP | Barley v. Heritage | | | |
| | Study of file, telephone call to | | | |
| | Alex Braswell and preparation for | | | |
| | trial. | 200.00 | 2.50 | 500.00 |
| **08/18/04** | | | | |
| IDP | Barley v. Heritage | | | |
| | Negotiated Settlement and letter | | | |
| | to Mrs. Walker and two telephone | | | |
| | calls to Mrs. Walker. | 200.00 | 2.30 | 460.00 |
| IDP | Walker v. Walker | | | |
| | Two telephone calls to DHR, no | | | |
| | order entered as of yet they will | | | |
| | contact Mr. Pruitt when order is | | | |
| | received. | 200.00 | 0.70 | 140.00 |

HERITAGE

Combined with Apostolic and Reach

Page: 2
09/23/04
Account No: 898-000M
Statement No: 1

| | | Rate | Hours | |
|---|---|---|---|---|
| 08/20/04 | | | | |
| | IDP Appeal of Taxes | | | |
| | Assessment of Marengo Co. taxes for Heritage, telephone call to state appraiser and letter of explanation. | 200.00 | 1.00 | 200.00 |
| 09/03/04 | | | | |
| | IDP Heritage v. Barley | | | |
| | Settlement of case, preparation of release and order of dismissal. | 300.00 | 1.50 | 300.00 |
| 09/07/04 | | | | |
| | IDP Heritage v. Barley | | | |
| | Letter to Eleanor Walker | 200.00 | 0.50 | 100.00 |
| 09/14/04 | | | | |
| | IDP Heritage v. Tripp | | | |
| | Travel to Linden for Court. | 200.00 | 3.00 | 600.00 |
| | For Current Services Rendered | | 18.00 | 3,600.00 |

## Expenses

| | | |
|---|---|---|
| 07/26/04 | Advanced to Sumter County Circuit Clerk to file Counter-Claim/Tuscaloosa Scales. | 297.00 |
| 09/14/04 | Travel to Linden for Court. | 22.80 |
| | Total Expenses | 319.80 |
| | | 3,919.80 |

| | |
|---|---|
| Balance Due | $3,919.80 |
| Please Remit | $3,919.80 |

9/27/04 Pd on acct                              2097.00

                                                        1,822.80

12/6/04
Closing

*Pruitt's response to the Bar*

*Exhibit I*

# PRUITT & PRUITT, P.A.

Ira D. Pruitt (1904-1984)
Ira D. Pruitt, Jr.*

*Also Licensed in Tennessee

Attorneys at Law
312 South Washington Street
P. O. Box 1037
Livingston, AL 35470

Telephone   (205) 652-9627
Facsimile   (205) 652-9620
E-MAIL: dppandp@bellsouth.net

**RECEIVED**
OCT 28 2013
ALABAMA STATE BAR
OFFICE OF GENERAL COUNSEL

October 22, 2013

Carol A. Wright
Investigator/Paralegal
For the Office of the General Counsel
Alabama State Bar
P.O. Box 671
Montgomery, Alabama 36101

> RE:   CSP 2013-1871
>         Complaint of Ms. Linda Wilson

Dear Carol:

The Complaint which has been registered against me by Linda Wilson is a result of a lawsuit which was filed by Bruce L. Johnson, Michael L. King and William Harrison, pro se, Plaintiffs v. Luke Edwards, Apostolic Advancement Association, et al, Defendants; Case No.: CV-2010-32 Greene County, Alabama. I enclose a copy of the Verified Complaint. (You will observe from the Complaint that Bruce L. Johnson, Michael L. King and William Harrison were all contractors *false* or employees of all of the Defendants) including Linda Wilson who is shown as secretary of all of those corporations. The Plaintiff, Michael Lee King is the same Michael Lee King of King and Stockton, who wrote me a letter of October 13, 2004, which represented that he was the in house *NO* counsel for the Apostolic Corporation Group, meaning the Defendants in the lawsuit filed in Greene County. I did not accept a local counsel role and was not paid a retainer. I do not recall an incident when I was asked to act as local counsel subsequent to that letter.

I was asked by the Plaintiff's to assist in taking a Default Judgment as they had been unable to properly file for the Default Judgment. I enclose applications to the Circuit Clerk of Greene County with Affidavits attached, signed by the Plaintiffs, William Harrison and Bruce Johnson, showing me as attorney for making the application. (I provided no information to the Plaintiffs as they already knew more about the business of the Defendants than I did.)

The Tripp v. Heritage Mart case which was filed in the District Court of Marengo County in 2004 and as can be seen, was filed by an employee as an auto mechanic against the Defendant, Heritage Mart, and had nothing to do with the matters involved in the Greene County lawsuit.

For a time I represented REACH Construction Company, Inc., which is not a Defendant but which is a related corporation, in a case by William Watson where the Court entered an Order, a copy of which I attach, and my Motion to Withdraw from the representation of the Defendants in that case.

Several years before, I closed a transaction on a sale for Noble Truck Stop to one of the Defendants, I am not sure which, where I represented Noble in the sale of the truck stop but assisted Regions Banks by providing a title opinion. That property was sold before the Greene County lawsuit was filed but, because I had done that, I contacted Robert Lusk with the Alabama Bar Association on May 4, 2011 and Mr. Lusk advised me, under Rule 1.9, I did not have a conflict. A copy of the memorandum I prepared is attached as is my letter to Mr. Harrison stating that I could assist them in obtaining the Default Judgment.

Subsequent to the judgment which the Mrs. Wilson complains about being entered, William C. Brewer appealed the judgment to the Supreme Court of Alabama and the Supreme Court of Alabama has recently upheld Judge Hardaway's decision granting the Default Judgment. The decision is attached.

Any information about property which any of the Defendants owned is a matter of public record through tax assessments but, in addition, enclosed is notices run in the Sumter County Record Journal for their failure to pay ad valorem taxes. I can provide Affidavits of Mr. Harrison, Mr. Johnson and Mr. King that I provided them no information concerning this matter but simply assisted them in taking the Default Judgments based on the Complaint which they filed and their Affidavits of service.

I trust the Disciplinary Commission will find that I have done no wrong in this matter.

Sincerely,

I. Drayton Pruitt, Jr.
IDPjr/kal


Enclosures

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

Exibit J

LUKE EDWARDS, *et al.*,          )

    Plaintiffs,                 )

                        )

v.                               )        7:20-cv-01400-LSC

IRA DRAYTON PRUITT, JR.,         )
*et al.*,                        )

                        )

    Defendants.                 )

## MEMORANDUM OF OPINION

## I.    INTRODUCTION

*Pro se* plaintiffs Luke Edwards ("Edwards") and Apostolic Advancement Association ("Apostolic"), along with represented plaintiffs Heritage Real Estate Investment, Inc. ("Heritage") and Alabama-Mississippi Farm, Inc. ("the Farm") (collectively, "Plaintiffs") bring this action against Defendants Ira Drayton Pruitt, Jr., William Harrison, Michael King, the Estate of Bruce Johnson, Eddie Hardaway, Margo Bryan, Ira Drayton Pruitt, J. Stephen Smith, and Sharon Harris (collectively, "Defendants"). Plaintiffs filed a "whistleblower complaint" under 50 U.S.C. § 3033(k)(5)(A). Before the Court are Plaintiffs' Amended Complaint (doc. 2), and Defendants' Motions to Dismiss (docs. 4, 5, 6, & 12). For the reasons stated below, Defendants' motions are due to granted, and this matter is due to be dismissed.

Page 1 of 7

## II.   BACKGROUND[1]

Plaintiffs filed a *pro se* complaint reporting an "urgent concern" under 50 U.S.C. § 3033(k)(5)(A). Plaintiffs claim that Defendants were engaged in a continuing criminal enterprise that has "taken hundreds of acres of land" from Plaintiffs. (Doc. 1 at 3.)

After filing their Complaint (doc. 1), Plaintiffs filed a First Amended Complaint (doc. 2). Without leave of the Court or permission from the opposing parties, Plaintiffs filed a Third Amended Complaint (doc. 3) and a Fourth Amended Complaint (doc. 10). After filing their Fourth Amended Complaint, Heritage and the Farm obtained counsel, and are no longer appearing *pro se*. Defendants filed several Motions to dismiss Plaintiffs' complaint. (Docs. 4, 5, 6, & 12.)

## III.   STANDARD OF REVIEW

In general, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, in order to withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a

---

[1]      In evaluating a motion to dismiss, this Court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to the plaintiff." *Lanfear v. Home Depot, Inc.*, 679 F.3d 1267, 1275 (11th Cir. 2012) (quoting *Ironworkers Loc. Union 68 v. AstraZeneca Pharm., LP*, 634 F.3d 1352, 1359 (11th Cir. 2011)). The following facts are, therefore, taken from the allegations contained in Plaintiff's Second Amended Complaint, and the Court makes no ruling on their veracity.

complaint "must plead enough facts to state a claim to relief that is plausible on its face." *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1347–48 (11th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Stated another way, the factual allegations in the complaint must be sufficient to "raise a right to relief above the speculative level." *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1296 (11th Cir. 2010) (quoting *Rivell v. Priv. Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008) (internal quotation marks omitted). A complaint that "succeeds in identifying facts that are suggestive enough to render [the necessary elements of a claim] plausible" will survive a motion to dismiss. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1296 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556) (internal quotation marks omitted).

The Court must liberally construe Plaintiffs' Complaint because Plaintiffs were proceeding *pro se. See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, while a *pro se* plaintiff will be given greater leniency, "[t]his leniency . . . does not require or allow courts to rewrite otherwise deficient pleading in order to sustain an

action." *Thomas v. Pentagon Fed. Credit Union*, 393 F. App'x 635, 637 (11th Cir. 2010).[2]

A district court has the authority to dismiss a claim where "the factual contentions are . . . far-fetched or baseless." *Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 515 (11th Cir. 1991) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). However, "a district court may dismiss a case for frivolity only when the legal claim is indisputably meritless, the facts are far-fetched or baseless, or both." *Cofield*, 936 F.2d at 515 (affirming the district court's dismissal of actions which "alleged the fantastic"); *see also Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) ("[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit . . . .") (citations and internal quotations omitted).

## IV. DISCUSSION

As a preliminary matter, Apostolic cannot represent itself *pro se* as Plaintiffs allege it is a corporation. *See, e.g., Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1386 (11th Cir. 1985) ("[A] corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel."). Accordingly, Apostolic

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

is hereby dismissed from this action, as are all of Apostolic's pending claims against Defendants.

The only complaint properly before the Court is *pro se* Plaintiff Luke Edwards's First Amended Complaint (doc. 2), filed when all Plaintiffs were appearing *pro se*.[3] Under the Federal Rules of Civil Procedure, a plaintiff "may amend its pleading *once* as a matter of course within . . . 21 days after serving it." Fed. R. Civ. P. 15(a)(1) (emphasis added). For all other amendments, a plaintiff "may amend its pleading only with the opposing party's written consent or the court's leave." *Id.* 15(a)(2). Here, Edwards filed a First Amended Complaint as a matter of course nine days after filing his Complaint. Edwards did not seek permission from the Court, nor did he obtain permission from Defendants to submit further amended pleadings. As such, the Court strikes Edwards's Third Amended Complaint (doc. 3) and Fourth Amended Complaint (doc. 10). Because the Amended Complaint properly before the Court is Edwards's First Amended Complaint (doc. 2), Defendants Ira Drayton Pruitt, J. Stephen Smith, and Sharon Harris, who were added as Defendants in his Fourth Amended Complaint, are hereby dismissed.

---

[3]     Even though Heritage and the Farm, both alleged corporations, are now represented by counsel, they have taken no actions to amend their pleadings. Accordingly, the Court analyzes Plaintiffs' First Amended Complaint as if all Plaintiffs are still proceeding *pro se*.

Plaintiffs cannot state a claim upon which relief may be granted. Edwards asserts that he is filing a "whistleblower complaint" under 50 U.S.C. § 3033(k)(5)(A). This statute addresses the Inspector General of the Intelligence Community, and allows "[a]n employee of an element of the intelligence community, an employee assigned or detailed to an element of the intelligence community, or an employee of a contractor to the intelligence community who intends to report to Congress a complaint or information with respect to an urgent concern may report such complaint to the Inspector General." 50 U.S.C. § 3033(k)(5)(A). Edwards has alleged no facts that would support such a claim, and even assuming he could, Edwards is seeking relief from the Court and is not filing a report with the Inspector General. Even liberally construing his First Amended Complaint, there is no cause of action Edwards can bring under this statute.

Furthermore, Edwards's First Amended Complaint contains nothing more than a list of federal statutes followed by a series of interrogatories and copies of emails. Edwards has alleged no facts and cannot state a claim upon which relief may be granted. Accordingly, Defendants' Motions to Dismiss are due to be granted, and this matter is due to be dismissed.

## V.    CONCLUSION

For the reasons stated above, Defendants' motions to dismiss (docs. 4, 5, 6, & 12) are due to be granted. All claims against all Defendants are hereby dismissed. An order consistent with this opinion will be entered contemporaneously herewith.

**DONE** and **ORDERED** on November 16, 2020.

L. Scott Coogler
United States District Judge

202892

FILED
2020 Nov-16 AM 08:
U.S. DISTRICT COUR
N.D. OF ALABAM

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

LUKE EDWARDS, *et al.*,           )
                                  )
    Plaintiffs,             )
                                  )
v.                                )            7:20-cv-01400-LSC
                                  )
IRA DRAYTON PRUITT, JR.,          )
*et al.*,                         )
                                  )
    Defendants.             )

### ORDER

For the reasons stated in the Memorandum of Opinion entered contemporaneously herewith, Defendants' Motions to Dismiss (docs. 4, 5, 6 & 12) are GRANTED, and all claims against all Defendants are dismissed. Accordingly, this action is DISMISSED WITH PREJUDICE. Costs are taxed paid.

**DONE** and **ORDERED** on November 16, 2020.

L. Scott Coogler
United States District Judge

202892

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
_Western Division_

2020 SEP 21 P 2: 22

U.S. DISTRICT COURT
N.D. OF ALABAMA

**LUKE EDWARDS,**
**HERITAGE REAL ESTATE INVESTMENT, INC.,**
**APOSTOLIC ADVANCEMENT, AND**
**ALABAMA - MISSISSIPPI FARM, INC.**

7:20-CV-1400-LSC

**PLAINTIFF,**

V.

**IRA DRAYTON PRUITT Jr..,**
**WILLIAM HARRISON,**
**MICHAEL KING,**
**ESTATE OF BRUCE JOHNSON,**
**EDDIE HARDAWAY,**
**MARGO BRYAN,**



RECEIVED
Mail Room

FEB 11 2022

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

**DEFENDANTS, et.al.**

## WHISTLE BLOWER

I am reporting an "urgent concern" in accordance with the procedure outlined in **50 U.S.C. Section 3033(k)(5)(A).**

**TITLE 21 USC SECTION 848 CONTINUING CRIMINAL ENTERPRISE**
**TITLE 18  USC SECTION 1961 (1), (2),**
**TITLE 18 USC 2 SECTION (a) & (b)  AID AND ABETTING**
**TITLE 18 USC SECTION 1956 (a), (i), (A),(i), (ii), (B)(i), (ii), (2), (A), (B), (i), & (ii)**
**TITLE 18 USC SECTION  2073**

"Local tradition cannot justify failure to comply with the constitutional mandate requiring equal protection of law" **EUBANKS v. LOUISIANA**, 356 US 584, 78 Supreme Court 970 [2 L Ed 2d 991]"

**(Defendant)  Ira Drayton Pruitt, Jr. - (KingPin)**

This (RICO) KingPin convinced two disbarred attorneys to clone companies, (changing the ("Inc. to an LLC"), then create a Quitclaim Deed and sell the company without the truthful owners knowledge. (See **ALABAMA - MISSISSIPPI FARM, INC. v. BRUCE JOHNSON, et.al.** 10-CV-2301 (Newton County Mississippi).  **(See Exhibit A)**

When the Fraud Scheme did not work in Mississippi, the (RICO) KingPin coerced Judge Eddie Hardaway (Ira Drayton Pruitt's former attorney) to grant a $6,559,648.00, Six Million, five hundred and fifty-nine, six hundred and forty-eight million dollar judgment in favor of the (RICO) in Alabama. **(See BRUCE L. JOHNSON, MICHAEL L. KING, WILLIAM HARRISON v. EDWARD LUKE, et.al - CV-2010-000032.00   (See Exhibit B)**

"Courts are mere instruments of law, and can will nothing. When they are said to exercise discretion, it's a mere legal discretion, discretion to exercise concerning the course described by law, and when that is discerned, it is the duty of the court to follow it. Judicial power is never exercised for the purpose of giving effect to the judge; always for the purpose of giving effect to the legislature; or in other words, to the will of the law." **OSBORN v. BANK OF THE UNITED STATES**, 9 Wheat (22 U.S.) 738, 886, 6 L Ed. 204 (1824) **UNITED STATES v. SIMPSON,** 927 F. 2d 1088, 1090, (9th Cir. 1991)

**NOTE:  The judgment was granted with NO pre-trial, or trial!  The case was never called, and the attorney William Brewer, III will testify that he was present in court.**

Evidence provides the common thread between all the Defendants in this (RICO), and **(former attorney for the Petitioner)** is Ira Drayton Pruitt, Jr. Ira Drayton Pruitt, Jr.. Born in 1937, was admitted into Alabama Bar Assoc. in1961, is the only member of the (RICO) with the capacity, and trail of evidence to orchestrate, and protect the members of the (RICO) in this matter while accumulating 115 properties since 2010.   **(See Exhibit C)**

**Member of the Board:**

**Alabama Law Foundation
Chairman of Regions Bank
Gulf Coast Energy, Inc.
Cyber Operations, Inc.
Biobait, Inc.
Montgomery Institute Board of Trustees, and
President's Counsel, University of Alabama**

This (RICO) organization has literally taken hundreds of acres of land from Alabama-Mississippi Farm, Inc., and is seeking thousands more acres without even an arraignment hearing.  Ira Drayton Pruitt has judges in his pocket, lawyers sit in court, and they don't even call the case, but the case has a $6,599,648.00 judgment in favor of Pruitt's (RICO).

The case can be looked up in The Circuit Court of Greene County, Alabama.  Case number CV-2010-32.  They don't even have a complete case number.  The case was filed by (2) disbarred lawyers, who have robbed hundreds of families, and the man behind the scene raised his head in letters demanding to get off his land or else.

## I.   JURISDICTION and VENUE

### (1)

**This court has jurisdiction over this matter pursuant to 28 U.S.C. SECTION 157, 1384, and 11 U.S.C. SECTION 1112.**

**Constitutional Law:  Section 747-**  "The courts of a state cannot without violating the Due-process of law clause of the 14th Amendment, extend their authority beyond their jurisdiction as to condemn the residence of another state when neither his person nor his property is within the jurisdiction of the court rendering the judgment, and a corporation as well as individual is within the protection of these rules." RIVERSIDE & D. RIVER COTTON v. MENEFEE, 237, U.S. 189, 35 Supreme Court 578

"Once jurisdiction is challenged, the court cannot proceed when it clearly lacks jurisdiction, the court has no authority to reach merits, but rather, should dismiss the action."

### (2)

The Plaintiff can show, The Defendants never had authority to file a complaint in any state regarding people or properties that they were never legally authorized.  The circuit court in Mississippi recognized this from the very beginning, and dismissed this case with prejudice.  This is why the Defendants circumvented the pre-trial, and trial because their conspiracy was not based upon merits, but upon the confidence that Ira Drayton Pruitt had enough power to cover their scheme.

The United States Supreme Court states, "That a court is without authority, it's judgments and orders are regarded as nullities, they are not voidable, but simply void, and form no bar to recover sought, **even prior to  reversal in opposition to them**. They constitute no justification, and all persons concerned executing such judgments or sentences are trespassers of law." **ELLIOTT v. PIERSOL,** 1 Pet 328, 340, 26, U.S. 328, 340, (1828)  Thus, whereas a judicial tribunal has no jurisdiction of the subject matter to act, it's proceedings are absolutely void in the fullest sense of the term. **DILLON v. DILLION,** 187 P 27

## II.   MOVANT

(3)

LUKE EDWARDS, Bishop of Aposolic Assemblies, and ex officio Chairman of the Board of ("AAA"), has his principal office, and place of business located at 312 Hyde Park Avenue, Eutaw, Alabama, 35462, where he also resides.

(4)

ALABAMA - MISSISSIPPI FARM, INC., is a business incorporated in the State of Alabama, located at P.O. Box 149, Eutaw, Alabama, 35462;

(5)

HERITAGE REAL ESTATE INVESTMENTS, INC., is a real estate investment company incorporated, located at 312 Hyde Park Avenue, Eutaw, Alabama, 35462, and;

(6)

APOSTOLIC ADVANCEMENT ASSOCIATION, INC., is a religious association located at 312 Hyde Park Avenue, Eutaw, Alabama, 35462. Hereinafter referred to as the  ("Movants").

(7)

"As a man has a natural right to the fruit of his own labor, it follows that no person can rightfully deprive him of those fruits, and appropriate them against his will." **The ANTELOPE, 10 Wheat 66 [6 L Ed 268]**

(22)

The Movants can show, Defendant (Ira Drayton Pruitt) revealed his leadership role when he began representing the (RICO). His representation of the Movant since 2002, provided information that the other (co-defendants) in this case did not have. The Defendant (Ira Drayton Pruitt further enforced the fraudulent court order to demand that the Movants get off the property. The Defendant (Ira Drayton Pruitt), known, or should have known that he was in violation of **Title 18 U.S.C. Section 242**, depriving the Movant of his rights, by retaliation for exposing his (RICO) in the first botched case in Mississippi. In violation of **Title 18 U.S.C. Section 1513. (See exhibit K)**

(23)

The Due-process clause of the Federal Constitutions, Fourteenth Amendment, like the Due-process clause of the Fifth Amendment, is intended to prevent government from abusing power, or employing it as an instrument of oppression. DESHANEY v. WINNEBAGO **COUNTY DEPARTMENT OF SOCIAL SERVICES**, 489, US 189, 109, Supreme Court 998.

(24)

The Movant declares, "When a state officer, acts under the color of law in violation of the Federal Constitution, and is subject in his/her person to the consequences of his/her individual conduct. **SCHEUER v. RHODES**, 416 U.S. 232, 94, Supreme Court 1683, 1687, (1974)

(25)

In conclusion, the Movants moves the Honorable United States Attorney, Department of Justice, and Federal Bureau of Investigations to execute sanctions against the Defendants, provide a labyrinthine investigation, and prosecute the Defendants to the full extent of the law.

This WHISTLEBLOWER PETITION was respectfully submitted by Luke Edwards, this _____ day of September, 2020, for and on behalf of ALABAMA - MISSISSIPPI FARM, INC.

_Luke Edwards_
_____
SIGNATURE

_9 - 21 - 2020_
_____
DATE

_Mea M. Jordan_   Notary
_June 25, 2024_                     -7-

314 Edwards Dr
Eutaw AC 3546
#Ph - 205-609-865

FILED

2020 Oct-22  AM 09:42
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF ALABAMA**

**WESTERN DIVISION**

FILED

2020 OCT 21  P 1: 20

U.S. DIST. OF COURT
N.D. OF ALABAMA

**LUKE EDWARDS, ET.AL**

RECEIVED
Mail Room

FEB 11 2022

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

**V.**

**CASE # 7:20-CV-01400-LSC**

**IRA DRAYTON PRUITT,**

**J.STEPHEN SMITH,**

**SHARON HARRIS, ET.AL**

*Attachment*

**WHISTLEBLOWER COMPLAINT**

I am reporting an urgent concern in accordance with the procedure outlined in **50 U.S.C. Section 3033(k)(5)(A).**

**Title 21 USC Section 848 CONTINUING CRIMINAL ENTERPRISE**

**Title 18 USC Section 1961(1), and Title 18 U.S.C. Section 2(a) & (b)**

**Title 1956(a)(i), (A), (i), (ii), (2), (A),, (B), (i), (ii)**

**Title 18 USC section 2073**

**FRAUD UPON THE COURT PURSUANT TO RULE 60 (d)(3)**

**ADDENDUM TO THE ORIGINAL COMPLAINT**

Fraud Upon The Court occurs when the judiciary machinery itself has been tainted such as when an attorney, who is an officer of the court, is involved in the perpetration of the fraud or makes material misrepresentation to the court. "**BULLOCK V. UNITED STATES**, 1115, 1121 (10TH Cir. 1985). Fraud Upon The Court is fraud which is directed to the judicial machinery itself.

**Rule 60 (d)(3) addresses an independent action to relieve a party from a judgment, order or proceeding in this court, as well as a Bankruptcy Court.**

-1-

## STATEMENT OF FACTS

**The Movant can show,** the Defendants have established a very sophisticated scheme to steal land and property from Alabama, and liquidate that property in Mississippi.  Considering the evidence is so profound and blatant, it would not be out of the reality of the exact same scheme to take place between the state of Mississippi stealing the property from Mississippi and liquidating the property in Alabama.  This labyrinthine investigation reveals numerous layers of judicial misconduct from the State level of government, up into the District Court level of Government.

The Movant declares, if this (RICO) is more powerful than this Honorable Court, and the influences of this Continuing Criminal Enterprise are above prosecution in this jurisdiction, the Movant suggests that this Court voluntarily transfer this case to a jurisdiction that is not tainted with corruption, and can perform the machinery of the judicial branch of government.

## THE PATTERN OF CORRUPTION CONTINUES

(1)

Pursuant to Rule 33 of the Federal Rule of **Criminal** Procedure, Movant LUKE EDWARDS, et.al, requests that J. Stephen Smith (Defendant), of 1052 Highland Colony Parkway, suite 100, Ridgeland, Mississippi,  39157, be included in the (RICO), as a major co-conspirator, and possible leader.

(2)

The Movant can show, on September 21, 2020, the Movant filed a "Continuing **Criminal** Enterprise", and (RICO), and Defendant (HARRIS) filed the Whistleblower complaint as a "Civil Suit".  The Federal Rules of **Criminal** Procedure is the only path forward in the charges filed against the Defendants, and the clerk of the court, SHARON HARRIS (HARRIS), located at 1729 5th Avenue North, Birmingham, Alabama 35203.

(3)

The Defendant (HARRIS) has tainted the judicial machinery as the filing of such as charges provides evidence that the clerk is Aiding and abetting the (RICO).

(4)

On October 21st, 2020, the Defendant (SMITH), located at 1052 Highland Colony Pkwy, Suite 100, Ridgeland, Mississippi is in violation of **Rule 60 (d)(3),** attempting to coerce Judge Olack to make an Order outside of Judge Olacks jurisdiction.  In continuation of this (RICO) activities, the urgency to suppress and conceal the obvious has been exposed.  The Defendant (SMITH) has revealed that they have no respect for the machinery of the Court.  **See Exhibit (A)**

(5)

On October 5, 2020, in violation of Due-Process of Law, as well as the Fourteenth Amendment, the Defendant (SMITH), without a written response from Judge Olack, decided to move forward with his own personal agenda in favor of the (RICO), in sending People to threaten tenants, as well as sale notice to the Movant. **See Exhibit (B)**

(6)

The Movant contends, in efforts to thwart Due-Process of Law, the Defendant violated **Title 18 U.S.C. Section 1341 and 1342**, engaging in mail-fraud and wire fraud.

(7)

The Movant can show, the Exhibits **(A)** and **(B)** reflect a line of communications between the co-conspirators, as the Defendant (SMITH) has "**continued**" the auction process without authority or jurisdiction.

(8)

The Movant can show, the (RICO) has established a pattern of corruption that clearly reveals the theft of property from the State of Alabama, and sell the property in the State of Mississippi. This pattern of corruption has been established within the fabric of the ongoing criminal enterprise's scheme. The first attempt to steal the property from the Movant was when the (DEFENDANTS) created a duplicate company in Mississippi, named, ALABAMA-MISSISSIPPI Farms, LLC., to clone the Movants company ALABAMA-MISSISSIPPI FARM, LTD. The DEFENDANTS manufactured a QUITCLAIMS Deed in their name, attempting to sell the Movants property.

(9)

In this case, the DEFENDANT (HARRIS), received a Complaint with not one sentence referencing a civil complaint, and titled the complaint Civil providing Defendant (PRUITT) fraudulent way of addressing the Court without addressing the complaint.

(10)

The Movant contends, there are only two way for the Defendants to proceed in this Court. The first way being, to address this Honorable Court with legal documents that provides a bona-fide legal agreement or disagreement that supports the Judgement to the Defendants, or (2) two, a settlement offer. Any documents or materials filed with this court, or any other court of law, within the Federal Jurisdiction of ALABAMA, or MISSISSIPPI will be considered mail fraud and wire fraud, pursuant to **Title 18 USC Section(s) 1341 & 1342** Aiding and Abetting, in support of the Continuing Criminal Enterprise.

-3-

(11)

The Movant contends, to receive a financial judgment for over $6,559,648.00, there must be evidence to support such a judgment.  Provide a contract that was made between the two parties that was in dispute.  A Court of Honor would request that information under the DUE-Process of law required, to support such a judgment.

(12)

Therefore, let the record show, the Movant requests the following Interrogatory Questions from the Defendant **(SMITH),** with the same meanings and definitions that apply in the original complaint of Interrogatories starting at #10.

**Documents(s)** – means all writings of any kind including, without limitations, the original and all *identical copies,* whether different from the originals by reason of notations made on such copies or otherwise including, without limitations, correspondence, memoranda, notes, diaries, statistics, letters, receipts, emails and attachments, telegrams, minutes, contracts, reports, checks, check stubs, bank wires, inter-office telephone calls, meetings, and any other communications of any kind.

(13)

### INTERROGATORY QUESTIONS

**Question One:**

Provide and describe a complete copy of every document that you have received from The United States Bankruptcy Court, for the Southern District of Mississippi  Chapter 7,  case # 14-03603NPO, and Case # 16-01156-NPO.

(14)

**Question Two:**

Provide and describe the merits of the each of the cases mentioned in cases mentioned in Question one.

(15)

**Question Three:**

Provide and describe your history of auctioning off properties from ALABAMA residents in this court since 2002.

-4-

(16)

**Question Four:**

Provide and describe the relationship that you have with your co-defendants in this case since 2002.

(17)

**Question Five:**

Provide and describe all court proceeding that you have participated in with any of the co-defendants since 2002.

(18)

**Question Six:**

You received the Whistle Blower complaint in September 2020.  Provide and describe what authority that you had to issue the October 5, 2020 letter to the Defendants in **Exhibit (B)**

(19)

This is the first set of Interrogatory questions requested from the Defendant (SMITH) in this case.

(20)

The United States Supreme Court states, "That a court is without authority, its judgments and orders are regarded as nullies, they are not voidable, but simply void, and can form no bar to be sought, even prior to reversal in opposition to them.  They constitute no justification, and all persons concerned executing such judgments or sentences are trespassers of law. **ELLIOTT v. PIERSOL**, 1 Peter 328, 340, 26, U.S. 328 (1828)  Thus, whereas a judicial tribunal has no jurisdiction of the subject matter to act, its proceedings are absolutely void in the fullest sense of the term. **DILLON v. DILLON,** 187 P. 27

(21)

When a state officer acts under the Color of Law in violation of the Federal Constitution, and is subject in his/her person to the consequences of his/her individual conduct.  **Scheuer v. Rhodes,** 416 US 94, Supreme Court 1683, 1687, (1974)

(22)

The Movant concludes, This Whistle Blower Complaint is an ongoing investigation between multi-states, and anyone who wishes to enjoin this investigation and prosecution should

continue to enforce illegal occupancy of the Movants property in this "Continuing Criminal Enterprise.

-5-

(23)

In conclusion, the methods used by this (RICO) is an agreement between owners of the banks, real estate companies, and lawyers. They used their political and professional power to induce a law suit, and exhaust the funds of the target until they received their intended results. The ownership of that tax paying citizen's property. The (RICO) applies so many legal challenges to the targets that they wind up losing the property, or in Bankruptcy, where they finish their scheme. When the land amounts are large, and the target can fight them in court longer than they wish to fight, they do what this (RICO) did, they just take the property "Under The Color of Law".

A Defendant who has committed the predicate act of mail or wire fraud may be subject to severe sanction than those on mail or wire fraud conviction. For example: the U.S.S.G. Section E 1.1. In addition, the government may seek civil, pursuant to Title(s) 18 U.S.C. Section 1964, or 18 U.S.C. 1963 (a) (1)- (3)

Forfeit of Assets:

Courts generally held that (RICO) criminal forfeiture of assets is mandatory upon the Defendants conviction. **O. Obermaier and R. Morvillo, Section 11.5, at 11**-22 (Citing cases from the Third, Fourth, Fifth, Ninth, and Eleventh Circuits) The property subject to forfeiture includes real property and tangible and intangible personal property. **See Title 18 U.S.C. 1963(b)**

This Motion was filed on this _21st_ day of October 2020.

_Luke Edward_

_Luke Edwards_
_314 Edwards DR_
_Eutaw AC 35462_
_Ph# 205-609-8659_

**Movant**

_Sworn to an subscribed before me this 21st day of Oct. 2020._
_Nea M. Bedan / notary Public_
_6-25-2024_

-6-

Certificate of service should include:

F.B.I.   Alabama

F.B.I.   Mississippi

United States Attorney General in Alabama

United States Attorney General in Mississippi

Attorney General in Washington D.C.

And the Defendants listed above.

Names and Address first class mail.



Form 2500C (Rev. 12/15)

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

Alabama–Mississippi Farm Inc.                                    CASE NO. 16–01156–NPO

     DEBTOR.                                                       CHAPTER 7

Stephen Smith , as Trustee for the Estate of Heritage Real          PLAINTIFF
Estate Investment, Inc., and as Trustee for the Estate of
Alabama–Mississippi Farm, Inc.

     v.                                          ADV. PROC. NO.  20–00035–NPO

Bishop Luke Edwards                                              DEFENDANT

## SUMMONS AND NOTICE OF HEARING IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to file a motion or answer to the complaint which is attached to this summons
with the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the
United States and its offices and agencies shall file a motion or answer to the complaint within 35 days.

     Address of the clerk:              Danny L. Miller, Clerk of Court
                                       501 East Court Street, Suite 2.300
                                       P.O. Box 2448
                                       Jackson, MS 39225–2448

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

     Name and Address of Plaintiff's Attorney:     Jim F. Spencer, Jr., Esq.
                                         PO Box 650
                                        Jackson, MS 39205–0650

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012.

YOU ARE NOTIFIED that an evidentiary hearing on the complaint will be held at the following time and place:

     Address:          Thad Cochran United States Courthouse, Bankruptcy Courtroom 4C, 501 East
                         Court Street, Jackson, Mississippi.

     Date and Time:     October 27, 2020 at 01:30 PM.

Testimony will be taken. Witnessess shall appear.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR
CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY
DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

Date: October 2, 2020



                                        Danny L. Miller, Clerk of Court

                                        By: /s/Dawn Sanderson, Deputy Clerk

Case 1:22-cv-00398-RBW   Document 1   Filed 02/11/22   Page 78 of 121
14-03603-NPO   Dkt 498   Filed 10/05/20   Entered 10/05/20 16:20:43   Page 1 of 6
Case 7:20-cv-01400-LSC   Document 10   Filed 10/22/20   Page 9 of 9

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

IN RE:                                                                                      CHAPTER 7
HERITAGE REAL ESTATE INVESTMENT, INC.                              CASE NO. 14-03603-NPO

**NOTICE OF MOTION FOR APPROVAL OF AUCTION CONTRACT/
PROPOSAL, SALE OF PROPERTY, FREE AND CLEAR OF LIENS
AND AUCTIONEER'S FEES AND EXPENSES**

**TO ALL CREDITORS AND PARTIES IN INTEREST:**

NOTICE IS HEREBY GIVEN that a Motion for Approval to Sell Property, Free and Clear of
Liens, Approval of Auction Contract/Proposal and Approval of Auctioneer's Fees and Expenses has been
filed on behalf of the Trustee. The Trustee requests authorization to liquidate the following real property
of the debtor in an On-line Only Auction:

- 177+/- acres, Sumter County, Alabama.
- 564+/- acres, Sumter County, Alabama.

That any outstanding ad valorem taxes, plus accrued interest, will be paid at the time of closing.

NOTICE IS FURTHER GIVEN that the on-line only bidding platform will open at a date and
time to be determined. The Trustee will file a Notice of the dates and times for the auction, no later than
ten (10) days before the auction opens, and will mail the Notice to all parties listed on the Official
Mailing Matrix. Bidders can Register and bid at www.tayloruaction.com on those days. A description
and photographs of the property will be available.

NOTICE IS FURTHER GIVEN that the Trustee is requesting authority to pay Taylor Auction
and Realty, Inc. compensation of a ten percent (10%) buyer's premium assessed on the hammer price,
plus estimated expenses up to $16,500.00.

NOTICE IS FURTHER GIVEN that TWENTY-ONE (21) DAYS from the date of this Notice
are granted in which a written objection or other responsive pleading must be filed with the United States
Bankruptcy Court, P.O. Box 2448, Jackson, Mississippi 39225-2448; and to the undersigned attorney for
the Trustee, at the below listed address.

If no objections are timely filed, the Trustee will present this matter to the Court for entry of an
Order, *EX PARTE*.

DATED, this the _____ day of _____, 2020.

EILEEN N. SHAFFER, MSB #1687
Attorney for Trustee
Post Office Box 1177
Jackson, Mississippi 39215-1177
(601) 969-3006
eshaffer@eshaffer-law.com

*Exhibit K*

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

In re: ALABAMA-MISSISSIPPI FARM INC.   §       Case No. 16-01156-JAW
                                        §
                                        §
                                        §
        Debtor(s)

## CHAPTER 7 TRUSTEE'S FINAL ACCOUNT AND DISTRIBUTION REPORT CERTIFICATION THAT THE ESTATE HAS BEEN FULLY ADMINISTERED AND APPLICATION TO BE DISCHARGED (TDR)

Stephen Smith, chapter 7 trustee, submits this Final Account, Certification that the Estate has been Fully Administered and Application to be Discharged.

1) All funds on hand have been distributed in accordance with the Trustee's Final Report and, if applicable, any order of the Court modifying the Final Report. The case is fully administered and all assets and funds which have come under the trustee's control in this case have been properly accounted for as provided by law. The trustee hereby requests to be discharged from further duties as a trustee.

2) A summary of assets abandoned, assets exempt, total distributions to claimants, claims discharged without payment, and expenses of administration is provided below:

| | |
|---|---|
| Assets Abandoned:   $0.00 **(without deducting any secured claims)** | Assets Exempt:  N/A |
| Total Distributions to Claimants:   $361,341.57 | Claims Discharged Without Payment:  N/A |
| Total Expenses of Administration:   $490,658.43 | |

3) *Total gross receipts of $852,000.00 (see* **Exhibit 1**), minus funds paid to the debtor and third parties of $0.00 (see **Exhibit 2**), yielded net receipts of $852,000.00 from the liquidation of the property of the estate, which was distributed as follows:



RECEIVED
Mail Room

FEB 11 2022

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

**UST Form 101-7-TDR ( 10 /1/2010)**

|  | CLAIMS SCHEDULED | CLAIMS ASSERTED | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|
| SECURED CLAIMS (from **Exhibit 3**) | $0.00 | $10,074,062.00 | $0.00 | $0.00 |
| PRIORITY CLAIMS: | | | | |
| CHAPTER 7 ADMIN. FEES AND CHARGES (from **Exhibit 4**) | $0.00 | $486,646.02 | $486,646.02 | $486,646.02 |
| PRIOR CHAPTER ADMIN. FEES AND CHARGES (from **Exhibit 5**) | $0.00 | $4,012.41 | $4,012.41 | $4,012.41 |
| PRIORITY UNSECURED CLAIMS (from **Exhibit 6**) | $0.00 | $0.00 | $0.00 | $0.00 |
| GENERAL UNSECURED CLAIMS (from **Exhibit 7**) | $906,315.40 | $2,356,000.00 | $12,425,800.11 | $361,341.57 |
| **TOTAL DISBURSEMENTS** | $906,315.40 | $12,920,720.43 | $12,916,458.54 | $852,000.00 |

4) This case was originally filed under chapter 11 on 03/31/2016, and it was converted to chapter 7 on 06/29/2016. The case was pending for 62 months.

5) All estate bank statements, deposit slips, and canceled checks have been submitted to the United States Trustee.

6) An individual estate property record and report showing the final accounting of the assets of the estate is attached as **Exhibit 8**. The cash receipts and disbursements records for each estate bank account, showing the final accounting of the receipts and disbursements of estate funds is attached as **Exhibit 9**.

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.



Dated:   08/20/2021          By: /s/ Stephen Smith

                                      Trustee

**STATEMENT This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.**

**RECEIVED**
Mail Room

FEB 11 2022

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

RE:                                                                      CHAPTER 7

HERITAGE REAL ESTATE INVESTMENT, INC.           CASE NO. 14-03603-JAW

### NOTICE OF TRUSTEE'S MOTION FOR SECOND INTERIM
### DISTRIBUTION AND PAYMENT OF CHAPTER 11 ADMINISTRATIVE EXPENSES

**NOTICE IS HEREBY GIVEN** that Stephen Smith, Trustee, has filed a Motion for Second Interim Distribution and Payment of Chapter 11 Administrative Expenses pursuant to the Order Approving Joint Motion to Approve Compromise and Settlement [Dkt. #725]. The Trustee requests authority to disburse $120,000.00 and the Chapter 11 Administrative Expense in the amount of $12,043.76 to be paid as follows:

- $60,000.00 - to be paid to Derek Henderson on behalf of IB Property Holdings, LLC and Community Loan Servicing, LLC (f/k/a Bayview Loan Servicing).

- $48,000.00 - to be paid to Jeff Rawlings on behalf of his clients:

  - $16,000.00 - The Estate of Bruce L. Johnson
  - $16,000.00 - Michael L. King
  - $16,000.00 - William Harrison

- $12,000.00 - Lien claim asserted by Drayton Pruitt to be paid to Derek Henderson to be held in his trust account;

- $12,043.76 - Chapter 11 administrative expense to be paid to Craig M. Geno, PLLC

**NOTICE IS HEREBY FURTHER GIVEN** that **TWENTY-ONE (21) DAYS** from the date of this Notice are granted in which a written objection or other responsive pleading may be filed with the United States Bankruptcy Court, at Post Office Box 2448, Jackson, Mississippi 39225-2448; and Eileen N. Shaffer, Attorney for Stephen Smith, Trustee, at the address listed below. If no objections are filed, the Court may consider this matter *EX PARTE*.

**DATED** this the _____ day of _____, 2022.

_____
EILEEN N. SHAFFER, MSB #1687
Post Office Box 1177
Jackson, MS 39215-1177
(601) 969-3006

## CERTIFICATE OF SERVICE

     I, Eileen N. Shaffer, Attorney for Trustee, do hereby certify that I have this date mailed, by United States Mail, postage prepaid, or electronically transmitted via CM/ECF Noticing, a true and correct copy of the above and foregoing Notice of Trustee's Motion for Interim Distribution to all creditors and parties in interest listed on the master address list on file, attached hereto as Exhibit "A", and to the parties listed below on the day and year hereinafter set forth:

     I. Drayton Pruitt, Esq.
     Pruitt & Pruitt, P.A.
     312 S. Washington St.
     P.O. Box 1037
     Livingston, AL 35407-9790

     Craig M. Geno, Esq.
     Attorney for Debtor
     cmgeno@cmgenolaw.com

     United States Trustee
     USTPRegion05.JA.ECF@usdoj.gov

**SO CERTIFIED** this the _____ day of _____, 2021.

_____
EILEEN N. SHAFFER

*Exhibit L*



**SO ORDERED,**

Judge Neil P. Olack
**United States Bankruptcy Judge**
**Date Signed: February 4, 2021**

**The Order of the Court is set forth below. The docket reflects the date entered.**

---

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF MISSISSIPPI

**IN RE:**

| | |
|---|---|
| **HERITAGE REAL ESTATE INVESTMENT, INC.,** | **CASE NO. 14-03603-NPO** |
| **DEBTOR.** | **CHAPTER 7** |

## ORDER RESOLVING ORDERS TO SHOW CAUSE

This matter came before the Court for a hearing on January 25, 2021 (the "Show Cause Hearing"), on the Orders to Show Cause (the "Show Cause Orders") (Dkt. 529, 530) issued to Luke Edwards ("Bishop Edwards") to show cause why the Notice of Motion Pursuant to Rule 60(d)(3) & 60(b)(4) (the "Notice") (Dkt. 523) filed in the above-referenced bankruptcy case (the "Bankruptcy Case") on November 12, 2020 should not be stricken from the docket and why sanctions or other relief should not be imposed against him. At the Show Cause Hearing, Bishop Edwards appeared on his own behalf. Jim F. Spencer appeared on behalf of Stephen Smith, the duly-appointed chapter 7 trustee (the "Trustee") for the bankruptcy estate of Heritage Real Estate Investment, Inc. ("Heritage"). After considering the matter, the Court finds as follows:

### Jurisdiction

The Court has jurisdiction over the parties to and subject matter of pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). Notice of the

Page 1 of 14

Show Cause Hearing was proper under the circumstances.

## Facts[1]

The Bankruptcy Case has a long and complicated history which will not be repeated here except as necessary to provide context to the Show Cause Orders.[2] Briefly, Heritage is one (1) of six (6) related entities operating under the umbrella of the Greater Christ Temple Apostolic Church (the "Church") in Eutaw, Alabama. Bishop Edwards established the Church in 1961. Other Church-related entities include Alabama-Mississippi Farm, Inc. ("AL-MS Farm"), Dynasty Group, Inc. ("Dynasty"), Reach, Inc., Apostolic Association Assemblies, Inc., and Apostolic Advancement Association ("AAA").

Heritage was established as a for-profit corporation in Mississippi in 1989 and has served as a holding company for multiple businesses, including motels, a shopping center, and convenience stores. (Dkt. 75 at 3-4). On August 25, 2011, a default judgment in the amount of $6,599,648.00 (the "Alabama Default Judgment") was entered against Heritage, Bishop Edwards, AL-MS Farm, and AAA by Judge Eddie Hardaway ("Judge Hardaway") of the Circuit Court of Greene County, Alabama in favor of William Harrison ("Harrison"), Michael King ("King"), and Bruce Johnson ("Johnson"[3] or together with Harrison and King, the "Harrison Parties"). *See Edwards v. Johnson*, 143 So. 3d 691 (Ala. 2013). An untimely appeal of the Alabama Default

---

[1] The Court makes the following findings of fact and conclusions of law in accordance with Rule 7052 of the Federal Rules of Bankruptcy Procedure.

[2] A full discussion of the history of the Bankruptcy Case is recited in the Memorandum Opinion and Order: (1) Consolidating Hearing; (2) Granting Motion for Default Judgment; (3) Issuing Permanent Injunction; and (4) Awarding Damages entered in *Heritage Real Estate Investment, Inc. v. Edwards*, Adv. Proc. 20-00034-NPO and *Alabama-Mississippi Farm, Inc. v. Edwards*, Adv. Proc. 20-00035-NPO.

[3] Johnson died in 2019. After his death, his estate was substituted as the named party in pending contested matters. For brevity, all references to Johnson after his death are to his estate.

Judgment was dismissed by the Alabama Supreme Court on October 18, 2013.  *Id.*  In an effort to collect the Alabama Default Judgment, the Harrison Parties filed the Complaint for Fraudulent Transfer of Real Estate and for an Injunction in the Circuit Court of Sumter County, Alabama (the "Alabama Fraudulent Transfer Litigation") to set aside conveyances from Heritage to Dynasty of seventeen (17) parcels of property located in Sumter County, Alabama (the "Sumter Property"). (Dkt. 268, 490, 493).

**Bankruptcy Case**

On November 6, 2014, Heritage commenced the Bankruptcy Case under chapter 11 of the U.S. Bankruptcy Code.  (Dkt. 1).  The Bankruptcy Case was converted to a chapter 7 case on January 21, 2015 (Dkt. 75), and the Trustee was appointed to administer the Heritage bankruptcy estate.  (Dkt. 83).

The Trustee's duties in the Bankruptcy Case are set forth in 11 U.S.C. § 704 and include "collect[ing] and reduc[ing] to money the property of the estate" and "object[ing] to the allowance of any claim that is improper."  11 U.S.C. § 704(a)(1), (5).  In that regard, the Trustee was substituted as the plaintiff in the ongoing Alabama Fraudulent Transfer Litigation in *Smith v. Dynasty Group, Inc.*, No. CV-14-9000949 (Ala. Cir. Ct.).  The Trustee also objected to the proofs of claims filed by the Harrison Parties in the Bankruptcy Case.  (Heritage Cl. 11, 13).  After an evidentiary hearing, the Court entered an order ruling that the Harrison Parties hold a general unsecured claim of $8,047,163.52 against the Heritage bankruptcy estate based on the Alabama Default Judgment.  (Dkt. 342).  The Harrison Parties' claim is by far the largest debt owed in the Bankruptcy Case.

Numerous contested matters have been adjudicated in the Bankruptcy Case.  Of relevance to the present matter is the Debtors' Motion to Compel Trustee's Abandonment of Property of the

Estate (Litigation Claims) (the "Motion to Compel") (Dkt. 413) filed in the Bankruptcy Case on November 25, 2019 by attorneys purportedly acting on behalf of Heritage. They asked the Court to allow them to serve as the Trustee's special counsel to pursue claims allegedly held by Heritage against the Harrison Parties for violations of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, both federal and state. *See* 18 U.S.C. §§ 1961, 1962, 1964; MISS. CODE ANN. § 97-43-3. Attached to the Motion to Compel was the proposed Complaint (the "Proposed RICO Complaint") detailing the factual basis for the alleged causes of action. Prominent among the numerous allegations in the Proposed RICO Complaint is the assertion that the Harrison Parties obtained the Alabama Default Judgment by fraud. The Trustee objected to the pursuit of those RICO claims on the ground, *inter alia*, that the Proposed RICO Complaint constituted a collateral attack of the Alabama Default Judgment. (Dkt. 413-5). Thereafter, the Court entered the Agreed Order Granting Withdrawal of Motion to Compel Trustee's Abandonment of Property of Estate (Litigation Claims) (Dkt. 417) arguably ending the pursuit of the RICO allegations against the Harrison Parties.

After a jury trial in the Alabama Fraudulent Transfer Litigation, a final judgment was entered in favor of the Trustee, setting aside the conveyances of the Sumter Property to Dynasty and revesting title in Heritage. (Dkt. 268, 490, 493). On July 10, 2020, the Alabama Supreme Court affirmed the trial court. (Dkt. 493-1).

In the Bankruptcy Case, the Trustee filed the Motion for Approval of Auction Contract/Proposal, Sale of Property, Free and Clear of Liens and Auctioneer's Fees and Expenses (the "Motion to Sell") (Dkt. 497) on October 5, 2020, asking the Court to approve the sale of two (2) parcels of the Sumter Property recovered as a result of the Alabama Fraudulent Transfer Litigation. Objections to the Motion to Sell were filed by the Harrison Parties, Bayview Loan

Servicing, LLC ("Bayview"), and IB Property Holdings, LLC ("IB"). (Dkt. 502, 508). Subsequently, the Trustee, the Harrison Parties, Bayview, and IB reached an agreement, and on November 2, 2020, the Court entered the Agreed Order Approving Motion for Approval of Auction Contract/Proposal, Sale of Property, Free and Clear of Liens, and Auctioneer's Fees and Expenses[4] (the "Sumter Sale Order") (Dkt. 518).

**Whistleblower Action**

Bishop Edwards, who is not an attorney, filed a "Whistle Blower" complaint (the "Whistleblower Complaint") individually and purportedly on behalf of Heritage, AL-MS Farm, and AAA in the U.S. District Court for the Northern District of Alabama (the "Alabama District Court") (Civ. No. 7:20-cv-01400-LSC (Dkt. 1) (N.D. Ala.)) (the "Whistleblower Action"). The Whistleblower Complaint named as defendants the Harrison Parties; Ira Drayton Pruitt Jr., the lawyer who represented the Harrison Parties in obtaining the Alabama Default Judgment; Judge Hardaway; and Margo Bryan, Judge Hardaway's court reporter. The Whistleblower Complaint alleged that the Alabama Default Judgment was part of a "RICO" scheme. Attached to the Whistleblower Complaint are numerous exhibits, including an early draft of the Proposed RICO Complaint.

On September 30, 2020, nine (9) days after filing the Whistleblower Complaint, Bishop Edwards filed an amended Whistleblower Complaint (Civ. No. 7:20-cv-01400-LSC (Dkt. 2) (N.D. Ala)). He then filed a second amended Whistleblower Complaint (Civ. No. 7:20-cv-01400-LSC (Dkt. 3) (N.D. Ala.)) and a third amended Whistleblower Complaint (the "Third Amended Whistleblower Complaint") (Civ. No. 7:20-cv-01400-LSC (Dkt. 10) (N.D. Ala.)) without first

---

[4] Dynasty did not file an objection to the Motion to Sell, but on November 16, 2020, filed a Motion to Reconsider (Dkt. 525), which the Court denied. (Dkt. 562). Dynasty appealed the denial of the Motion to Reconsider (Dkt. 525) to the U.S. District Court for the Southern District of Mississippi in No. 3:21-cv-00003-CWR-LGI. (Dkt. 569). That appeal remains pending.

seeking permission from the Alabama District Court or the opposing parties. The Third Amended Whistleblower Complaint added as defendants the Trustee and Sharon Harris ("Harris"), the Clerk of the Alabama District Court. Numerous motions to dismiss were filed in the Whistleblower Action. (Civ. No. 7:20-cv-01400-LSC (Dkt. 4, 6, 12) (N.D. Ala.)).

**Notice**

The Notice was sent to this Court by U.S. mail and filed in the Bankruptcy Case on November 12, 2020. The Notice is addressed specifically to the above-signed judge "in his insured capacity." (Dkt. 523 ¶ 8). The handwritten signature of "Luke Edwards" appears at the bottom of the second page, and below his signature is the stamp and handwritten signature of a notary public. Bishop Edwards' address and telephone number are handwritten on the top right-hand corner of the first page.

The body of the Notice consists of eight (8) typewritten paragraphs. The first numbered paragraph alleges that this Court "has been tagged in a Continuing Criminal Enterprise Operation of stealing land and laundering the property" and that "[t]o further execute the purchase, sell, auction or any other advancement of this [Bankruptcy C]ase will result in the participating state [*sic*] employees be[ing] included in the investigation and prosecution." (Dkt. 523 ¶ 1). The second paragraph notifies the Court that Heritage "has filed for [a]n investigation into the validity of the Judgment being executed by this Court" and refers to the "Whistle Blower Criminal Complaint." (Dkt. 523 ¶ 2). The third paragraph notifies the Court that Heritage has filed the "Continuing Criminal Enterprise and (RICO) complaint" and alleges that this Court has been "tainted" and lacks jurisdiction. For this proposition, the third paragraph cites "Rule 60(b)(4)." (Dkt. 523 ¶ 3).

The fourth, fifth, sixth and seventh paragraphs in the Notice consist of a general legal discussion about judgments procured by fraud, void judgments rendered by courts lacking

jurisdiction, and federal constitutional violations by state officers. (Dkt. 523 ¶¶ 4-7). Specifically, the fourth paragraph alleges that "fraud upon the Court . . . occurs when the judicial machinery itself has been tainted such as when an attorney, who is an officer of the court, is involved in the perpetration of the Fraud or makes material misrepresentation to the Court." (Dkt. 523 ¶ 4). This allegation is followed by a citation to *Bulloch v. United States*, 763 F.2d 1115, 1121 (10th Cir. 1985). The fifth paragraph cites Rule 60(d)(3) as authorizing the pursuit of "an independent action to relieve a party from a judgment, order or proceeding in this 'Bankruptcy Court'" and refers to a list of "properties stolen" attached to the Notice. (Dkt. 523 ¶ 5). The sixth paragraph quotes the U.S. Supreme Court's decision in *Elliott v. Peirsol's Lessee*, 26 U.S. 328, 329 (1828), that the judgments and orders of a court that acts "without authority . . . are regarded as nullities. They are not voidable, but simply void; and form no bar to a remedy sought in opposition to them, even prior to a reversal. They constitute no justification; and all persons concerned in executing such judgments, or sentences, are considered, in law, as trespassers." (Dkt. 523 ¶ 6). The seventh paragraph quotes the U.S. Supreme Court's decision in *Scheuer v. Rhodes*, 416 U.S. 232 (1974), regarding the violation of federal constitutional rights by persons acting under color of state law. (Dkt. 523 ¶ 7). The eighth paragraph, mislabeled as the ninth paragraph, states that the Notice is submitted specifically to the above-signed judge. (Dkt. 523 ¶ 8).

There are two (2) exhibits attached to the Notice. The first exhibit is titled, "List of Property Sold" but is referred to in the fifth paragraph as a "listing of the properties stolen." (Dkt. 523 ¶ 5). The second exhibit is the first page of the Sumter Sale Order. (Dkt. 523 at 4).

**Dismissal of Whistleblower Action**

On November 16, 2020, the Alabama District Court entered the Memorandum of Opinion (Civ. No. 7:20-cv-01400-LSC (Dkt. 13) (N.D. Ala.)) dismissing the Trustee and Harris with

prejudice as a procedural matter because of Bishop Edwards' failure to obtain permission before filing the Third Amended Whistleblower Complaint and dismissing all other defendants with prejudice for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. FED. R. CIV. P. 12(b)(6).  No appeal was filed.

**Show Cause Orders**

On November 18, 2020, the Court issued the Show Cause Orders requiring Bishop Edwards to appear at the Show Cause Hearing on December 14, 2020. (Dkt. 529, 530).  The Court issued the first Order to Show Cause (the "First Show Cause Order") (Dkt. 529) because of immaterial, impertinent, scandalous, and/or defamatory matter contained in the Notice. *See* 11 U.S.C. § 107(b)(2); FED. R. BANKR. P. 9018.  The First Show Cause Order questioned whether Bishop Edwards filed the Notice for the improper purpose of disrupting the ongoing administration of the Bankruptcy Case and gave him notice of the actions that the Court possibly could take against him at the Show Cause Hearing.  They included:  (1) striking the Notice from the docket of the Bankruptcy Case; (2) enjoining him from filing any new documents in the Bankruptcy Case containing immaterial, impertinent, scandalous, or defamatory statements, including any documents he filed on behalf of an entity he controlled; (3) imposing monetary sanctions against him; (4) requiring him to pay the attorney's fees and expenses incurred by other parties during the course of this matter, including those associated with any appeal; and/or (5) recommending that the U.S. District Court for the Southern District of Mississippi withdraw the reference in the Bankruptcy Case pursuant to 28 U.S.C. § 157(d) for the limited purpose of considering civil or criminal proceedings against him.

The Court issued the second Order to Show Cause (the "Second Show Cause Order") (Dkt. 530) because Bishop Edwards signed the Notice purportedly while acting *pro se* (without the

assistance of counsel) but its contents suggested impermissible "ghostwriting" by an attorney or other legal professional. *See* FED. R. BANKR. P. 9011(a); *see also Auto Parts Mfg. Miss. Inc. v. King Constr. of Houston, LLC*, 1:11-CV-00251-GHD-SAA, 2014 WL 1217766, at *7 (N.D. Miss. Mar. 24, 2014); *Lanier v. Futch* (*In re Futch*), No. 09-00144-NPO, 2011 WL 1884187 (Bankr. S.D. Miss. May 18, 2011). The Second Show Cause Order instructed Bishop Edwards to be prepared at the Show Cause Hearing to identify by name and address every attorney, other legal professional, or other individual who may have assisted him in preparing, drafting, and/or filing the Notice.

**Show Cause Hearing**

The Show Cause Hearing was originally scheduled to take place on December 14, 2020. On December 11, 2020, Bishop Edwards filed the Request for Continuance (Dkt. 552) asking the Court to reset the Show Cause Hearing because of health concerns. The Court granted Bishop Edwards' Request for Continuance (Dkt. 552) and reset the Show Cause Hearing for January 25, 2021. (Dkt. 553).

The Show Cause Hearing began with Bishop Edwards' statement to the Court that he knew nothing about the Notice. A copy of the Notice then was placed on an overhead projector and the signature at the bottom of the second page was enlarged on a computer monitor. Bishop Edwards' sworn testimony about the Notice follows below:

> Q.   This pleading that is up on the screen right now at docket 523 in the Heritage case, you're telling me that you did not prepare this document?
>
> A.   No, sir.
>
> Q.   But you did sign it?
>
> A.   Yes, sir.
>
> Q.   Do you know who prepared it?

A.      No, sir. I don't know.

Q       Did you read it before you signed it?

A.      No, sir.

Q.      And you don't know the person who presented it for your signature?

A.      No, sir.

(Show Cause Hr'g at 2:42:18-2:43:17 (Jan. 25, 2021)).[5]  In summary, Bishop Edwards identified

the signature on the Notice as his own but testified that he did not prepare it, did not read it before

he signed it, did not know who prepared it, and did not know who presented it to him for his

signature.

### Discussion

The Court addresses the Second Show Cause Order first.  Rule 9011(a) of the Federal Rules

of Bankruptcy Procedure ("Rule 9011(a)") requires that "[e]very petition, pleading, written

motion, and other paper, except a list, schedule, or statement, or amendments thereto, shall be

signed by at least one attorney of record in the attorney's individual name.  A party who is not

represented by an attorney shall sign all papers."  FED. R. BANKR. P. 9011(a).  By signing, filing,

submitting, or later advocating, a petition, pleading, written motion, or other paper, an attorney or

unrepresented party certifies "that to the best of the person's knowledge, information, and belief,

formed after an inquiry reasonable under the circumstances" that it is not being presented for any

improper purpose, the legal contentions are warranted, and the allegations have evidentiary

support.  FED. R. BANKR. P. 9011(b).  The signature requirement ensures that the persons who are

responsible for the accuracy of the content of petitions, pleadings, written motions, and other

papers may be readily identified.  *See In re Stroecker*, Case No. 09-52079-NPO (Dkt. 38) (Bankr.

---

[5] The Show Cause Hearing was not transcribed.  The citation is to the timestamp of the
audio recording.

S.D. Miss. Nov. 17, 2009). Although Rule 9011(b) does not specifically require that a paper be read before it is filed or submitted to the Court, the signature certification renders that requirement self-evident.    5A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & A. BENJAMIN SPENCER, FEDERAL PRACTICE AND PROCEDURE § 1335 (4th ed. 2018). Courts must strike an unsigned paper "unless omission of the signature is corrected promptly after being called to the attention of the attorney or party." FED. R. BANKR. P. 9011(a).

The Notice contains citations to the Federal Rules of Civil Procedure and to case law that Bishop Edwards admitted at the Hearing that he did not know or understand. Indeed, Bishop Edwards testified that he signed the Notice without reading it. He also testified that he does not know who prepared it. His testimony renders the Court unable to determine whether the individual who prepared the Notice is an attorney attempting to evade responsibility for its contents. Regardless, the Court finds that grounds exist under Rule 9011 for striking the Notice from the docket given Bishop Edwards' disavowal of its factual allegations and legal contentions. The Court cautions Bishop Edwards that he will be held responsible for the contents of any pleading, motion, or paper for filing in the Bankruptcy Case that bears his signature. The Court turns next to the issue raised in the First Show Cause Order as to whether the Notice should be stricken on the ground that it contains immaterial, impertinent, scandalous, and/or defamatory material.

Section 107 of the U.S. Bankruptcy Code states that "[e]xcept as provided in subsections (b) and (c) of this section . . . , a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination." 11 U.S.C. § 107(a). The presumption of public disclosure of papers filed in bankruptcy cases is not absolute. Section 107(b) provides, in relevant part, that "on the bankruptcy court's own motion, the bankruptcy court may . . . protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this

title." 11 U.S.C. § 107(b)(2). Similarly, Rule 9018 of the Federal Rules of Bankruptcy Procedure ("Rule 9018") authorizes a bankruptcy court to make any order "which justice requires . . . to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code." FED. R. BANKR. P. 9018.

Neither 11 U.S.C. § 107(b) nor Rule 9018 defines what constitutes "scandalous or defamatory matter," and there is no controlling decision by either the U.S. Supreme Court or the Fifth Circuit Court of Appeals. Courts that have discussed the definition of "defamatory" in 11 U.S.C. § 107(b)(2) have concluded that the statute applies to material that would cause a reasonable person to have a less favorable opinion of an individual if there is an additional showing that either (1) the material is untrue or (2) the material is potentially untrue and irrelevant or included within a bankruptcy filing for an improper end. *Gitto v. Worcester Telegram & Gazette Corp. (In re Gitto Global Corp.)*, 422 F.3d 1, 14 (1st Cir. 2005). Courts have applied the same standard to the definition of scandalous material. *In re City of Detroit*, No. 13-53846, 2014 WL 8396419 (Bankr. E.D. Mich. Aug. 28, 2014). Material is deemed scandalous within the meaning of 11 U.S.C. § 107(b)(2) if it "unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court" if there is an additional showing that the material is false or is potentially false and irrelevant or included within a bankruptcy filing for an improper purpose. *Togut v. Deutsche Bank AG (In re Anthracite Capital, Inc.)*, 492 B.R. 162, 175 (Bankr. S.D.N.Y. 2013) (adopting the use of the term "scandalous" in Rule 12(f) of the Federal Rules of Civil Procedure to interpret 11 U.S.C. § 107(b)(2)).

The Court finds that the allegations in the Notice are offensive and fall within the traditional definition of scandalous and defamatory matter. The allegation that this Court has been "tagged in a Continuing Criminal Enterprise" is offensive, wholly unfounded, and untrue. The

Whistleblower Complaint, which was dismissed with prejudice for failure to state a claim, contained no allegations involving this Court or the administration of the Bankruptcy Case. To the extent the Whistleblower Complaint incorporated the allegations in the Proposed RICO Complaint, those allegations involved conduct that occurred before the filing of the Bankruptcy Case. The suggestion in the Notice that this Court's entry of the Sumter Sale Order, the first page of which was attached as an exhibit, or its approval of the sale or auction of any other property of the Heritage bankruptcy estate could result in employees being prosecuted for fraud likewise constitutes scandalous and defamatory matter.

These allegations are not only untrue but they are irrelevant to the administration of the Bankruptcy Case and asserted for an improper purpose. The Notice does not request any relief and does not respond to any matter pending before the Court. It was filed for the sole purpose of disrupting the administration of the Bankruptcy Case. As a remedy, the Court finds that the Notice should be stricken from the docket.

### Conclusion

The Court finds that the Notice should be stricken from the docket in the Bankruptcy Case under Rule 9011 because Bishop Edwards did not prepare it and disavowed its contents at the Hearing. In the alternative, the Notice should be stricken under 11 U.S.C. § 107(b)(2) and Rule 9018 because it contains scandalous and defamatory matter that is offensive, wholly unfounded, untrue, immaterial, and asserted for an improper purpose.

IT IS, THEREFORE, ORDERED that the Notice is hereby stricken from the docket in the Bankruptcy Case.

IT IS FURTHER ORDERED that Bishop Edwards shall be held responsible for the contents of any pleading, motion, or paper filed in the Bankruptcy Case that bears his signature.

##END OF ORDER##

**EXHIBITS TO**
**FINAL ACCOUNT**

## EXHIBIT 1 – GROSS RECEIPTS

| DESCRIPTION | UNIFORM TRAN. CODE[1] | $ AMOUNT RECEIVED |
|---|---|---|
| REAL ESTATE | 1110-000 | $726,000.00 |
| LEGAL MALPRACTICE CLAIM | 1149-000 | $125,000.00 |
| CATTLE | 1229-000 | $1,000.00 |
| **TOTAL GROSS RECEIPTS** | | **$852,000.00** |

[1]The Uniform Transaction Code is an accounting code assigned by the trustee for statistical reporting purposes.

## EXHIBIT 2 – FUNDS PAID TO DEBTOR & THIRD PARTIES

| PAYEE | DESCRIPTION | UNIFORM TRAN. CODE | $ AMOUNT PAID |
|---|---|---|---|
| | None | | |

## EXHIBIT 3 - SECURED CLAIMS

| Claim NO. | CLAIMANT | UNIFORM TRAN. CODE | CLAIMS SCHEDULED (from Form 6D) | CLAIMS ASSERTED | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|---|
| 2 | William Harrison, Bruce L. Johnson & Michael L. King | 4220-000 | NA | $10,074,062.00 | $0.00 | $0.00 |
| | **TOTAL SECURED** | | **$0.00** | **$10,074,062.00** | **$0.00** | **$0.00** |

**UST Form 101-7-TDR ( 10 /1/2010)**

**EXHIBIT 4 – CHAPTER 7 ADMINISTRATIVE FEES and CHARGES**

| PAYEE | UNIFORM TRAN. CODE | CLAIMS SCHEDULED | CLAIMS ASSERTED | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|
| Trustee, Fees - J. Stephen Smith | 2100-000 | NA | $45,850.00 | $45,850.00 | $45,850.00 |
| Attorney for Trustee Fees - Mississippi Department of Revenue | 3110-000 | NA | $0.00 | $0.00 | $0.00 |
| Accountant for Trustee, Fees - HARPER, RAINS, KNIGHT & COMPANY, P.A. | 3310-000 | NA | $2,507.50 | $2,507.50 | $2,507.50 |
| Accountant for Trustee, Fees - STEPHEN SMITH & COMPANY, P.C. | 3310-000 | NA | $1,800.00 | $1,800.00 | $1,800.00 |
| Accountant for Trustee, Expenses - HARPER, RAINS, KNIGHT & COMPANY, P.A. | 3320-000 | NA | $54.40 | $54.40 | $54.40 |
| Accountant for Trustee, Expenses - STEPHEN SMITH & COMPANY, P.C. | 3320-000 | NA | $34.00 | $34.00 | $34.00 |
| Auctioneer Fees - TAYLOR AUCTION & REALTY | 3610-000 | NA | $66,000.00 | $66,000.00 | $66,000.00 |
| Auctioneer Expenses - TAYLOR AUCTION & REALTY | 3620-000 | NA | $5,150.75 | $5,150.75 | $5,150.75 |
| Fees, United States Trustee | 2950-000 | NA | $325.00 | $325.00 | $325.00 |
| Banking and Technology Service Fee - People's United Bank | 2600-000 | NA | $1,220.24 | $1,220.24 | $1,220.24 |
| Banking and Technology Service Fee - People's United Bank | 2600-000 | NA | $643.60 | $643.60 | $643.60 |
| Banking and Technology Service Fee - Rabobank, N.A. | 2600-000 | NA | $11,401.40 | $11,401.40 | $11,401.40 |
| Banking and Technology Service Fee - United Bank | 2600-000 | NA | $162.48 | $162.48 | $162.48 |
| Income Taxes - Internal Revenue Service (post-petition) - UNITED STATES TREASURY | 2810-000 | NA | $96,276.00 | $96,276.00 | $96,276.00 |
| Other State or Local Taxes (post-petition) - ALABAMA DEPARTMENT OF REVENUE | 2820-000 | NA | $220.00 | $220.00 | $220.00 |
| Other State or Local Taxes (post-petition) - J. TYLER McCAUGHAN, PLLC | 2820-000 | NA | $1,025.44 | $1,025.44 | $1,025.44 |
| Other State or Local Taxes (post-petition) - MISSISSIPPI DEPARTMENT OF REVENUE | 2820-000 | NA | $17,463.67 | $17,463.67 | $17,463.67 |
| Attorney for Trustee Fees (Other Firm) - EILEEN N. SHAFFER | 3210-000 | NA | $31,872.50 | $31,872.50 | $31,872.50 |
| Attorney for Trustee Fees (Other Firm) - LAW OFFICE OF JERRY M. BLEVINS | 3210-000 | NA | $50,000.00 | $50,000.00 | $50,000.00 |

| | | | | | |
|---|---|---|---|---|---|
| Attorney for Trustee Fees (Other Firm) - WATKINS & EAGER, PLLC | 3210-000 | NA | $117,801.50 | $117,801.50 | $117,801.50 |
| Attorney for Trustee Fees (Other Firm) - WILLIFORD, McALLISTER & JACOBUS, LLP | 3210-000 | NA | $1,562.50 | $1,562.50 | $1,562.50 |
| Attorney for Trustee Fees (Other Firm) - Watkins & Eager, PLLC | 3210-000 | NA | $21,651.00 | $21,651.00 | $21,651.00 |
| Attorney for Trustee Expenses (Other Firm) - EILEEN N. SHAFFER | 3220-000 | NA | $716.42 | $716.42 | $716.42 |
| Attorney for Trustee Expenses (Other Firm) - LAW OFFICE OF JERRY M. BLEVINS | 3220-000 | NA | $1,357.69 | $1,357.69 | $1,357.69 |
| Attorney for Trustee Expenses (Other Firm) - WATKINS & EAGER, PLLC | 3220-000 | NA | $1,325.54 | $1,325.54 | $1,325.54 |
| Attorney for Trustee Expenses (Other Firm) - Watkins & Eager, PLLC | 3220-000 | NA | $1,724.39 | $1,724.39 | $1,724.39 |
| Appraiser for Trustee Fees - HARTHCOCK-GRAHAM INSURANCE & REAL ESTATE | 3711-000 | NA | $1,000.00 | $1,000.00 | $1,000.00 |
| Appraiser for Trustee Fees - PENANTLY TIMBERLAND MANAGEMENT, LLC | 3711-000 | NA | $1,000.00 | $1,000.00 | $1,000.00 |
| Surveyor for Trustee Fees - HARRISON SURVEYING & MAPPING, LLC | 3991-620 | NA | $6,500.00 | $6,500.00 | $6,500.00 |
| **TOTAL CHAPTER 7 ADMIN. FEES AND CHARGES** | | NA | **$486,646.02** | **$486,646.02** | **$486,646.02** |

## EXHIBIT 5 – PRIOR CHAPTER ADMINISTRATIVE FEES and CHARGES

| PAYEE | UNIFORM TRAN. CODE | CLAIMS SCHEDULED | CLAIMS ASSERTED | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|
| Prior Chapter Attorney for Trustee/DIP Fees (Other Firm) - Law Offices of Craig M. Geno, PLLC | 6210-000 | NA | $4,012.41 | $4,012.41 | $4,012.41 |
| **TOTAL PRIOR CHAPTER ADMIN. FEES AND CHARGES** | | **$0.00** | **$4,012.41** | **$4,012.41** | **$4,012.41** |

**EXHIBIT 6 – PRIORITY UNSECURED CLAIMS**

| CLAIM NO. | CLAIMANT | UNIFORM TRAN. CODE | CLAIMS SCHEDULED (from Form 6E) | CLAIMS ASSERTED (from Proofs of Claim) | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|---|
| | | | None | | | |

**EXHIBIT 7 – GENERAL UNSECURED CLAIMS**

| CLAIM NO. | CLAIMANT | UNIFORM TRAN. CODE | CLAIMS SCHEDULED (from Form 6F) | CLAIMS ASSERTED (from Proofs of Claim) | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|---|
| 2 | William Harrison, Estate of Bruce L. Johnson, Deceased & Michael L. King | 7100-000 | $0.00 | $0.00 | $10,069,800.11 | $361,341.57 |
| 3 | Reach, Inc | 7200-000 | $0.00 | $2,356,000.00 | $2,356,000.00 | $0.00 |
| N/F | Bruce L. Johnson c/o William Harrison | 7100-000 | $0.00 | NA | NA | NA |
| N/F | Michael King c/o William Harrison | 7100-000 | $0.00 | NA | NA | NA |
| N/F | Reach, Inc. | 7100-000 | $906,315.40 | NA | NA | NA |
| N/F | William Harrison | 7100-000 | $0.00 | NA | NA | NA |
| | **TOTAL GENERAL UNSECURED CLAIMS** | | **$906,315.40** | **$2,356,000.00** | **$12,425,800.11** | **$361,341.57** |

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

Exhibit 8
Page: 1

**Case No.:** 16-01156-JAW

**Case Name:** ALABAMA-MISSISSIPPI FARM INC.

**For Period Ending:** 08/20/2021

**Trustee Name:** (440020) Stephen Smith

**Date Filed (f) or Converted (c):** 06/29/2016 (c)

**§ 341(a) Meeting Date:** 08/04/2016

**Claims Bar Date:** 11/05/2016

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By<br>Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property Formally<br>Abandoned<br>OA=§554(a)<br>abandon. | 5<br>Sale/Funds<br>Received by the<br>Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| 1 | REAL ESTATE<br>13545 HIGHWAY 503<br>DECATUR MS 39327 | 101,260.00 | 500,000.00 | | 726,000.00 | FA |
| 2 | LEGAL MALPRACTICE CLAIM<br>ALABAMA MISSISSIPPI FARM, INC v. WILLIAM C.<br>BREWER, III<br>SUMTER CO., AL CIRCUIT COURT (CV-2014-00026) | 250,000.00 | 250,000.00 | | 125,000.00 | FA |
| 3 | CATTLE (u) | 1,000.00 | 1,000.00 | | 1,000.00 | FA |
| 3 | Assets Totals (Excluding unknown values) | **$352,260.00** | **$751,000.00** | | **$852,000.00** | $0.00 |

**Major Activities Affecting Case Closing:**

Attorneys: Eileen Shaffer / Jim Spencer / Jerry Blevins
Assets: 321 Acres in Newton Co. MS and 25% interest in malpractice claim in Alabama v. Wm Brewer.
Related case: Heritage Real Estate & Investment, Inc - 14-03603-NPO
10/05/2016 - Received the timber appraisal.
12/03/2016 - Sent email to Surveyor and Appraiser to check on the status of the survey and appraisal.
01/25/2017 - Motion filed to approve live auction of property in Newton County, MS.
05/19/2017 - Live auction conducted to sell the Newton County acreage.
06/13/2017 - Third party filed Adv. Proceeding 17-00038-NPO in an attempt to stop the sale of the Newton
County acreage.
06/21/2017 - Order entered approving the sale of cattle.
07/05/2017 - Order entered disallowing the claim of Reach, Inc.
08/16/2017 - Applications filed for approval of attorney fees of Eileen Shaffer and of Watkins & Eager.
11/13/2017 - Objection filed against claim #2.
06/14/2019 - Attended hearing re: motion for interim distribution to unsecured creditors.
06/07/2019 - Hearing held with Judge Hardaway in Sumter County, AL Court re: the malpractice claim -
mediation is scheduled for 10/02/2019 in Birmingham, Alabama.
08/09/2019 - Hand-delivered checks (interim distribution) to Doug Noble, Vangela Wade and Jeff Rawlings
pursuant to the order re: Claim #2 entered 07/18/2019 (Docket #331.)
10/06/2020 - Received settlement funds from the legal malpractice claim.
10/09/2020 - Paid Special Counsel: Jerry Blevins.
02/02/2021 - Paid atty for trustee fees - order of 02/02/2021.
08/20/2021 - Prepared TDR and submitted to the US Trustee for review and approval.

**Initial Projected Date Of Final Report (TFR):** 12/31/2018

**Current Projected Date Of Final Report (TFR):** 05/20/2021 (Actual)

UST Form 101-7-TDR ( 10 /1/2010)

## Form 2

## Cash Receipts And Disbursements Record

Exhibit 9
Page: 1

| Case No.: | 16-01156-JAW | Trustee Name: | Stephen Smith (440020) |
| --- | --- | --- | --- |
| Case Name: | ALABAMA-MISSISSIPPI FARM INC. | Bank Name: | Mechanics Bank |
| Taxpayer ID #: | **-***0259 | Account #: | ******2366 Checking Account |
| For Period Ending: | 08/20/2021 | Blanket Bond (per case limit): | $33,683,348.00 |
| | | Separate Bond (if applicable): | N/A |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
| --- | --- | --- | --- | --- | --- | --- |
| Trans. Date | Check or Ref. # | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposit $ | Disbursement $ | Account Balance |
| 07/28/17 | {1} | TAYLOR AUCTION & REALTY, INC. | PARTIAL PAYMENT (DEPOSIT TENDERED AT AUCTION) ON SALE OF NEWTON COUNTY MS ACREAGE | 1110-000 | 72,600.00 | | 72,600.00 |
| 07/28/17 | | J. TYLER McCAUGHAN, PLLC | BALANCE OF SALE PROCEEDS - NEWTON COUNTY, MS ACREAGE | | 652,374.56 | | 724,974.56 |
| | {1} | | BALANCE OF SALE PROCEEDS $653,400.00 | 1110-000 | | | |
| | | | PRO-RATED 2017 REAL ESTATE TAXES WITHHELD AT CLOSING -$1,025.44 | 2820-000 | | | |
| 07/28/17 | {3} | J. TYLER McCAUGHAN, PLLC | PROCEEDS FROM SALE OF CATTLE | 1229-000 | 1,000.00 | | 725,974.56 |
| 08/03/17 | 101 | PENANTLY TIMBERLAND MANAGEMENT, LLC | FEES FOR TIMBER APPRAISAL - NEWTON COUNTY ACREAGE - ORDER 08/19/2016 (DOCKET 82 & 100) | 3711-000 | | 1,000.00 | 724,974.56 |
| 08/03/17 | 102 | HARTHCOCK-GRAHAM INSURANCE & REAL ESTATE | FEES FOR LAND APPRAISAL - NEWTON COUNTY ACREAGE - ORDER 08/19/2016 (DOCKET 83) | 3711-000 | | 1,000.00 | 723,974.56 |
| 08/03/17 | 103 | HARRISON SURVEYING & MAPPING, LLC | FEES FOR SURVEY - NEWTON COUNTY ACREAGE - ORDER 08/19/2016 (DOCKET 84) | 3991-820 | | 6,500.00 | 717,474.56 |
| 08/03/17 | 104 | WILLIFORD, McALLISTER & JACOBUS, LLP | ATTORNEY FOR TRUSTEE FEES - NEWTON COUNTY ACREAGE - ORDER 04/18/2017 (DOCKET 125) | 3210-000 | | 1,562.50 | 715,912.06 |
| 08/03/17 | 105 | TAYLOR AUCTION & REALTY | FEES & EXPENSES - AUCTIONEER FOR TRUSTEE (LIVE AUCTION) - NEWTON COUNTY ACREAGE - ORDER 06/22/2017 (DOCKET 154) | | | 71,150.75 | 644,761.31 |
| | | | FEES $66,000.00 | 3610-000 | | | |
| | | | EXPENSES $5,150.75 | 3620-000 | | | |
| 08/31/17 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 975.86 | 643,785.45 |
| 09/12/17 | 106 | EILEEN N. SHAFFER | ATTORNEY FOR TRUSTEE - ORDER 09/12/2017 (DOCKET 184) | | | 18,033.28 | 625,752.17 |
| | | | FEES $17,422.50 | 3210-000 | | | |
| | | | EXPENSES $610.78 | 3220-000 | | | |
| 09/12/17 | 107 | WATKINS & EAGER, PLLC | ATTORNEY FOR TRUSTEE - ORDER 09/12/2017 (DOCKET 185) | | | 14,417.51 | 611,334.66 |
| | | | FEES $14,357.50 | 3210-000 | | | |
| | | | EXPENSES $60.01 | 3220-000 | | | |

Page Subtotals: **$725,974.56**   **$114,639.90**

**Form 2**

**Cash Receipts And Disbursements Record**

Exhibit 9

Page: 2

| | | |
|---|---|---|
| Case No.: | 16-01156-JAW | |
| Case Name: | ALABAMA-MISSISSIPPI FARM INC. | |
| Taxpayer ID #: | **-***0259 | |
| For Period Ending: | 08/20/2021 | |

| | |
|---|---|
| Trustee Name: | Stephen Smith (440020) |
| Bank Name: | Mechanics Bank |
| Account #: | ******2366 Checking Account |
| Blanket Bond (per case limit): | $33,683,348.00 |
| Separate Bond (if applicable): | N/A |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Trans. Date | Check or Ref. # | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposit $ | Disbursement $ | Account Balance |
| 09/29/17 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 881.46 | 610,453.20 |
| 10/31/17 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 936.58 | 609,516.62 |
| 11/30/17 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 876.69 | 608,639.93 |
| 12/29/17 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 846.25 | 607,793.68 |
| 01/31/18 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 961.64 | 606,832.04 |
| 02/28/18 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 814.64 | 606,017.40 |
| 03/15/18 | 108 | UNITED STATES TREASURY | VOIDED - DID NOT PRINT THIS CHECK - THIS TAX REMITTANCE IS REQUIRED TO BE MADE ELECTRONICALLY THROUGH THE IRS EFTPS PROCEDURES - ORDER 02/27/2018 (DOCKET 229) Voided on 03/15/2018 | 2810-000 | | 96,276.00 | 509,741.40 |
| 03/15/18 | 108 | UNITED STATES TREASURY | VOIDED - DID NOT PRINT THIS CHECK - THIS TAX REMITTANCE IS REQUIRED TO BE MADE ELECTRONICALLY THROUGH THE IRS EFTPS PROCEDURES - ORDER 02/27/2018 (DOCKET 229) Voided: check issued on 03/15/2018 | 2810-000 | | -96,276.00 | 606,017.40 |
| 03/15/18 | 109 | MISSISSIPPI DEPARTMENT OF REVENUE | 2017 CORPORATE INCOME & FRANCHISE TAX - ADMINISTRATIVE EXPENSE - ORDER 02/27/2018 (DOCKET 229) | 2820-000 | | 17,796.00 | 588,221.40 |
| 03/15/18 | 110 | ALABAMA DEPARTMENT OF REVENUE | 2018 ANNUAL BUSINESS PRIVILEGE TAX - ADMINISTRATIVE EXPENSE - ORDER 02/27/2018 (DOCKET 229) | 2820-000 | | 110.00 | 588,111.40 |
| 03/15/18 | 111 | OFFICE OF THE UNITED STATES TRUSTEE | U.S. TRUSTEE QUARTERLY FEES - ADMINISTRATIVE EXPENSE - CLAIM #1 - ORDER 02/27/2018 (DOCKET 229) | 2950-000 | | 325.00 | 587,786.40 |
| 03/15/18 | 112 | EILEEN N. SHAFFER | ATTORNEY FOR TRUSTEE - ORDER 02/27/2018 (DOCKET 230) | | | 4,684.84 | 583,101.56 |
| | | | FEES $4,647.50 | 3210-000 | | | |
| | | | EXPENSES $37.34 | 3220-000 | | | |
| 03/15/18 | 113 | WATKINS & EAGER, PLLC | ATTORNEY FOR TRUSTEE - ORDER 02/27/2018 (DOCKET 231) | | | 13,636.24 | 569,465.32 |
| | | | FEES $12,468.00 | 3210-000 | | | |
| | | | EXPENSES $1,168.24 | 3220-000 | | | |
| 03/15/18 | 114 | STEPHEN SMITH & COMPANY, P.C. | CPA FOR TRUSTEE - ORDER 02/27/2018 (DOCKET 232) | | | 1,084.00 | 568,381.32 |

Page Subtotals:   $0.00   $42,953.34

## Form 2

## Cash Receipts And Disbursements Record

Exhibit 9

Page: 3

| Case No.: | 16-01156-JAW | Trustee Name: | Stephen Smith (440020) |
| Case Name: | ALABAMA-MISSISSIPPI FARM INC. | Bank Name: | Mechanics Bank |
| Taxpayer ID #: | **-***0259 | Account #: | ******2366 Checking Account |
| For Period Ending: | 08/20/2021 | Blanket Bond (per case limit): | $33,683,348.00 |
| | | Separate Bond (if applicable): | N/A |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Trans. Date | Check or Ref. # | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposit $ | Disbursement $ | Account Balance |
| | | | FEES $1,050.00 | 3310-000 | | | |
| | | | EXPENSES $34.00 | 3320-000 | | | |
| 03/30/18 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 859.54 | 567,521.78 |
| 04/02/18 | | UNITED STATES TREASURY | ADMINISTRATIVE EXPENSE - 2017 CORPORATE INCOME TAXES DUE THE I.R.S. - REQUIRED TO BE REMITTED THROUGH THE I.R.S. ELECTRONIC FUNDS TAX PAYMENT SYSTEM (EFTPS) | 2810-000 | | 96,276.00 | 471,245.78 |
| 04/05/18 | | MISSISSIPPI DEPARTMENT OF REVENUE | CORPORATE INCOME TAX REFUND | 2820-000 | | -366.33 | 471,612.11 |
| 04/30/18 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 655.62 | 470,956.49 |
| 05/31/18 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 745.20 | 470,211.29 |
| 06/29/18 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 653.78 | 469,557.51 |
| 07/31/18 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 720.41 | 468,837.10 |
| 08/31/18 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 696.83 | 468,140.27 |
| 09/26/18 | 115 | WATKINS & EAGER, PLLC | ATTORNEY FOR TRUSTEE FEES - ORDER 09/25/2018 (DOCKET 296) | 3210-000 | | 6,240.00 | 461,900.27 |
| 09/28/18 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 359.11 | 461,541.16 |
| 10/31/18 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 417.79 | 461,123.37 |
| 06/27/19 | 116 | WATKINS & EAGER, PLLC | ATTORNEY FOR TRUSTEE FEES - ORDER 06/26/2019 (DOCKET #321) | 3210-000 | | 23,956.00 | 437,167.37 |
| 06/27/19 | 117 | EILEEN N. SHAFFER | ATTORNEY FOR TRUSTEE - ORDER 06/26/2019 (DOCKET #322) | | | 7,585.25 | 429,582.12 |
| | | | FEES $7,547.50 | 3210-000 | | | |
| | | | EXPENSES $37.75 | 3220-000 | | | |
| 06/27/19 | 118 | STEPHEN SMITH & COMPANY, P.C. | CPA FOR TRUSTEE FEES - ORDER 06/26/2019 (DOCKET #323) | 3310-000 | | 750.00 | 428,832.12 |
| 06/27/19 | 119 | MISSISSIPPI DEPARTMENT OF REVENUE | ADMINISTRATIVE EXPENSE STATE FRANCHISE TAXES - 2018 TAX YEAR - ORDER 06/26/2019 (DOCKET #324) | 2820-000 | | 34.00 | 428,798.12 |
| 06/27/19 | 120 | ALABAMA DEPARTMENT OF REVENUE | ADMINISTRATIVE EXPENSE TAXES - 2019 BUSINESS PRIVILEGE TAX - ORDER 06/26/2019 (DOCKET #324) | 2820-000 | | 110.00 | 428,688.12 |
| 07/31/19 | | Transition Transfer Debit | | 9999-000 | | 428,688.12 | 0.00 |

Page Subtotals:      $0.00      $568,381.32

{ } Asset Reference(s)      UST Form 101-7-TDR ( 10 /1/2010)      ! - transaction has not been cleared

## Form 2

## Cash Receipts And Disbursements Record

**Exhibit 9**

Page: 4

| | |
|---|---|
| Case No.: | 16-01156-JAW |
| Case Name: | ALABAMA-MISSISSIPPI FARM INC. |
| Taxpayer ID #: | **-***0259 |
| For Period Ending: | 08/20/2021 |

| | |
|---|---|
| Trustee Name: | Stephen Smith (440020) |
| Bank Name: | Mechanics Bank |
| Account #: | ******2366 Checking Account |
| Blanket Bond (per case limit): | $33,683,348.00 |
| Separate Bond (if applicable): | N/A |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Trans. Date | Check or Ref. # | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposit $ | Disbursement $ | Account Balance |
| | | COLUMN TOTALS | | | 725,974.56 | 725,974.56 | $0.00 |
| | | Less: Bank Transfers/CDs | | | 0.00 | 428,688.12 | |
| | | Subtotal | | | 725,974.56 | 297,286.44 | |
| | | Less: Payments to Debtors | | | | 0.00 | |
| | | NET Receipts / Disbursements | | | $725,974.56 | $297,286.44 | |

{ } Asset Reference(s)       UST Form 101-7-TDR ( 10 /1/2010)                    ! - transaction has not been cleared

# Form 2

**Exhibit 9**

Page: 5

## Cash Receipts And Disbursements Record

| | | |
|---|---|---|
| **Case No.:** | 16-01156-JAW | |
| **Case Name:** | ALABAMA-MISSISSIPPI FARM INC. | |
| **Taxpayer ID #:** | **-***0259 | |
| **For Period Ending:** | 08/20/2021 | |

| | | |
|---|---|---|
| **Trustee Name:** | Stephen Smith (440020) | |
| **Bank Name:** | People's United Bank | |
| **Account #:** | ********0809 Checking Account | |
| **Blanket Bond (per case limit):** | $33,683,348.00 | |
| **Separate Bond (if applicable):** | N/A | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Trans. Date | Check or Ref. # | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposit $ | Disbursement $ | Account Balance |
| 07/31/19 | | Transfer from 0061 to 0809 | Transfer from 0061 to 0809 | 9999-000 | 428,688.12 | | 428,688.12 |
| 08/08/19 | 10121 | DOUGLAS C. NOBLE | INTERIM DISTRIBUTION ON CLAIM #2 - ATTORNEY LIEN OF PRUITT & PRUITT, PA - ORDER 07/18/2019 (DOCKET #331) | 7100-000 | | 81,047.39 | 347,640.73 |
| 08/08/19 | 10122 | WILLIAM HARRISON | INTERIM DISTRIBUTION ON CLAIM #2 - ORDER 07/18/2019 (DOCKET #331) | 7100-000 | | 72,984.21 | 274,656.52 |
| 08/08/19 | 10123 | THE ESTATE OF BRUCE L. JOHNSON (DECEASED) | INTERIM DISTRIBUTION ON CLAIM #2 - ORDER 07/18/2019 (DOCKET #331) | 7100-000 | | 72,984.21 | 201,672.31 |
| 08/08/19 | 10124 | MICHAEL L. KING | INTERIM DISTRIBUTION ON CLAIM #2 - ORDER 07/18/2019 (DOCKET #331) | 7100-000 | | 72,984.21 | 128,688.10 |
| 02/24/20 | 10125 | WATKINS & EAGER, PLLC | ATTORNEY FOR TRUSTEE - ORDER 02/24/2020 | | | 60,877.29 | 67,810.81 |
| | | | FEES $60,780.00 | 3210-000 | | | |
| | | | EXPENSES $97.29 | 3220-000 | | | |
| 03/31/20 | | United Bank | Bank and Technology Services Fee | 2600-000 | | 54.19 | 67,756.62 |
| 04/01/20 | | To Account # xxxxxx0809 | Transfer of funds due to partner bank servicer transition | 9999-000 | | 67,756.62 | 0.00 |

| | | |
|---|---|---|
| **COLUMN TOTALS** | 428,688.12 | 428,688.12 |
| Less: Bank Transfers/CDs | 428,688.12 | 67,756.62 |
| **Subtotal** | 0.00 | 360,931.50 |
| Less: Payments to Debtors | | 0.00 |
| **NET Receipts / Disbursements** | $0.00 | $360,931.50 |

Account Balance: $0.00

---

# Form 2

## Cash Receipts And Disbursements Record

Exhibit 9
Page: 6

| Case No.: | 16-01156-JAW | Trustee Name: | Stephen Smith (440020) |
| --- | --- | --- | --- |
| Case Name: | ALABAMA-MISSISSIPPI FARM INC. | Bank Name: | Metropolitan Commercial Bank |
| Taxpayer ID #: | **-***0259 | Account #: | ******2732 Checking Account |
| For Period Ending: | 08/20/2021 | Blanket Bond (per case limit): | $33,683,348.00 |
| | | Separate Bond (if applicable): | N/A |

| 1 | 2 | 3 | 4 | Uniform Tran. Code | 5 | 6 | 7 |
| --- | --- | --- | --- | --- | --- | --- | --- |
| Trans. Date | Check or Ref. # | Paid To / Received From | Description of Transaction | | Deposit $ | Disbursement $ | Account Balance |

**(No transactions on file for this period)**

| | | | | | | |
| --- | --- | --- | --- | --- | --- | --- |
| | COLUMN TOTALS | | | 0.00 | 0.00 | $0.00 |
| | Less: Bank Transfers/CDs | | | 0.00 | 0.00 | |
| | Subtotal | | | 0.00 | 0.00 | |
| | Less: Payments to Debtors | | | | 0.00 | |
| | NET Receipts / Disbursements | | | $0.00 | $0.00 | |

## Form 2

Exhibit 9

Page: 7

## Cash Receipts And Disbursements Record

| Case No.: | 16-01156-JAW | Trustee Name: | Stephen Smith (440020) |
|---|---|---|---|
| Case Name: | ALABAMA-MISSISSIPPI FARM INC. | Bank Name: | People's United Bank |
| Taxpayer ID #: | **-***0259 | Account #: | ******0809 Checking Account |
| For Period Ending: | 08/20/2021 | Blanket Bond (per case limit): | $33,683,848.00 |
| | | Separate Bond (if applicable): | N/A |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Trans. Date | Check or Ref. # | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposit $ | Disbursement $ | Account Balance |
| 04/01/20 | | Transfer of funds | Transfer of funds from 12 digit account due to bank service change | 9999-000 | 67,756.62 | | 67,756.62 |
| 04/30/20 | | United Bank | Bank and Technology Services Fee | 2600-000 | | 108.29 | 67,648.33 |
| 05/29/20 | | People's United Bank | Bank and Technology Services Fee | 2600-000 | | 104.52 | 67,543.81 |
| 06/30/20 | | People's United Bank | Bank and Technology Services Fee | 2600-000 | | 115.15 | 67,428.66 |
| 07/31/20 | | People's United Bank | Bank and Technology Services Fee | 2600-000 | | 111.36 | 67,317.30 |
| 08/19/20 | 20126 | HARPER, RAINS, KNIGHT & COMPANY, P.A. | CPA FOR TRUSTEE - ORDER 08/14/2020 | | | 1,404.70 | 65,912.60 |
| | | | FEES | 3310-000 | | | |
| | | | $1,377.50 | | | | |
| | | | EXPENSES | 3320-000 | | | |
| | | | $27.20 | | | | |
| 08/31/20 | | People's United Bank | Bank and Technology Services Fee | 2600-000 | | 103.41 | 65,809.19 |
| 09/30/20 | | People's United Bank | Bank and Technology Services Fee | 2600-000 | | 112.20 | 65,696.99 |
| 10/06/20 | {2} | ATTORNEYS INSURANCE MUTUAL OF THE SOUTH, INC. | SETTLEMENT PROCEEDS - LEGAL MALPRACTICE CLAIM | 1149-000 | 125,000.00 | | 190,696.99 |
| 10/09/20 | 20127 | LAW OFFICE OF JERRY M. BLEVINS | ATTORNEY FOR TRUSTEE - ORDER 09/09/2020 | | | 51,357.69 | 139,339.30 |
| | | | FEES | 3210-000 | | | |
| | | | $50,000.00 | | | | |
| | | | EXPENSES | 3220-000 | | | |
| | | | $1,357.69 | | | | |
| 10/30/20 | | People's United Bank | Bank and Technology Services Fee | 2600-000 | | 214.40 | 139,124.90 |
| 11/30/20 | | People's United Bank | Bank and Technology Services Fee | 2600-000 | | 214.95 | 138,909.95 |
| 12/31/20 | | People's United Bank | Bank and Technology Services Fee | 2600-000 | | 244.25 | 138,665.70 |
| 01/29/21 | | People's United Bank | Bank and Technology Services Fee | 2600-000 | | 214.81 | 138,450.89 |
| 02/02/21 | 20128 | EILEEN N. SHAFFER | ATTORNEY FOR TRUSTEE FEES & EXPENSES - ORDER 02/02/2021 | | | 2,285.55 | 136,165.34 |
| | | | FEES | 3210-000 | | | |
| | | | $2,255.00 | | | | |
| | | | EXPENSES | 3220-000 | | | |
| | | | $30.55 | | | | |
| 02/26/21 | | People's United Bank | Bank and Technology Services Fees | 2600-000 | | 205.39 | 135,959.95 |
| 03/14/21 | 20129 | Watkins & Eager, PLLC | Attorney for Trustee - Order 03/12/2021 | | | 23,375.39 | 112,584.56 |
| | | | Fees | 3210-000 | | | |
| | | | $21,651.00 | | | | |

Page Subtotals:  $192,756.62  $80,172.06

{ } Asset Reference(s)     UST Form 101-7-TDR ( 10 /1/2010)                    ! - transaction has not been cleared

# Form 2

Exhibit 9

## Cash Receipts And Disbursements Record

Page: 8

| | | |
|---|---|---|
| Case No.: | 16-01156-JAW | |
| Case Name: | ALABAMA-MISSISSIPPI FARM INC. | |
| Taxpayer ID #: | **-***0259 | |
| For Period Ending: | 08/20/2021 | |

| | |
|---|---|
| Trustee Name: | Stephen Smith (440020) |
| Bank Name: | People's United Bank |
| Account #: | ******0809 Checking Account |
| Blanket Bond (per case limit): | $33,683,348.00 |
| Separate Bond (if applicable): | N/A |

| 1 | 2 | 3 | 4 | | Uniform Tran. Code | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|---|
| Trans. Date | Check or Ref. # | Paid To / Received From | Description of Transaction | | | Deposit $ | Disbursement $ | Account Balance |
| | | | Expenses | $1,724.39 | 3220-000 | | | |
| 03/26/21 | 20130 | HARPER, RAINS, KNIGHT & COMPANY, P.A. | CPA for Trustee - Order 03/26/2021 | | | | 1,157.20 | 111,427.36 |
| | | | Fees | $1,130.00 | 3310-000 | | | |
| | | | Expenses | $27.20 | 3320-000 | | | |
| 03/31/21 | | People's United Bank | Bank and Technology Services Fees | | 2600-000 | | 223.40 | 111,203.96 |
| 07/14/21 | 20131 | Stephen Smith | Trustee Commission - Order 06/29/2021 | | 2100-000 | | 45,850.00 | 65,353.96 |
| 07/14/21 | 20132 | Law Offices of Craig M. Geno, PLLC | Chapter 11 Attorney Fees for Debtor-In-Possession | | 6210-000 | | 4,012.41 | 61,341.55 |
| 07/14/21 | 20133 | William Harrison | Claim No. 2 - Order 06/29/2021 | | 7100-000 | | 20,447.18 | 40,894.37 |
| 07/14/21 | 20134 | Estate of Bruce L. Johnson, Deceased | Claim No. 2 - Order 06/29/2021 | | 7100-000 | | 20,447.18 | 20,447.19 |
| 07/14/21 | 20135 | Michael L. King | Claim No. 2 - Order 06/29/2021 | | 7100-000 | | 20,447.19 | 0.00 |

| | | | |
|---|---|---|---|
| COLUMN TOTALS | | 192,756.62 | 192,756.62 | $0.00 |
| Less: Bank Transfers/CDs | | 67,756.62 | 0.00 | |
| Subtotal | | 125,000.00 | 192,756.62 | |
| Less: Payments to Debtors | | | 0.00 | |
| NET Receipts / Disbursements | | $125,000.00 | $192,756.62 | |

# Form 2

## Cash Receipts And Disbursements Record

Exhibit 9
Page: 9

| | | |
|---|---|---|
| **Case No.:** | 16-01156-JAW | |
| **Case Name:** | ALABAMA-MISSISSIPPI FARM INC. | |
| **Taxpayer ID #:** | **-***0259 | |
| **For Period Ending:** | 08/20/2021 | |

| | |
|---|---|
| **Trustee Name:** | Stephen Smith (440020) |
| **Bank Name:** | People's United Bank |
| **Account #:** | ******0809 Checking Account |
| **Blanket Bond (per case limit):** | $33,683,348.00 |
| **Separate Bond (if applicable):** | N/A |

| TOTAL - ALL ACCOUNTS | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCES |
|---|---|---|---|
| ******2366 Checking Account | $725,974.56 | $297,286.44 | $0.00 |
| ********0809 Checking Account | $0.00 | $360,931.50 | $0.00 |
| ******2732 Checking Account | $0.00 | $0.00 | $0.00 |
| ******0809 Checking Account | $125,000.00 | $192,756.62 | $0.00 |
| | $850,974.56 | $850,974.56 | $0.00 |

*Exibit M*



**SO ORDERED,**

**Judge Jamie A. Wilson**
**United States Bankruptcy Judge**
Date Signed: October 20, 2021

**The Order of the Court is set forth below. The docket reflects the date entered.**

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

**IN RE:**

**HERITAGE REAL ESTATE INVESTMENT, INC.,**        **CASE NO. 14-03603-JAW**

**DEBTOR.**        **CHAPTER 7**

TO:    Luke Edwards
       314 Edwards Drive
       Eutaw, AL  35462

### ORDER TO SHOW CAUSE

YOU ARE HEREBY ORDERED TO APPEAR in person on November 15, 2021, at 2:00 p.m.,

in the United States Courthouse, Bankruptcy Courtroom 4C, 501 East Court Street, Jackson,

Mississippi (the "Show Cause Hearing"), to show cause why sanctions or other relief should not

be imposed against you because you filed in the bankruptcy case of an affiliated debtor, Alabama-

Mississippi Farm, Inc. ("AL-MS Farm"), Case No. 16-01156-JAW (the "AL-MS Farm Case"), a

document entitled the "Whistleblower Protection Act" (the "Whistleblower Document") (AL-MS

Farm Case Dkt. #414)[1] and the Response to the Courts [sic] Evidentiary Hearing Request by

---

[1] Citations to docket entries in the AL-MS Farm Case are cited as "(AL-MS Farm Case Dkt. #__)"; citations to docket entries in the above-referenced bankruptcy case (the "Heritage Case") are cited as "(Heritage Case Dkt. #__)"; and citations to docket entries in the separate but related adversary proceeding, *Stephen Smith, as Trustee for the Estate of Heritage Real Estate Investment, Inc. v. Bishop Luke Edwards*, Adv. Proc. 20-00034-NPO, are cited as "(Adv. Dkt. #__)".

October 5, 2021 (the "Response") (AL-MS Farm Case Dkt. #422, #423).[2] In the Whistleblower Document, you accused Bruce L. Johnson, Michael L. King, and William Harrison (the "Harrison Parties") of conducting a "continual criminal enterprise . . . targeting rural farm land owners." (AL-MS Farm Case Dkt. #414). You further alleged that an Alabama judge acted in concert with the Harrison Parties "to steal" $6,599,648.00 from you. In the Response, you referred to a "Whistle Blower complaint" against those engaged in a "pre-meditated scheme to take someone's property." (AL-MS Farm Case Dkt. #422, #423). You identified the movants as yourself, Heritage Real Estate Investment, Inc. ("Heritage"), AL-MS Farm, and Apostolic Advancement and named the Harrison Parties as the respondents.

Previously, in the Order Resolving Orders to Show Cause (the "Heritage Order") entered on February 4, 2021 (Heritage Case Dkt. #593), the Court struck the Notice of Motion Pursuant to Rule 60(d)(3) & 60(b)(4) (the "Notice") (Heritage Case Dkt. #523) that you filed in the Heritage Case because it contained scandalous and defamatory material. *See* 11 U.S.C. § 107(b)(2); FED. R. BANKR. P. 9018. You alleged in the Notice that this Court "has been tagged in a Continuing Criminal Enterprise Operation of stealing land and laundering the property" and stated that "[t]o further execute the purchase, sell, auction or any other advancement of the [Bankruptcy C]ase will result in the participating state [*sic*] employees be[ing] included in the investigation and prosecution." (Heritage Case Dkt. #523 ¶ 1). In the Heritage Order, the Court warned you that you "shall be held responsible for the contents of any pleading, motion, or paper filed in the Bankruptcy Case that bears [your] signature." (Heritage Case Dkt. #593 at 14). Moreover, in the final judgment entered in a separate but related adversary proceeding, *Stephen Smith as Trustee for the Estate of*

---

[2] The Response was filed twice on the docket, first when it was hand delivered to the Clerk's office (AL-MS Farm Case Dkt. #422) and second when it was received by the Clerk's office in the U.S. mail (AL-MS Farm Case Dkt. #423).

*Heritage Real Estate Investment, Inc.,* Adv. Proc. 20-00034-NPO, this Court entered a permanent injunction prohibiting you from "acting individually or in active concert or participation with any Church-related entity from pursuing any claims whatsoever on behalf of Heritage" or "from pursuing any claims that belong to the bankruptcy estate[] of Heritage" (the "Permanent Injunction") (Adv. Dkt. #32).

Your allegations of criminal conduct in the Whistleblower Document and the Response are similar to those contained in the Notice that the Court struck from the docket because they constituted scandalous and defamatory matter. Also, you identified Heritage as one of the movants in the Response, when the Permanent Injunction clearly enjoins you from pursuing any claims on behalf of Heritage. Recently, in the Order Granting Motion for Contempt and Striking "Whistleblower" Document and Response (AL-MS Farm Dkt. #425) entered in the AL-MS Farm Case, the Court struck the Whistleblower Document and the Response from the docket but did not issue any sanctions against you. The purpose of the Show Cause Hearing is to determine whether additional actions should be taken against you in the Heritage Case with respect to the filing of the Whistleblower Document and the Response.

IT IS, THEREFORE, ORDERED that the Show Cause Hearing shall take place on November 15, 2021, at 2:00 p.m., in the United States Courthouse, Bankruptcy Courtroom 4C, 501 East Court Street, Jackson, Mississippi

IT IS FURTHER ORDERED that at the Show Cause Hearing, the Court may take some or all of the following actions:

(1)    Imposing monetary sanctions against you;

Page 3 of 4

(2)   Requiring you to pay the attorney's fees and expenses incurred by other parties during the course of this matter, including those associated with any appeal; and/or

(3)   Recommending that the U.S. District Court for the Southern District of Mississippi withdraw the reference in the Bankruptcy Case pursuant to 28 U.S.C. § 157(d) for the limited purpose of considering civil or criminal proceedings against you.

##END OF ORDER##

Exhibit N

**ASSET, DEFER, NODISCH, Exhibits, APPEAL**

# U.S. Bankruptcy Court
## Southern District of Mississippi (Jackson–3 Divisional Office)
## Bankruptcy Petition #: 14–03603–NPO

|  |  |
|---|---|
| *Date filed:* | 11/06/2014 |
| *Date converted:* | 01/21/2015 |
| *341 meeting:* | 05/21/2015 |
| *Deadline for filing claims:* | 06/03/2015 |
| *Deadline for filing claims (govt.):* | 07/20/2015 |

*Assigned to:* Neil P. Olack
Chapter 7
Previous chapter 11
Original chapter 11
Voluntary
Asset

*Debtor disposition:* Discharge Not Applicable

**Debtor**
**Heritage Real Estate Investment, Inc.**
4607 8th Street
Meridian, MS 39307
LAUDERDALE–MS
Tax ID / EIN: 64–0787629

represented by **Craig M. Geno**
Law Offices of Craig M. Geno, PLLC
587 Highland Colony Pkwy.
Ridgeland, MS 39157
601 427–0048
Fax : 601–427–0050
Email: cmgeno@cmgenolaw.com

**Alan Lee Smith**
Baker Donelson Bearman Caldwell
4268 I–55 North
Meadowbrook Office Park
Jackson, MS 39211
601 351–8932
Email: asmith@bakerdonelson.com
*TERMINATED: 01/07/2020*

**Van D Turner, Jr**
Bruce Turner, PLLC
2650 Thousand Oaks Boulevard
Ste 2325
Memphis, TN 38118
901–290–6613
Fax : 901–290–6611
Email: vturner@bruceturnerlaw.net

**Trustee**
**Stephen Smith**
1052 Highland Colony Pkwy
Suite 100
Ridgeland, MS 39157
601–605–0722

represented by **Jamie Planck Martin**
Taggart, Rimes and Graham, PLLC
1022 Highland Colony Parkway
Ste 101
Ridgeland, MS 39157
601–898–8400

**Eileen N. Shaffer**
Eileen N. Shaffer
PO Box 1177
Jackson, MS 39215–1177
601 969–3006
Fax : 601–949–4002
Email: eshaffer@eshaffer–law.com

**Eileen N. Shaffer A3**
P. O. Box 1177
Jackson, MS 39215–1177
601–969–3006
Fax : 601–949–4002
Email: enslaw@bellsouth.net

**Eileen N. Shaffer A4**
P. O. Box 1177
Jackson MS, MS 39215–1177
601–969–3006
Fax : 601–949–4002
Email: eshaffer@eshaffer–law.com

**Jim F. Spencer, Jr.**
Watkins & Eager PLLC
Post Office Box 650
Jackson, MS 39205–0650
601–965–1976
Fax : 601–354–3623
Email: jspencer@watkinseager.com

*U.S. Trustee*
**United States Trustee**
501 East Court Street
Suite 6–430
Jackson, MS 39201
(601) 965–5241

represented by **Christopher J. Steiskal, Sr.**
United States Trustee
501 East Court Street, Suite 6–430
Jackson, MS 39201
601–965–5241
Fax : 601–965–5226
Email: christopher.j.steiskal@usdoj.gov

| Filing Date | # | Docket Text |
|---|---|---|
| 10/05/2020 | 497 | Motion to Sell Property Free and Clear of Liens under Section 363(f) *(177+/− Acres & 564+/− Acres, Sumter Co., AL)*. Fee Amount $181 Filed by Trustee Stephen Smith (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Proposed Order) (Shaffer, Eileen) (Entered: 10/05/2020) |
| 10/05/2020 | 498 | Notice Allowing 21 Days to File Written Objection/Response. Date of Service: 10/5/2020 Filed by Trustee Stephen Smith (RE: related document(s)497 Motion to Sell Property Free and Clear of Liens under Section 363(f) *(177+/− Acres & 564+/− Acres, Sumter Co., AL)*. Fee Amount $181 Filed by Trustee Stephen Smith (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Proposed Order)). **Objections due 10/26/2020. Note: See Fed. R. Bankr. P. 9006(f). Three additional days may be allowed for qualifying parties.** (Shaffer, Eileen) (Entered: 10/05/2020) |
| 10/05/2020 | 499 | Receipt of Motion to Sell Property Free and Clear of Liens Under Section 363(f)( 14–03603–NPO) [motion,msell] ( 181.00) Filing Fee. Receipt number A12775322. Fee amount 181.00. (re: Doc# 497) (U.S. Treasury) (Entered: 10/05/2020) |
| 10/08/2020 | 502 | Response to (related document(s): 497 Motion to Sell Property Free and Clear of Liens under Section 363(f) *(177+/− Acres & 564+/− Acres, Sumter Co., AL)*. Fee Amount $181 filed by Trustee Stephen Smith) Filed by Creditors Bayview Loan Servicing, LLC, IB Property Holdings, LLC (Henderson, Derek) (Entered: 10/08/2020) |

| | | | |
|---|---|---|---|
| 10/14/2020 | | <u>503</u> | Notice of Hearing (RE: related document(s)<u>497</u> Motion to Sell Property Free and Clear of Liens Under Section 363(f) filed by Trustee Stephen Smith and <u>502</u> Response filed by Bayview Loan Servicing LLC and IB Property Holdings, LLC) Hearing to be held on 11/3/2020 at 03:00 PM – Telephonic Hearing – for <u>497</u> <u>502</u> (Ramage, Candice) (Entered: 10/14/2020) |
| 10/26/2020 | | <u>508</u> | Response to (related document(s): <u>497</u> Motion to Sell Property Free and Clear of Liens under Section 363(f) *(177+/– Acres & 564+/– Acres, Sumter Co., AL)*. Fee Amount $181 filed by Trustee Stephen Smith) Filed by Creditors William Harrison, Bruce L. Johnson, Michael L King (Rawlings, Jeff) (Entered: 10/26/2020) |
| 10/27/2020 | | <u>510</u> | Notice of Hearing (RE: related document(s) <u>497</u> Motion to Sell Property Free and Clear of Liens Under Section 363(f) filed by Trustee Stephen Smith and <u>508</u> Response filed by Creditor William Harrison, Creditor Bruce L. Johnson, Creditor Michael L King) Hearing to be held on 11/3/2020 at 03:00 PM – Telephonic Hearing – for <u>497</u> <u>508</u>, (Ramage, Candice) (Entered: 10/27/2020) |
| 10/29/2020 | | <u>512</u> | Notice Converting November 3, 2020 Telephonic Hearing to an *In–Person* Hearing (Attachments: # <u>1</u> Notice) (Ramage, Candice) (Entered: 10/29/2020) |
| 11/02/2020 | | <u>518</u> | Agreed Order Granting Motion To Sell Property Free and Clear of Liens (Related Doc # <u>497</u> Trustee's Motion, #<u>502</u> Response by Bayview Loan Servicing and IB Property Holdings, LLC and #<u>508</u> Response by creditors William Harrison, Bruce L. Johnson and Michael L. King) [OB 2020 Vol Nov] (Santos, D) (Entered: 11/02/2020) |
| 11/16/2020 | | <u>525</u> | Motion to Reconsider (related documents <u>518</u> Order on Motion To Sell Property Free and Clear of Liens) Filed by Interested Party Dynasty Group, Inc., an Alabama Corporation (Penick, Henry). Modified on 1/28/2021 to relate to Dkt #<u>518</u> (Sanderson, Dawn). (Entered: 11/16/2020) |
| 11/17/2020 | | <u>526</u> | Notice of Hearing (RE: related document(s)<u>525</u> Motion to Reconsider filed by Interested Party Dynasty Group, Inc., an Alabama Corporation) Hearing to be held on 12/14/2020 at 03:00 PM – Telephonic Hearing – for <u>525</u>, Responses due by 12/8/2020. (Ramage, Candice) (Entered: 11/17/2020) |
| 11/18/2020 | | <u>527</u> | Notice Converting Telephonic Hearing to In–Person Hearing (RE: related document(s)<u>525</u> Motion to Reconsider filed by Interested Party Dynasty Group, Inc., an Alabama Corporation, <u>526</u> Hearing Set) (Ramage, Candice) (Entered: 11/18/2020) |
| 11/30/2020 | | <u>545</u> | Response to (related document(s): <u>525</u> Motion to Reconsider filed by Interested Party Dynasty Group, Inc., an Alabama Corporation) Filed by Trustee Stephen Smith (Spencer, Jim) (Entered: 11/30/2020) |
| 12/18/2020 | | <u>562</u> | Order Denying Motion to Reconsider (Related Doc # <u>525</u> & # <u>545</u>) (Sanderson, Dawn) (Entered: 12/18/2020) |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**

IN RE:                                                                    CHAPTER 7

HERITAGE REAL ESTATE INVESTMENT, INC.                    CASE NO. 14-03603-NPO

**MOTION FOR APPROVAL OF AUCTION CONTRACT/**
**PROPOSAL, SALE OF PROPERTY, FREE AND CLEAR OF LIENS**
**AND AUCTIONEER'S FEES AND EXPENSES**
**[177+/- Acres, Sumter County, Alabama]**
**[564+/- Acres, Sumter County, Alabama]**

**COMES NOW**, Stephen Smith, Trustee, by and through his attorney, and files this his

*Motion for Approval of Auction Contract/Proposal, Sale of Property, Free and Clear Liens and*

*for Approval of Auctioneer's Fees and Expenses*, and would show unto the Court as follows:

    1.      That Heritage Real Estate Investment, Inc. ("Heritage") filed for relief under

Chapter 11 of the United States Bankruptcy Code on November 6, 2014.

    2.      That on January 21, 2015, this Court entered an Order granting the United States

Trustee's Motion to Convert this case to a Chapter 7[1].

    3.      That Taylor Auction & Realty, Inc. was employed by this Court's Order[2] dated

June 23, 2015 to assist the Trustee in liquidating assets of Heritage. Benny Taylor, of Taylor

Auction & Realty, Inc. is a licensed Mississippi Broker/Realtor and a licensed Alabama

Broker/Realtor.

    4.      That the Trustee requests authority to enter into an *Online Only Auction*

*Contract/Proposal* with Taylor Auction & Realty, Inc. regarding the liquidation of the following

properties:

---

[1] Dkt. #75.
[2] Dkt. #155.

1

- 177+/- acres, Sumter County, Alabama. A true and correct copy of the legal description and  Plat is attached hereto as Composite **Exhibit "A"**.

- 564+/- acres, Sumter County, Alabama. A true and correct copy of the legal description and a Plat are attached hereto as Composite **Exhibit "B"**.

5.       The terms and conditions of the sale are outlined in the Auction Marketing Proposal which includes a copy of the Proposal/Contract attached hereto and incorporated herein as **Exhibit "C"**.

6.       That the advertisements of the auction will reflect that the auction is being held with a reserve[3] pursuant to the Code of Alabama 1975 §7-2-328(3), a copy of which is attached hereto as **Exhibit "D"**, the Alabama State Board of Auctioneers[4] and the Alabama Administrative Code Rules and Regulations, Chapter 150-X-1(5), a copy of which is attached hereto as **Exhibit "E"**.

7.       That there are no known perfected liens on said property.

8.       That any outstanding *ad valorem* taxes, plus accrued interest, will be paid pro rata at the closing.

9.       That Taylor Auction & Realty, Inc. is requesting compensation of a ten percent (10%) Buyer's premium assessed on the hammer price of the property, plus estimated expenses up to $16,500.00.

10.       That the on-line only bidding platform will open at a date and time to be

---

[3] Auction with reserve - any auction in which the seller or his agent reserves the right to establish a minimum bid, to accept or reject any and all bids and to withdraw the property at any time prior to the completion of the sale by the auctioneer.
[4] The Alabama State Board of Auctioneers is a state licensing and regulatory authority that oversees compliance.

2

determined.  The Trustee will file a Notice of the dates and times for the auction, no later than

ten (10) days before the auction opens, and will mail the Notice to all parties listed on the

Official Mailing Matrix on file with the Bankruptcy Court and will file a Certificate of Service

with the Bankruptcy Court. Bidders can register and bid at www.taylorauction.com on those

days.  A description and photographs of the property will be available.

      **WHEREFORE, PREMISES CONSIDERED**, Stephen Smith, Trustee, respectfully

requests that this Court enter an Order:

(i)     Approving the sale of the following property, free and clear of liens in an on-line only auction:

- 177+/- acres, Sumter County, Alabama. A true and correct copy of the legal description and Plat is attached hereto as Composite **Exhibit "A"**.

- 564+/- acres, Sumter County, Alabama. A true and correct copy of the legal description and a Plat are attached hereto as Composite **Exhibit "B"**;

(ii)    Approving the terms and conditions of the *On-line Only Auction/Contract Proposal* with the reserve;

(iii)   Granting the Trustee approval to pay the commission and expenses up to $16,500.00 to Taylor Auction & Realty, Inc. at the time of closing;

(iv)   Granting the Trustee approval to pay any outstanding *ad valorem* taxes, plus accrued interest at the time of closing; and

(v)    For such other relief as is deemed just.

Respectfully submitted,

STEPHEN SMITH
CHAPTER 7 TRUSTEE

By: _____

EILEEN N. SHAFFER
Attorney for Trustee

3



U.S. POSTAGE PAID
FCM 2-DAY
TUSCALOOSA, AL
35406
MAR 22 '22
AMOUNT

**$18.55**

R2305K134192121

20001

1004

CERTIFIED MAIL®

7020 2450 0000 0641 6619

US District Court
333 Constitution Ave NW
Washington DC 20001

Barry Walker
313 Edwards Drive
Eutaw, Alabama 35462